IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHELDON G. ADELSON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.<br>) 04-cv-10356-RCL |
| MOSHE HANANEL, | ) |
| Defendant. | ) |

FILED
IN CLERKS OFFICE

2004 JUN 14  P 4: 49

U.S. DISTRICT COURT
DISTRICT OF MASS.

## MEMORANDUM IN SUPPORT OF HANANEL'S MOTION TO DISMISS FOR FORUM NON CONVENIENS

Defendant Moshe Hananel ("Hananel") offers this Memorandum in Support of his Motion to Dismiss For Forum Non Conveniens. Pursuant to the federal doctrine of forum non conveniens, Hananel seeks a dismissal of the present action as all parties are amenable to jurisdiction in the country of Israel, the causes of action alleged by Plaintiff Sheldon Adelson ("Adelson") are available to him there, and private and public factors strongly favor Israel as the only convenient forum, particularly as there exists a prior pending Israeli litigation between Adelson and Hananel concerning the identical issue of Hananel's claim against Adelson for a share in Adelson's Macau, China casino and hotel ventures. Hananel also relies on the Affidavit of Moshe Hananel In Support Of Motions filed herewith. Hananel has also filed, simultaneously herewith, a motion to dismiss for lack of personal jurisdiction and a motion to stay proceedings (in the alternative to dismissal) with supporting memoranda.

**Procedural Background**

Adelson commenced this action on February 23, 2004 by filing a Complaint in four counts. Adelson's Complaint alleges injury from Hananel's claim for interest in investments by

Adelson and companies he controls in gambling casinos and hotels in Macau, China ("Macau claim"). Adelson failed to disclose, however, that Hananel's Macau claim <u>is the subject of an earlier-filed and still pending Israeli lawsuit</u> by Hananel against Adelson and his controlled company. Hananel Aff. ¶¶ 25-32. Adelson also fails to disclose two even earlier litigations in which Hananel and the Adelson-controlled company are parties to a suit and a countersuit (by Adelson's company) concerning all aspects of the very same employment relationship Adelson alleges in his present Complaint. *Id.* Adelson's Count 2, entitled "civil extortion," Count 3 for interference with an advantageous "business relationship," and Count 4 for "disparagement and defamation" all allegedly arise from Hananel's Macau claim, and are directed to conduct by Hananel in Israel. *See* Hananel Aff. ¶¶ 19-24.

In this motion, Hananel requests dismissal of the present action to resolve all issues in the three more convenient Israel actions involving the same parties and issues. Hananel asks this Court to conclude that Adelson's sole purpose in bringing this duplicative action in Massachusetts is to cause additional expense to Hananel and to harass him by forcing him to travel and litigate in a distant forum despite blindness and other health problems. Hananel has also filed a motion to dismiss for lack of personal jurisdiction and an alternative motion to stay proceedings pending the outcome of the prior proceedings in Israel.

### Facts

Hananel shows here that the relationship between himself and Adelson was established and performed by him in Israel and that the Macau claim arose from conduct by Hananel and Adelson in Israel and Macau. He relies on his Affidavit, Adelson's affidavit in a pending Israeli proceeding commenced in 2001 (Hananel Aff. ¶¶ 12, 26a & Exh. 1), and on a May 24, 2004

decision by an Israeli judge based on findings that Adelson has a substantial presence in Israel and is fully involved in relevant litigation there. Hananel Aff. ¶¶ 25-32 & Exh. 4.

### Adelson's Substantial Presence In Israel.

Adelson himself admits that he is a domiciliary of Nevada rather than Massachusetts, and is involved in many international business ventures for which he travels widely, including ventures in Israel, where he has an office with his wholly-owned company IPI. Cplt ¶¶ 1, 4, 11. The Hananel Affidavit lists many other contacts, including a residence, bank accounts, real estate and business investments, and systematic and continuous presence in Israel for business purposes. Hananel Aff. ¶¶ 12-24. An Israeli judge has made findings summarizing Adelson's substantial presence in Israel (and Adelson's involvement in the three pending Israeli litigations discussed below). Hananel Aff. ¶¶ 29-32 & Exh. 4.

### Hananel's Lack Of Contacts With Massachusetts And Inconvenience Of Travel.

Hananel respectfully asks the Court to consider the facts and arguments stated in his Memorandum in Support of his Motion to Dismiss for Lack of Personal Jurisdiction as a full statement of his lack of contacts with Massachusetts. By contrast with Adelson's substantial presence in Israel, Hananel has no personal or ongoing business contacts with Massachusetts and no resources in the United States to support activity here. Hananel Aff. ¶¶ 6-7. He has not visited the United States for any purpose since 2000. *Id.* He has medical difficulties, including being legally blind, which make it difficult to travel to the United States for trial. *Id.* ¶¶ 3-5.

### Litigation Pending In Israel

Perhaps the most significant set of facts relevant to the relative convenience of Israel and Massachusetts are the extensive involvement by Adelson in litigation with Hananel in three pending litigations which began nearly three years ago in Israel. The Hananel Affidavit describes

these litigations and their status in detail at ¶¶ 25-32. From these facts it can be seen that the Macau claim and all subsidiary issues asserted by Adelson in his Massachusetts Complaint are the subject of one or more of these litigations. (Indeed, the Israeli judge has stated that the 2001 suit should be consolidated with the 2003 suit because the issues are similar, and judicial economy and the desire to avoid conflicting rulings support consolidation. Hananel Aff. ¶ 32 & Exh. 4) Of additional significance is the fact that Adelson, in the course of hundreds of pages of filings in Israel including his own affidavit, never once mentioned Massachusetts as the location of any significant events. Moreover, he has never previously mentioned the existence of <u>any</u> witnesses to his agreements with Hananel, much less the existence of any witnesses located in Massachusetts. Hananel Aff. ¶ 26.

From the above facts, it may be concluded that Adelson filed the present action knowing it to be entirely duplicative, untimely, and merely a response to Hananel's 2003 suit in Israel intending to drive up Hananel's expenses and hinder the resolution of his claims.

### Argument

**I.   THE POLICY OF FORUM NON CONVENIENS REQUIRES DISMISSAL OF THIS ACTION.**

**A.   STANDARDS OF DECISION.**

The United States Supreme Court has established the doctrine of <u>forum non conveniens</u> to deal with cases where a plaintiff commences an action in the courts of the United States which, on equitable grounds, should properly be pursued in another forum, including in a foreign country. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 250 (1981); *Mercier v. Sheraton Int'l, Inc.,* 981 F.2d 1345, 1349 (1st Cir. 1992), *cert. den.,* 502 U.S. 1095; *Iragorri v. International Elevator, Inc.,* 203 F.3d 8, 12-18 (2000). A dismissal on the ground of forum non conveniens is committed to the sound discretion of the trial judge. *Mercier, supra,* 981 F.2d at 1349. The moving defendant, Hananel, bears the burden of establishing that (1) there is an adequate

alternative forum and (2) the "likelihood of serious unfairness to the parties in the absence of a transfer to the alternative forum." *Id. See also Champion Exposition Servs., Inc. v. Hi-Tech Electric, LLC*, 273 F.Supp.2d 172, 180 (D. Mass. 2003)(discretion and standards). Hananel follows the outline of analysis set forth in *Mercier*, 981 F.3d at 1349-1358.

### B.   ISRAEL IS AN AVAILABLE ADEQUATE ALTERNATIVE FORUM.

#### 1.   Israel is an available forum.

An alternative forum "available" if the defendant is subject to jurisdiction there. *Mercier, supra,* 981 F.2d at 1349. Hananel satisfies this test because he is a resident of Israel and indisputably subject to jurisdiction there; indeed, in the 2003 suit in Israel, he has raised the Macau claim fully.

#### 2.   Israel is an adequate forum.

An alternative forum is adequate unless the available remedies are clearly inadequate or unsatisfactory. *Mercier*, 981 F.3d at 1350. A full set of remedies is available to Adelson in Israel, including the injunctive relief and damages he seeks, as shown by his substantial presence in Israel and his participation in the pending 2003 lawsuit in Israel concerning the Macau claim and in other lawsuits concerning his business relationship with Hananel, which is the subject of many paragraphs of Adelson's Complaint in this Court. Adelson has not contended, nor can he reasonably contend, that the Israeli court cannot provide him with the injunctive relief and damages which he seeks in his Complaint, and cannot deny that the Israeli court has the Macau claim before it in the 2003 suit. It is therefore certain that the Israeli court will take cognizance of the dispute and provide adequate remedies if Adelson prevails. *See Mercier*, 981 F.3d at 1351 (finding that foreign court would take cognizance of dispute and afford remedies).

In *Diatronics, Inc. v. Elbit Computers, Ltd.*, 649 F. Supp. 122 (S.D.N.Y. 1986) the court, in granting a motion to dismiss for forum non conveniens and on other grounds, held that Israel was an "adequate alternative forum" for a securities dispute. *Id.* at 127. To the plaintiff's argument that the litigation should remain in the United States because the plaintiff was a United

States corporation, the court replied:

> The fact that the plaintiff is a United States corporation, does not prevent dismissal of the action, since an American citizen does not have an absolute right to sue in an American court. *See Ionescu v. E. F. Hutton & Co. (France) S.A.*, 465 F. Supp. 139, 145 (S.D.N.Y. 1979) ("[P]arties who choose to engage in international transactions . . . cannot expect always to bring their foreign opponents into a United States forum when every reasonable consideration leads to the conclusion that the site of the litigation should be elsewhere.")

*Id.* at 129.[1] This precedent and reasoning are directly applicable to Adelson in the present case.

### C.    ISRAEL IS A CONVENIENT FORUM NECESSARY TO AVOID UNFAIRNESS.

The next "inquiry is whether the alternative forum is sufficiently more convenient for the parties as to make transfer necessary to avoid serious unfairness," and the inquiry has six elements (excluding a forum selection clause, not existing in the present case). *Mercier*, 981 F.3d at 1354.

#### 1.    Adelson has little interest in Massachusetts.

The district court must consider an American citizen's choice of forum as a factor, and a full consideration of other factors will demonstrate that this choice was given sufficient weight. *Id.* at 1355. Here, Adelson's domicile is in Nevada, his business interests are in Nevada and international, including a substantial presence in Israel, and his choice of forum should be given less weight.

#### 2.    Little connection exists between the dispute and Massachusetts.

The attenuated connection between the particular forum in the United States can be weighed. *Mercier*, 981 F.3d at 1355. Here, as set forth in this memorandum and more particularly in Hananel's Memorandum in Support of his Motion to Dismiss for Lack of Personal Jurisdiction filed herewith, there is no connection between the Macau claim and

---

[1]    Although the parties in *Diatronics* had a forum selection clause favoring Israel in their contract, the court reviewed forum non conveniens factors and based its ruling on that doctrine as an alternative. The court noted, for example, that, as in the present case, a key employee of the plaintiff would certainly travel to Israel for the trial, and had been there several times before so it "does not seem unjust to require him to travel to Israel again." 649 F. Supp. at 129. The same would be true of Adelson. Moreover, the Israeli defendant Elbit had already instituted an action in Israel concerning the contract at issue, and the plaintiff Diatronics had reserved its right to bring counterclaims there. *Id.* at 129 & n. 13.

Massachusetts, and Adelson has never before claimed such a connection during nearly three years of litigation in Israel.

### 3. Witnesses and documents are conveniently available in Israel rather than in Massachusetts.

In the present case, the principal witnesses to the Macau claim will be Adelson and Hananel, and, given Adelson's substantial resources in and regular visits to Israel, balanced against Hananel's sole residence in Israel and difficulties of travel to the United States, this factor should weigh in favor of dismissal. Witnesses from Israel will be necessary.

Hananel's business relationship with Adelson was centered in Israel where Hananel served as manager of Adelson's Israeli-registered investment firm IPI. The Macau claim is based on conduct in Israel where Hananel informed Adelson of casino opportunities in Macau and supplied him with relevant materials, and as a result Adelson traveled twice <u>from Israel to Macau and back to Israel</u> in 1999 and 2000. HA.   The hundreds of documents submitted to the Israeli court over the last three years are mostly in Hebrew and certainly present in Israel.

### 4. The absence of any litigation activity in Massachusetts favors Israel.

Dismissal is favored when there has been limited activity addressing the merits in the chosen forum. *Mercier*, 981 F.3d at 1356-1357. Here, there has been no activity relating to the merits in Massachusetts, and (unlike the situation in *Mercier*) substantial activity in Israel directly addressing the merits of the business relationship between Adelson and Hananel, which Adelson admits underlies his claim. This factor one-sidedly favors dismissal in favor of the Israeli actions.

### 5. Interpretation of Israeli law favors dismissal.

It is proper to give some weight to the difficulty of interpreting the law of a foreign country. *Mercier,* 981 F.3d at 1357. Although Adelson may be expected to argue that Massachusetts law might apply, he cannot show that any employment agreement was negotiated outside of Israel, and has, by the 2002 counterclaim by IPI against Hananel, already admitted that

Israeli law governs the relationship. Accordingly, the strong likelihood that Israeli law may govern the dispute is a factor favoring dismissal.

### 6. Docket congestion is neutral.

In the absence of a strict comparison between the times to trial in Massachusetts and Israel, Hananel asks this Court to consider that the parties have been engaged in litigation in Israel since 2001 concerning the employment relationship between Hananel and Adelson, and that the issues necessary to decide the Macau claim are well advanced there. The Israeli court has recognized this advancement by tentatively ordering consolidation of the 2001 and 2003 cases for the express purposes of avoiding a waste of judicial time and the possibility of conflicting rulings on the same issues. Hananel Aff. ¶ 32. Accordingly, the goal of a prompt resolution favors Israel.

### D. INFERENCES OF HARASSMENT AND FORUM-SHOPPING SUPPORT DISMISSAL.

Hananel asks this Court to recognize, in addition to the compelling private and public factors listed above, a consideration expressly endorsed by the United States Supreme Court: that the plaintiff chose an inconvenient forum to "'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy." *Gulf Oil Corp., supra,* 330 U.S. at 508-509. Here, the Court must consider that Adelson did not file this action until after Hananel filed the 2003 Israeli suit, and that Adelson could have pursued all of his claims and remedies in Israel, either by counterclaim or in a separate action, as he caused IPI to do in the employment litigation. In that case, both sides could rely on one attorney instead of two, and could conduct discovery under a single set of court rules and in a country with subpoena power over witnesses. The Court would be fully justified in inferring that the present action was filed to intimidate Hananel and to cause him unnecessary extra expense.

## Conclusion

For all of the above reasons, the Court should dismiss this action on the grounds of forum non conveniens.

Dated: June 14, 2004

MOSHE HANANEL
By His Attorneys,

_____
James A. G. Hamilton (MA Bar # 218760)
PERKINS, SMITH & COHEN, LLP
One Beacon Street
Boston, MA  02108
617.854.4000

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 6/14/04