IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELDON G. ADELSON, | ) )  ) |
| Plaintiff, | ) ) Civil Action No. |
| v. | ) ) 04-cv-10357-RCL ) |
| MOSHE HANANEL, | ) ) ) |
| Defendant. | ) ) |

**OPPOSITION OF HANANEL TO ADELSON'S MOTION TO STRIKE**

Defendant Moshe Hananel ("Hananel") opposes the motion of Plaintiff Sheldon G. Adelson ("Adelson") to strike the first Affidavit of Moshe Hananel ("first Hananel Aff.").

1. Adelson states no grounds for striking the entire first Hananel Affidavit but limits his attack to a single paragraph and exhibit. Accordingly, the Court should not strike the entire Affidavit in any event.

2. Adelson cites only Fed. R. Evid. 408 as grounds for striking Exhibit 3, the proposed settlement agreement, and the related paragraph 24 of the first Hananel Affidavit. Rule 408, however, states in relevant part that "[t]his rule also does not require exclusion when the evidence is offered for another purpose, such as . . . negativing a contention of undue delay . . . ." The Advisory Committee Notes to the 1972 Proposed Rules states that the exception applies to "negativing a contention of lack of due diligence in presenting a claim."

3. In the present case, Adelson has occasionally contended that Hananel lacked due diligence in presenting his Macau claim. Adelson's Complaint, paragraphs 24 and 25, states: ". . . after LVSI or an affiliate first obtained approval to operate a casino in Macau, Hananel began to make claims against Adelson for an interest in the Macau project. . . . 25. Hananel

advanced for the first time the novel notion that he had an agreement with Adelson to receive an option [to share in the Macau project]."

4. Under this circumstance, the April 2001 document, Exh. 3 to the first Hananel Affidavit, is admissible to show that Adelson was aware, much earlier than he claims to have been, of Hananel's interest in casino projects like the Macau project. Indeed, the first Hananel Affidavit explicitly states the purpose of showing awareness in paragraph 24: "I believe Adelson has always been aware that he owed me a share in the Macau project." The evidence is offered to negative Adelson's contention of delay.

5. Hananel showed Adelson's early awareness to reveal to the Court what Adelson's Complaint hides: that the Macau project and Adelson's employment agreement with Hananel were <u>the subject of ongoing Israeli litigation between them</u> and that Adelson's Complaint is both duplicative and belated, which are grounds for dismissal under *forum non conveniens* grounds and grounds for a stay.

WHEREFORE, the Court should deny the Motion to Strike or limit the motion to paragraph 24 and Exhibit 3.

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on _____

MOSHE HANANEL
By His Attorneys

_____
James A. G. Hamilton (MA Bar # 218760)
PERKINS, SMITH & COHEN, LLP
One Beacon Street
Boston, MA 02108
617.854.4000

OppMotStrike-31216-1