IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELDON G. ADELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | 04-cv-10357-RCL |
| MOSHE HANANEL, ) | |
| ) | |
| Defendant. ) | |

## OPPOSITION OF HANANEL TO ADELSON'S MOTION FOR LEAVE TO TAKE DISCOVERY LIMITED TO PERSONAL JURISDICTION

Defendant Moshe Hananel ("Hananel") opposes the motion of Plaintiff Sheldon G. Adelson ("Adelson") to take discovery limited to personal jurisdiction "if the Court chooses to decide the Defendant's Motion to Dismiss on the basis of substantial property [sic], rather than the prima facie standard," on the following grounds:

1. Adelson's motion should be denied on the merits because a plaintiff is not entitled to the extraordinary step of additional discovery when he has failed to show prima-facie jurisdiction. Although Adelson hints that he wants this Court to apply a "preponderance-of-the-evidence" (presumably what Adelson means by "substantial property") or intermediate "likelihood" standard he ignores that these standards are is only reluctantly to be resorted to after the plaintiff has succeeded in meeting the prima-facie standard, i.e., when a court "determines that in the circumstances of a particular case it is unfair to force an out-of-state defendant to incur the expense and burden of a trial on the merits in the local forum without first requiring more of the plaintiff than a prima facie showing of facts essential to *in personam* jurisdiction." *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 676 (1st Cir. 1992) (emphasis added). By his present

motion, Adelson seems to be admitting[1], however, that he has <u>failed</u> to meet the prima-facie standard and is demanding expensive discovery to make up for it. *Boit* urges the Court to avoid this expense and harassment. Discovery is ordinarily provided to protect the defendant from harassment. Such harassment is precisely what Adelson's request would cause.

2.   Adelson's motion should be denied as untimely. Hananel's motion to dismiss and supporting papers were served on June 16, 2004, and a properly supported non-frivolous argument for the application of a different standard should have been made in Adelson's Opposition papers served on July 15, 2004. Adelson's failure to make this argument should be regarded as an admission that no basis exists for additional discovery. Adelson and Hananel have been engaged in litigation in Israel since 2001 concerning the employment contract (and since Dec. 2003 concerning the Macau claim, with both cases now having been consolidated), without any contest by Adelson that the Israeli court has had personal jurisdiction over both Adelson and Hananel, that the Israeli court is the most convenient forum, and that all issues concerning the Macau claim can be resolved there.[2]

3.   Adelson's motion should be ignored because it fails to comply with Local Rule 7.1(B)(1), requiring every motion to cite supporting authorities.[3]

4.   Adelson's motion's offer to produce Adelson for a deposition on jurisdiction (presumably in Israel[4]) is a spurious attempt to seem balanced. Adelson's own affidavit already

---

[1]   Including admitting that his affidavits are "patently incredible." *Boit, supra*, 967 F.2d at 676.
[2]   Nowhere in his papers filed August 19, 2004 does Adelson deny that the present suit is entirely duplicative of the Israeli proceedings.
[3]   Adelson's motion uses the occasion for Mr. Zabin to make a representation to the Court (Adelson's motion, second paragraph) that Hananel "travels frequently" to Holland, whereas Mr. Zabin's affidavit filed the same day says (purely by hearsay) that Hananel traveled to Holland twice in 2003-2004. Hananel asks the Court to ignore such unsupported and/or contradictory representations. In any case Hananel's travel to Holland was with his family for ceremonies for a deceased relative of his wife's. Moreover, if Adelson had any justification for taking Hananel's deposition (which is denied) he should offer to take it in Israel where Adelson and his counsel travel frequently.
[4]   Adelson's motion does not volunteer a location, but if discovery were appropriate (which is denied) it should occur in Israel where he has a residence, business, and counsel familiar with the case (and where present

filed in this case confirms for the Court that he has no knowledge (not even inadmissible hearsay) of grounds for jurisdiction over Hananel. Adelson's failure in that affidavit to deny that the employment contract was made with Hananel in Israel, that his first two visits to Macau in 1999 and 2000 were initiated by Hananel in Israel, or that the prior ongoing litigation in Israel is entirely duplicative of the present action, shows that his deposition is likely to be of no additional value.

WHEREFORE, the Court should deny the Motion for Leave To Take Discovery.

Dated: September 1, 2004

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 9/1/04

MOSHE HANANEL
By His Attorneys

_____
James A. G. Hamilton (MA Bar # 218760)
PERKINS, SMITH & COHEN, LLP
One Beacon Street
Boston, MA 02108
617.854.4000

OppHanToMotTakeDiscov-31216-1

---

counsel Mr. Levy frequently travels).