UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SHELDON G. ADELSON,

    Plaintiff,

v.

MOSHE HANANEL,

    Defendant.

Docket No. 04CV10357RCL

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS AMENDMENT TO HIS MOTION TO STRIKE THE FIRST AFFIDAVIT, OR BY STRIKING PARAGRAPHS 20 THROUGH 24 OF THE FIRST AFFIDAVIT OF THE DEFENDANT, MOSHE HANANEL

It is clear that an affidavit may be considered by the court, only if it contains information that is admissible at the trial, *Chan Wing Cheung v. Hamilton*, 298 F.2d 459 (1st Cir. 1962), and are based on personal knowledge, *Garside v. Osco Drug, Inc.*, 895 F.2d 46 (1st Cir. 1990) (Hearsay insufficient to defeat summary judgment motion). Affidavits based on information and belief, hearsay and conclusions may not be considered, *Hotel and Restaurant Employee's Alliance Local 237 v. Alegany Hotel Co.*, 374 F.Supp. 1259 (W.D. Pennsylvania 1974). The Hananel Affidavit is rife with hearsay and speculation. For example, paragraph 20 states "Although these plans were for other opportunities, they were appropriate for convincing the Chinese Authorities that a casino license should be granted to Adelson." This is nothing more than Hananel's opinion that the documents he allegedly gave were "appropriate". The unreliability of this assertion is amply demonstrated by the fact that the request for expressions of interest by the provisional authority of the District of Macau for casinos, issued 16 months

BOS\108265.1

-2-

later is a detailed and complex document instructing interested parties on how to present their interest and what they needed to show by way of capacity, ability and financial strength. Hananel has not attached copies of what he claims that he gave Adelson, but even if he had, his opinion that they were suitable for use by the authorities in Macau is just that; his unsupported opinion. He could not testify to that opinion in a trial, he cannot do so by affidavit.

Paragraph 21 should also be stricken. In that paragraph, Hananel states, "Adelson's later conduct, described below, indicated to me that he was attempting to mislead me about his interest in the Macau project I had initiated. A few days after his second visit to Macau (March 2000), Adelson notified me of my termination from employment by IPI." Again, this assertion is nothing more than Hananel's opinion of Adelson's state of mind. It is not a statement of fact, and indeed, the implication that Hananel seeks to raise is that after the second visit to Macau, Adelson fired him to squeeze him out of any share of the Macau casino that Adelson presumably thought he might be allowed to build. Leaving aside the very fact, inconvenient for Hananel, that the authorities in Macau did not even ask for expressions of interest until 16 months after Hananel was dismissed, the inference that Hananel wishes the court to draw is nothing more than speculation. This paragraph does not support with admissible evidence Hananel's claim that he made and performed an agreement with Adelson that Hananel would get a piece of the action of any Macau casino for which he was instrumental in Adelson's obtaining a license. Without some facts to support that contention that there was an agreement made in Israel, performance and a breach, then Hananel must rely solely on his employment contract, which as is been amply demonstrated, was consummated in Massachusetts.

Paragraph 22 also should suffer the same fate as the preceding paragraphs. In it, Hananel states "Adelson successfully concealed his subsequent activity in Macau from me for nearly two

-3-

years." Leaving aside the fact, again most inconvenient for Hananel, that he did not and could not describe any of the subsequent activity in Macau that he claims was hidden from him. Even assuming that the court can draw the inference that Hananel is referring to supposed activity related to the casino, Hananel shows nothing in his affidavit that would support a conclusion that his reference to subsequent activity is based on personal knowledge, or that there was even relevant subsequent activity in Macau.

Paragraph 23 should be stricken as should paragraph 24, because they do not assert any facts, but merely Hananel's arguments.

In these paragraphs of the affidavit, Hananel asserts that he obtained and gave the investment guide in Zhuhai China to Adelson as part of the work he did to initiate the project. The assertion is again without factual foundation. There is nothing in that guide that speaks to investment in gambling or in the building of casinos or like facilities. Consequently, at best the assertion that Hananel makes is pure speculation.

In his opposition to the original motion to strike, Hananel says that the paragraphs referring to the settlement proposal should not be stricken, because they are admissible to refute Adelson's claims that Hananel failed to present his claim with due diligence. Adelson has not asserted that Hananel has failed to present his claim because of lack of due diligence. Adelson's position is that Hananel never had a claim outside his employment, and that he has created a claim to a stock option in the Macau Casino Enterprise out of whole cloth. The settlement proposal in no way tends to contradict that position.

## CONCLUSION

The paragraphs 20 through 24 should be stricken or disregarded. They are virtually devoid of material facts and rife with speculation, hearsay and wishful thinking.

SHELDON G. ADELSON

By his attorneys

_____
Albert P. Zabin, B.B.O. No.: 538380
Franklin H. Levy, B.B.O. No.: 297720
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
(617) 289-9200

Dated: August 19, 2004

## CERTIFICATE OF SERVICE

I, Albert P. Zabin, do hereby certify that I served a copy of the foregoing on all counsel of record listed below via first class mail, postage prepaid this 19th day of August 2004.

James A.G. Hamilton, Esquire
Perkins, Smith & Cohen, LLP
One Beacon Street
Boston, MA 02108

_____
Albert P. Zabin

-4-

BOS\108265.1