IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELDON G. ADELSON,<br><br>Plaintiff,<br><br>v.<br><br>MOSHE HANANEL,<br><br>Defendant. | Civil Action No.<br><br>**04-cv-10357-RCL** |

## OPPOSITION OF HANANEL TO ADELSON'S AMENDED MOTION TO STRIKE

Defendant Moshe Hananel ("Hananel") opposes the amendment of Plaintiff Sheldon G. Adelson ("Adelson") to Adelson's motion strike the first Affidavit of Moshe Hananel ("first Hananel Aff."), filed on August 19, 2004, on the following grounds:

1. Adelson's amendment is untimely, as the first Hananel Affidavit was served on June 16, 2004, and Adelson had until July 15, 2004, the (extended) due date for his opposition papers, to move to strike these additional paragraphs. Adelson offers no excuse for his delay.

2. Adelson's amendment constitutes a further admission that Adelson had no basis whatsoever for a motion to strike the bulk of the first Hananel Aff., and that his prayer for such relief in his original motion was not warranted by existing law or a non-frivolous argument for the extension of existing law.

3. The five paragraphs the Amendment now seeks to strike concern the Macau claim which is the subject of the consolidated proceeding in Israel; Adelson nowhere seeks to strike the key facts showing that <u>no jurisdiction exists</u> over Hananel and that the balance of convenience strongly <u>favors Israel</u>: that the employment agreement was made in Israel before the Needham visit; that Adelson's agreement that Hananel would receive a share of the Macau investment was

made and performed in Israel; that Hananel initiated Adelson's Macau visits in Israel; and that Adelson's Complaint is entirely duplicative of the ongoing proceedings in Israel.

4.  If the Court reaches the merits of Adelson's present amendment, it should reject the amendment. Adelson's own cited authorities do not rule out the admission of opinion evidence (see Fed. R. Evid. 701), and the attack on language of opinion in certain paragraphs of Hananel's affidavit does not result in an automatic striking of the language but permits the Court to consider whether Hananel has shown a basis for the opinion. Adelson's authorities also confirm the admissibility of the many facts stated in those paragraphs that are within Hananel's personal knowledge.[1]

5.  In the Amendment at 3 Adelson states that he "has not asserted that Hananel has failed to present his claim because of lack of due diligence." If this statement is adopted as a

---

[1] Unchallenged in the amendment are the following statements of fact from the first Hananel Aff. ¶¶ 20-24:
(¶ 20:) In 1999, I initiated a project for a casino and a hotel in Macau, China as a potential investment by Adelson. I told Adelson of this opportunity (including telling him where Macau was located) while we both were in Israel, and as a result he traveled to Macau from Israel (via Taiwan and Hong Kong) in August, 1999 (and returned to Israel). I provided him with business plans I had prepared in Israel. . . . He made a second trip from Israel to Macau (and Hong Kong) for five days and back to Israel in March, 2000.
(¶ 21:) Upon his return from his first visit to Macau, Adelson told me, "If I were younger I would invest in China, but now I am ready to invest only in places under the American or Israeli flag." . . . A few days after his second visit to Macau (March 2000), Adelson notified me of my termination from employment by IPI.
(¶ 22:) . . . . I learned through the international press of Adelson's Macau activity and wrote Adelson a letter on Feb. 21, 2002 reminding him to inform the Chinese authorities of my stock option in the project. [The Court should also note that, although Adelson's Amendment criticizes Hananel's statement (¶ 22) that "Adelson successfully concealed his subsequent activity in Macau from me for nearly two years" as opinion, Adelson himself continues to conceal from this Court any activity over these two years, and nowhere denies that he had much contact with Macau during this period working to bring Hananel's initiative to fruition.]
(¶ 23:) Adelson's response, in part, was a letter from his and IPI's counsel Mr. Roberts to my counsel dated July 30, 2002, in which Mr. Roberts stated "neither Mr. Adelson nor IPI has received any franchise to build a casino in Macau." Exh. 2. This statement, however, conflicts sharply with Adelson's allegation in paragraph 24 of his Complaint in this Court that "after [Adelson's company] LVSI or an affiliate first obtained approval to operate a casino in Macau, Hananel began to make claims against Adelson for an interest in the Macau project." (Emphasis added.) Thus Adelson admits that my February 2002 written notification to Adelson of my Macau claim was after Adelson had obtained approval for a Macau casino. All of these events occurred while I was in Israel.
(¶ 24:) . . . . In the course of negotiations in Israel over the terms of my severance from [IPI] in April, 2001, Adelson's counsel sent me a draft Settlement and Release Agreement, a true copy of which is attached as Exhibit 3 hereto. This agreement recites my claim to interests in casino investments by Adelson in "Israel, Jordan, or any other country," and Adelson proposed to me that I release all claims "in connection with casino license(s) obtained or to be obtained by IPI and/or any IPI Party and/or Adelson and/or Adelson Party in Israel, Jordan, or any other country." Exh. 3 (emphasis added). I did not agree to this release.

judicial admission by Adelson, it constitutes a further admission that the prior ongoing proceedings in Israel are (a) a timely presentation of Hananel's Macau claim, (b) entirely duplicative of the present Complaint, and (c) the most convenient forum for resolution.

WHEREFORE, the Court should deny the Amendment to Motion to Strike, as well as the Motion itself.

Dated: September 1, 2004

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 9/1/04

MOSHE HANANEL
By His Attorneys,

James A. G. Hamilton (MA Bar # 218760)
PERKINS, SMITH & COHEN, LLP
One Beacon Street
Boston, MA 02108
617.854.4000

OppHanToAmendMotStrike-31216-1