IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELDON G. ADELSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| v. ) | 04-cv-10357-RCL |
| ) | |
| MOSHE HANANEL, ) | |
| ) | |
| Defendant. ) | |

**OPPOSITION OF HANANEL TO PLAINTIFF'S MOTION TO ENJOIN DEFENDANT FROM PURSUING PARALLEL CAUSES OF ACTION IN ISRAEL**

Defendant Moshe Hananel ("Hananel") opposes the motion of Plaintiff Sheldon G. Adelson ("Adelson") to enjoin him from pursuing "parallel causes of action in Israel" or "cases currently pending in Israel"[1] on the following grounds:

1. **The Israeli action Adelson seeks to enjoin was first-filed and is now part of a consolidated three-year-old proceeding in Israel.** As has been fully set forth in previous filings in this case, and conceded here by Adelson, Hananel's Macao claim is the subject of an Israeli court case commenced on Dec. 17, 2003. Adelson fails to state that case was consolidated in July 2004 with the case filed in 2001, in which Hananel sued Adelson and IPI concerning his employment contract. *See* Second Affidavit of Hananel filed August 4, 2004 ¶ 2; *see also* Hananel Aff. attached as Exh. C to Adelson's Memorandum, ¶ 30(a) (quoting finding by Israel Labor Court judge Davidov-Mutola that the 2003 Macau suit "deals substantively with the same matter as the [2001 suit]"). Adelson has not cited any precedent, apposite to the present case, in

---

[1] Adelson's Motion refers to "cases" in the plural but does not specify them. Adelson's motion should be denied because of this imprecision in its request for relief, in addition to the other reasons set forth below.

which a United States court has issued an antisuit injunction against a first-filed, longstanding proceeding in a respected foreign jurisdiction.

Adelson, knowing the law is against him, instead attacks the integrity of the Israeli court in which he has been actively litigating the Macao claim (and the other cases) with Hananel. Adelson states, in his Memorandum in Support of the motion to enjoin ("Mem.") at 6-7 his fear that the Israeli court will render an "erroneous verdict" contrary to "public policy and justice." This attack, however, is inconsistent with Adelson's involvement in litigating not only the Macau claim but other employment-contract issues against Hananel in Israel, including the 2002 case brought <u>by Adelson's company IPI</u> against Hananel.

The Court should reject Adelson's efforts to affect a three-year-old set of proceedings between the parties which Adelson has actively litigated in Israel.

2.  **Correction of other facts in Adelson's Memorandum.**[2]  In his present Memorandum, Adelson unfairly seeks to minimize the nature of the claim pending before the Israeli court. As Exh. A to the Memorandum (Hananel's Israel Complaint) shows, the Macau facts and issues are much broader than Adelson renders them here. The Israeli court has before it every aspect of the Macau claim. Adelson also misstates the extent of his agreement with Hananel and Hananel's performance under the agreement.

The "Facts" section of Adelson's Memorandum contains several statements inconsistent with his previous statements.[3] Adelson's Complaint in this action (¶ 1) alleges that he

---

[2] Hananel requests the Court to draw any relevant facts from his Affidavit attached as Exh. C to Adelson's Memorandum, and not from Adelson's present unsworn Memorandum, as it is rife with errors and omissions.

[3] Hananel notes that the Roberts Affidavit attached as Exh. D to the Adelson Memorandum contains a <u>handwritten emendation in paragraph 7 that Hananel has not seen before</u>, and which apparently was not made on the version filed in this Court by Adelson in July,

- 2 -

"maintains a residence" in Massachusetts, not that he "has a home" here (Mem. at 2, 6).[4] His current amended formulation is relevant because Adelson has regularly sought to inflate for this Court his contacts with Massachusetts and to avoid disclosing his contacts with Israel, where he does have a home and substantial businesses. The Court should discount this inflation.

The record does not disclose that Hananel has ever "harassed and threatened Adelson" (Mem. at 2); it discloses that Hananel has consistently and straightforwardly sought recovery on his claims in the Israeli courts. Hananel's October 12, 2004 letter to Goldman Sachs's Israeli counsel, written in Hebrew, speaks for itself. It contains no threats or harassments.

3. **Legal standards for an antisuit injunction are not met.** Adelson correctly cites the leading cases concerning antisuit injunctions, as *Quaak v. Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren*, 361 F.3d 11, 16 (1st Cir. 2004) refers to *Laker Airways Ltd. v. Sabena*, 731 F.2d 909 (D.C. Cir. 1984) as "the seminal case" in this area. Both courts, however,

---

2004 (Dkt. # 16). Curiously, this late emendation (initialed by Mr. Roberts), removing the adjective "officially" before "hired," may constitute Mr. Roberts's recent realization that his originally filed Affidavit (a) admitted that Hananel is telling the truth about having been "hired" by IPI in October 1995 and (b) contradicted Adelson's July 15, 2004 Affidavit (Dkt. # 17), ¶ 5 (claiming "no other agreements" before December 1995), also filed in this Court. That is, at first Mr. Roberts stated that Hananel had not been "officially hired" leaving open the inference that he had been hired, but "unofficially" (whatever that means). Now, having seen the need to rule out all forms of being "hired" in order to bolster Adelson's case, Mr. Roberts is willing to make the alteration, even if it means making changes in a sworn and filed affidavit without bringing them to the attention of the Court or Hananel. If Hananel and Roberts's original are right, then Adelson's affidavit is wrong to deny that Hananel had been hired by IPI before December, 1995, and no basis exists for jurisdiction over Hananel in Massachusetts. (To further complicate matters, Adelson's Affidavit ¶ 5 affirms the truth of Roberts's Affidavit, presumably the unamended version; Adelson has therefore affirmed inconsistent "truths.") In this context, Hananel has previously pointed out (and Adelson has not disputed) Adelson's fabrication of a false document in an effort to make his contacts with Massachusetts appear greater and his contacts with Israel appear less. *See* Second Affidavit of Hananel filed August 4, 2004 ¶ 7.

[4] Adelson has sworn to being domiciled in Las Vegas (Adelson Aff. July 15, 2004, Dkt. # 17), and has never asserted that he paid personal income taxes to Massachusetts which he may have had to do if he claimed to be a domiciliary of Massachusetts, as it now appears he is attempting to do. His wife has a home in Israel where he resides when in that country. *See*

set standards that require a result <u>contrary to</u> the result Adelson seeks, because these standards <u>preserve</u> jurisdiction in the court where a claim was <u>first filed</u>, i.e., the Israeli court in the present case.

"We deem international comity an important integer in the decisional calculus." *Id. at 17.* In both *Quaak* and *Laker Airways*, the plaintiffs sought to enjoin a <u>later-filed</u> foreign proceeding "blatantly" seeking to destroy jurisdiction of the original court; when these standards are applied to the present case, they strongly confirm that this Court should not take steps to hinder the <u>earlier-filed</u> Israeli proceeding.

Moreover, the *Quaak* and *Laker Airways* courts were faced with behavior by parties filing a later foreign proceeding that outrageously violated comity and would have deprived the U.S. court of its established jurisdiction. In *Laker Airways* the defendants, who did substantial business in the United States as passenger airlines, sought to avoid the application of the U.S. antitrust laws in the first-filed U.S. proceeding by obtaining an injunction in an English court that would have prevented the plaintiff from taking further action in the U.S. proceeding. 731 F.2d at 920921. In *Quaak* the defendant, the auditor of a failed company, was being sued for securities fraud, and sought to evade a discovery order in the first-filed U.S. action by obtaining a Belgian injunction and order for "huge financial penalties [one million euros per violation]" against the plaintiffs if they sought to enforce the U.S. court's order. 361 F.3d at 15, 20.

*Quaak* urges this Court to consider all the facts (361 F.3d at 21) and to apply a "conservative" approach to an antisuit injunction, presumptively denying it unless the moving party can counterbalance the presumption with compelling facts. *Id.* at 19. Some of the factors to be considered are:

---

Hananel Aff. attached as Exh. C to Adelson's Memorandum, ¶ 12.

>    the nature of the two actions (i.e., whether they are merely parallel
>    or whether the foreign action is more properly classified as
>    interdictory);
>
>    the posture of the proceedings in the two countries;
>
>    the conduct of the parties (including their good faith or lack
>    thereof);
>    the importance of the policies at stake in the litigation; and, finally,
>
>    the extent to which the foreign action has the potential to
>    undermine the forum court's ability to reach a just and speedy
>    result.

*Id.*

Here, the first-filed and consolidated Israeli action is not in any sense interdictory, because it concerns the factual and legal issues necessary to resolve the Macau claim. Comparing the proceedings in the two countries, the Israeli proceeding is prior in time and has been advanced over the years, while Adelson has not contested jurisdiction in Israel or previously asserted any connection with Massachusetts.[5] Hananel submits that Adelson's decision to file the present action concerning the Macau claim, although Adelson was already litigating that claim and others fully before the Israeli court, can be found not to be in good faith, and that the wide difference in the resources of the parties permits the inference that Adelson chose that course in an effort to exhaust Hananel's resources to avoid the just and speedy determination of the Macau claim by the Israeli court. No public policies of the United States or of Massachusetts are threatened, as the only one suggested by Adelson, the statute of frauds provision for finder's fees, is (a) not applicable to the present case, as the facts show that Hananel was far more than a finder, and (b) public policy is not harmed but enhanced by a full and fair proceeding in Israel to which Adelson

---

[5] In papers supporting his motions to dismiss for lack of personal jurisdiction and *forum non conveniens* or in the alternative for a stay, Hananel has also provided undisputed evidence that the Israeli proceedings permit the parties to use both Hebrew and English, and has disclosed his personal physical limitations. *See* Hananel Aff. attached as Exh. C to Adelson's

has never previously objected. Finally, international comity is a fair and primary concern of this Court under *Quaak*, and it is the Israeli court's ability to proceed to a just and speedy result which would be undermined by an injunction here.

4.  **An antisuit injunction is not warranted.** In the present case, the Israeli court is conducting the first-filed proceeding, has brought it well along (including having consolidated it with another proceeding between the same parties) without any jurisdictional challenge by Adelson. The teachings of *Quaak* concerning international comity counsel strongly against interfering with the Israeli court under these circumstances.[6] Adelson, of course, cannot show any of the harm (much less irreparable harm) shown by the parties in *Quaak* or *Laker Airways*, who would have been precluded from further action in the first-filed proceedings. Adelson is presently having his full day in court in Israel (indeed, days in court, as he is participating, either directly or indirectly through IPI, in three lawsuits with Hananel in Israel).

Nowhere, moreover, has Adelson found any precedent for suggesting that an Israeli court is likely to render an erroneous verdict. Any interest the U.S. may have in the integrity of judgments rendered in Israel for breach of contract is not placed in issue here, and cannot be a ground for an antisuit injunction. Indeed, as noted many times before, Adelson has caused his company IPI to bring the 2003 suit against Hananel in Israel concerning aspects of the employment relationship. Hananel Aff. attached as Exh. C to Adelson's Memorandum, ¶ 26(b). Adelson's backhanded, veiled present attack on the integrity of the Israeli court (via a 1949 report of the NY Law Rev Commission) is merely an afterthought to gain advantage.[7]

---

Memorandum, ¶¶ 3-5.

[6] The strong arguments for dismissal of this action for lack of personal jurisdiction and forum non conveniens, or in the alternative for a stay pending the outcome of the Israeli proceeding, have been made by Hananel in pending motions.

[7] If Adelson believes that he has any basis for the application of Massachusetts law to his

WHEREFORE, the Court should deny Adelson's Motion to Enjoin Defendant From Pursuing A Parallel Cause Of Action In Israel.

Dated: November 23, 2004

MOSHE HANANEL
By His Attorneys,

_____
James A. G. Hamilton (MA Bar # 218760)
PERKINS, SMITH & COHEN, LLP
One Beacon Street
Boston, MA  02108
617.854.4000

OppHanToMotEnjoin-31216-1

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail - hand on 11/23/04.

---

contract with Hananel to share in the Macao investment (even though it is clear that no such basis exists), he can make a choice-of-law argument to the Israeli court.