**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

**SHELDON G. ADELSON,**

**Plaintiff,**

**v.**

**MOSHE HANANEL,**

**Defendant.**

**Docket No.: 04CV10357RCL**

**PLAINTIFF'S BRIEF DIRECTED TO THE QUESTION RAISED BY THE COURT: MAY THE COURT DECIDE THE ISSUE OF *FORUM NON CONVENIENS* BEFORE DECIDING WHETHER IT HAS PERSONAL JURISDICTION OVER THE PARTIES**

**A FEDERAL COURT MAY NOT CONSIDER A MOTION FOR RELIEF, BASED ON *FORUM NON CONVENIENS,* UNTIL IT HAS DECIDED THAT IT HAS JURISDICTION OVER THE SUBJECT MATTER AND THE PARTIES.**

This honorable court has ordered the parties to brief the question, may the court decide the issue of *forum non* conveniens before deciding whether it has personal jurisdiction over the parties. The cases decided by the United States Supreme Court and the majority of the courts of appeals require a negative answer to the Court's question. In *Gulf Oil Corp. v. Gilbert d/b/a Gilbert Storage and Transfer Company*, 330 U.S. 501 (1947) the Supreme Court stated, "Indeed the doctrine of *forum non conveniens* can never apply if there is absence of jurisdiction or mistake of venue." After careful analysis of the common-law doctrine of *forum non conveniens*, the Supreme Court concluded, "The

principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction, even when jurisdiction is authorized by the letter of a general venue statute." *Ibid* at 507.[1] *Albion v. YMCA Camp Letts*, 171 F.3d 1, 2 (1st Cir., 1999); *Boudreau v. Scitex Corp.*, 1992 U.S. Dist. LEXIS 9629 (D. Mass., 1992) (when a *forum non conveniens* motion and motions to dismiss for lack of personal jurisdiction are before a court, the court must first consider the jurisdictional objections.) (Young, J.)

The issue of whether a court is a convenient forum is not jurisdictional. It is an issue that is related to venue—where a case should be litigated. Jurisdiction, be it personal or subject matter, goes to the question of whether the court has the power to adjudicate the case.

> The jurisdiction of the federal courts—their power to adjudicate—is a grant of authority to them by Congress and thus beyond the scope of litigants to confer. But the locality of a law suit—the place where judicial authority may be exercised—though defined by legislation relates to the convenience of litigants and as such is subject to their disposition. This basic difference between the court's power and the litigant's convenience is historic in the federal courts. *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 167-8 (1939)[2] See also *Leroy v. Great Western United Corp.*, 443 U.S. 173 (1979)

The federal courts are courts of limited jurisdiction. They may "hear only those cases that Congress directs and the Constitution permits [them] to hear." *Patrickson, et al. v. Dole Food Co., Inc., et al.*, 251 F.3d 795, 799 (9th Cir. 2001) *aff. sub nom Dole Food Co., et al. v. Patrickson, et al.* 538 U.S. 468 (2003). If a court concludes that it has

---

1 The reasoning of the court relating to the common-law rule of *forum non conveniens* has been superceded because of the passage of 28 U.S.C. 1404(a), which sets out the federal standards for the application of *forum non conveniens*. However, no case that Plaintiff's counsel has been able to find suggests that the statute changes the Supreme Court's analysis that the doctrine of *forum non conveniens* may not even be considered until a court is satisfied that it has jurisdiction and that venue is properly laid in its district.

2 Some courts have confused the two concepts. "This ought not happen for the two concepts are quite different." Wright, Miller & Cooper, 15 *Federal Practice and Procedure* 4 West Publishing Co. (1986)

no subject matter jurisdiction or no personal jurisdiction over the parties, it logically follows that it can act no more. Thus, it follows that a federal court may decide the issue of *forum non conveniens* only if it has jurisdiction over a case, *Ibid* at 801, and probably only if venue is properly laid in that court. *See Gulf Oil Corp v. Gilbert supra*. This rule is still the rule in federal courts, and federal courts overwhelmingly support it. eg. *Allstate Life Insurance Co., et al. v. Linter Group Ltd, et al.*, 782 F.Supp. 215 (S.D.N.Y. 1992). In that case, Judge Patterson stated,

> In *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501(1947), the Supreme Court stated 'the doctrine of *forum non conveniens* can never apply if there is absence of jurisdiction or mistake of venue.' This language indicates that a court may not consider a *forum non conveniens* motion unless there is subject matter jurisdiction over the case, personal jurisdiction over the parties and proper venue. Accordingly, when a *forum non conveniens* motion and motions to dismiss for lack of personal jurisdiction are before a court, the court must first consider the jurisdictional objections. *id.* at 219

We anticipate that Hananel will point the court to cases decided by the Courts of Appeals for the second and D.C. circuits, *In The Matter Of The Arbitration Between Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukraine, et al.*, 311 F.3d 488 (2nd Cir. 2002) and *In re Minister Papandreou* 139 F.3d 247 (D.C. Cir. 1998), in which both courts opined that a court could decide the question of the convenience of the forum in advance of deciding the issue of whether it had jurisdiction. We suggest to this court that these two cases are poorly reasoned; the two courts misunderstood applicable U.S. Supreme Court precedents, and, as a result, wrongly decided the cases.

Both the Second Circuit and the District of Columbia Circuit base their opinion on a misreading of *Ruhrgas A. G. v. Marathon Oil Co., et al.*, 526 U.S. 574 (1999), which they read as permitting a federal court to decide non merits issues that are simple and straightforward before deciding jurisdictional issues. However, *Ruhrgas A.G.* simply

held that where the jurisdiction of a federal court is in question, both as to subject matter and as to personal jurisdiction, the court may decide either jurisdictional question first. The Supreme Court did not even purport to address the question whether a federal court could address a non-jurisdictional issue or even a venue issue before establishing that it had jurisdiction over the parties and subject matter. We can do no better than call the court's attention to the trenchant critique by the Court of Appeals for the Fifth Circuit of both the courts' of appeals decisions in its decision in the case of *Dominguez-Cota, et al. v. Cooper Tire and Rubber Co., et al.*, 2005 U.S. App. Lexis 278 (January 7, 2005)[3] The Plaintiff also suggests to the court that the D.C. Circuit also errs in its characterization of *forum non conveniens* as a "jurisdictional" issue. *supra.* p.2 and fn. 2 The error can be seen with a moment's consideration of the relief that is open to a court to grant, should it conclude that it is an inconvenient forum. The court has the power not only to dismiss the case but to transfer the case or to stay proceedings on condition that if the case is brought in alternative forum certain defenses unavailable in its court not be raised in the other forum. A court that has no jurisdiction over the parties or the subject matter can only dismiss the case. It cannot order the case sent to another Court or order a stay. Without jurisdiction, a court can make no binding orders on the parties.[4]

If the court could address the question of the convenience of the forum before resolving the jurisdictional issues, it would necessarily enmesh itself into matters that at least touched upon the merits of the case. It would not save itself time. As the Supreme

---

3 Since the case is too new to have been assigned an official reporter citation, it is attached to this brief as Exhibit A.

4 If the contract had a forum selection provision, the court would need to weigh that provision in deciding the convenience issue. See *O'Brien v. Okemo Mountain, Inc.* 17 F. Suppl. 2d 98 (D. Conn. 1998). To do that it might well have to decide the validity of the provision or interpret it. See *Dunne v. Libbra,* 330 F.3d 1062 (8th Cir. 2003). If the Court has no jurisdiction over either the parties or the subject, what rule, statute, or constitutional clause gives it authority to decide these substantive questions?

Court observed in *Van Cauwenberghe v. Biard*, 486 U.S. 517, 527 (1988), "We conclude, however, as have the majority of the courts of appeals that have considered the issue, that the question of the convenience of the forum is not 'completely separate from the merits of the action,...'." The applicability of that observation to this case is particularly clear. The issues with which the court must grapple include the extent to which the employment agreement between Hananel and IPI, Adelson's company, were discussed, negotiated and settled in the meeting in Needham on December 5. It must also decide what witnesses are likely to be needed and where those witnesses live. The Plaintiff intends to call as witnesses, for example, several of the unsuccessful bidders for the concession in Macau, including Donald Trump, a resident of Connecticut and Steven Wynn, who is located in Nevada. To decide that issue, the court may need to evaluate just what the alleged agreement that Hananel asserts was and what Hananel claims that he did to effectuate the Macau agreement. The court must do this, because, unless Hananel concedes that these witnesses really are material, the court will have to decide whether these witnesses availability and the convenience to them of the suit in Massachusetts are sufficient to support the heavy presumption favoring the Plaintiff's choice of a forum[5]. The court will also have to determine issues such as Mr. Roberts, IPI's general counsel, role in the meeting of December 5th and his importance in the case and the inconvenience to him in going to Israel. Thus, the decision on *forum non conveniens* necessarily involves the court in consideration of some, if not many, of the substantiative issues in this case.

---

5 In the course of the telephone conference with the Court, Mr. Hamilton argued that the Macau agreement was not related to the employment agreement that Adelson asserts the parties consummated in Needham. However, in his complaint in the first Israeli lawsuit, Hananel alleged that the agreement arose out of his employment with IPI. That burgeoning disagreement not only has relevance to the issue of personal jurisdiction, but to the convenience of the forum question as well.

The fact that the parties disagree on virtually every fact means that the court, to decide *forum non conveniens*, will necessarily make some decisions with respect to credibility on the dry paper record. For example, Hananel has argued that his visual impairment creates a great inconvenience if the case stays with this court. However, he has traveled widely on business, apparently including a trip to Macau. The Court will have to resolve that credibility issue. The resolution of the *forum non conveniens* issues are not so simple as Hananel would have the court believe[6]. Therefore, despite the seeming appeal of deciding *forum non conveniens* before the personal jurisdiction issue, it should be apparent to the court that approaching the conveniens of the forum question first provides no efficiencies and is foreclosed by relevant precedents.

**CONCLUSION**

The doctrine of *forum non* conveniens is not a rule of jurisdiction. It is a means by which, a court, in the exercise of its sound discretion, may dismiss or transfer a case, to avoid an onerous and unfair inconvenience to a party and witnesses. Before a court can exercise its discretion and issues orders that significantly affect the litigation, it must have jurisdiction—the legal power to act. Consequently, without jurisdiction over the parties, this court can make no orders relating to where this litigation should take place.

A *forum non conveniens* decision requires the court to analyze the facts that bear upon the so-called private and public factors to determine whether the heavy presumption favoring the plaintiff's choice of the forum has been overcome.

---

6 It may well be inappropriate for the court to decide the issue of *forum non conveniens* without allowing discovery of the defendant, in view of the factual disputes about virtually every relevant matter. The district court must do more than just look to the pleadings to ascertain whether to grant the motion to dismiss. The district court has "considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction. *Cf. Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 284 U.S. App. D.C. 333 (D.C. Cir., 1990) (discovery appropriate to resolve factual issues relevant to jurisdictional based motion to dismiss)

> In order to apply this analysis, the court must look at the particular facts of the case, and to this extent it must reach the merits For example, the court; in evaluating the "private factors" must review the evidence in order to determine whether or not it will be accessible in the respective forums and consider the fairness of litigating in the respective forums and devaluate the difficulty of litigating the case in a forum which has few contacts with the litigants...."*Dominguez-Cota et al v. Cooper Tire & Rubber Co. et al supra* at 9.

In this case, to decide the defendant's motion to dismiss on *forum non conveniens* grounds, the court must weigh the number and location of likely witnesses, the difficulties of an Israeli litigating in the U.S. against the difficulties of a non-Hebrew speaking U.S. citizen litigating in Israel, the physical difficulties that Hananel's eye sight would cause him in the U.S. compared to those difficulties in Israel and the difficulties that Mr. Adelson's advanced age would cause him, were he to have litigate in Israel. The Court would need to make some decision about where the employment contract was actually consummated and who was present as well as decisions on other factual disputes. Indeed, the issue of personal jurisdiction is considerably simpler. The Supreme Court and most Courts of Appeals have held that a district court must decide contested issues of jurisdiction before it can address other issues. Because of clear decisions of the Supreme Court and the majority of the courts of appeals as well as the involvement in the merits that an evaluation of the convenience of the forum requires, the court must conclude that the question of personal jurisdiction must first be settled before the issue of *forum non conveniens* can be addressed.

Respectfully submitted,

The Plaintiff,
SHELDON G. ADELSON,
By his Attorneys,

Albert P. Zabin, B.B.O. No.: 538380
Franklin H. Levy, B.B.O. No. 297720
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
(617) 289-9200

Dated: January 18, 2005

CERTIFICATE OF SERVICE

I, Albert P. Zabin, hereby certify that I served a copy of the foregoing on all Defendants this 18th day of January, 2005, via facsimile and first class mail, postage prepaid to the following:

James A. G. Hamilton, Esquire
Perkins Smith & Cohen
30th Floor
One Beacon Street
Boston, MA 02108-3106

Albert P. Zabin, B.B.O. No.: 538380