IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 JAN 18 P 3: 49
U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| SHELDON G. ADELSON, ) | |
| Plaintiff, ) | Civil Action No. |
| v. ) | 04-cv-10357-RCL |
| MOSHE HANANEL, ) | |
| Defendant. ) | |

## SUPPLEMENTARY MEMORANDUM OF HANANEL IN SUPPORT OF MOTION TO DISMISS FOR FORUM NON CONVENIENS

Defendant Moshe Hananel ("Hananel") provides this memorandum of law pursuant to the Court's order in a telephone hearing on January 11, 2004 to "brief the issue on forum non conveniens by January 18, 2005."

Hananel first shows Supreme Court and other precedent permitting dismissal of this action on forum non conveniens grounds both _independently of, and prior to_, a decision by this Court on Hananel's motion to dismiss for lack of personal jurisdiction. He then updates the record by attaching hereto the latest Israeli court ruling setting Spring 2005 dates for the completion of Adelson's and Hananel's pre-trial document discovery on the consolidated Macau claim and employment contract claim, confirming that Adelson and Hananel continue to be actively engaged in litigating the Macau claim (the identical subject of the claim in this Court) in Israel, which is a prime criterion favoring dismissal of this later-filed action on forum non conveniens grounds. Hananel then summarizes for the Court the undisputed facts contained in the previously filed record concerning First Circuit criteria for forum non conveniens dismissal.

Hananel thus requests that the Court dismiss Adelson's claim in this Court on the

grounds of forum non conveniens, permitting both parties to continue the established proceeding in the Israeli court they both chose before Adelson commenced the present action, and avoiding the necessity for personal jurisdiction discovery.

## I. DISMISSAL FOR FORUM NON CONVENIENS IS PERMITTED WITHOUT RESOLUTION OF PERSONAL JURISDICTION ISSUES.

The authority of a district court to dismiss a case on *forum non conveniens* grounds <u>before</u> deciding whether it has jurisdiction over a case or defendant comes from the United States Supreme Court. In *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999), a unanimous Court held that a District Court may decide other non-merits issues such as personal jurisdiction without first deciding that it has subject-matter jurisdiction. 526 U.S. at 583-585. The Supreme Court stated (*id.* at 584-585) that the applicable rule is that a court <u>may dismiss on "non-merits grounds" before concluding that it has jurisdiction</u>, quoting with approval from *In re Papandreou*, 139 F.3d 246, 255 (D.C. Cir. 1998).

In the full quotation from *Papandreou* cited with approval by the *Ruhrgas* Court (526 U.S. at 584-585) the District of Columbia Circuit pointed out that

> a court that dismisses on other non-merits grounds such as <u>forum non conveniens</u> and personal jurisdiction, before finding subject-matter jurisdiction, makes no assumption of law-declaring powers that violates separation of powers principles underlying *Mansfield* [*Coldwater & Lake Michigan Rwy. Co. v. Swan*, 111 U.S. 379 (1884)] and *Steel Company*.
>
> . . .
>
> <u>Forum non conveniens</u> does not raise a jurisdictional bar but instead involves a deliberate abstention from the exercise of jurisdiction. [Citations omitted.] . . . [I]t is as <u>merits-free</u> as a finding of no jurisdiction.

139 F.3d at 255 (emphasis added).

In a recent holding precisely analogous to the issue before this Court, the Second Circuit Court of Appeals has specifically approved a forum non conveniens dismissal in favor of a

foreign proceeding where "the district court in the case at bar failed to address the [personal] jurisdictional issue raised by [defendant's] motion, <u>proceeding instead to the forum non conveniens issue</u> raised in the same motion. We think it was acceptable for the district court to do so." *In re Arbitration Between Monegasque De Reassurances S.A.M. (Monde Re) v. NAK Naftogaz of Ukraine*, 311 F.3d 488, 497 (2d Cir. 2002) (emphasis added). In *Zermeno v. McDonnell Douglas Corp.*, 246 F. Supp. 2d. 646, 652, 688 (S.D. Tex. 2003) the court granted a motion to dismiss for forum non conveniens in favor of a proceeding in Mexico, prior to making a determination of subject matter jurisdiction, citing *Ruhrgas, Papandreou,* and *Monde Re*. In *Apotex Corp. v. Istituto Biologico Chemioterapico S.p.a.*, 2003 U.S. Dist. LEXIS 13303 (N.D. Ill. July 30, 2003) the court, having previously granted discovery on a motion to dismiss for lack of personal jurisdiction, <u>stayed discovery</u> on those motions pending resolution of the forum non conveniens dismissal motions, and granted dismissal in favor of a proceeding in Italy. *Id.* at *3 n. 4 and *36. *Varnelo v. Eastwind Transp.*, 2003 U.S. Dist. LEXIS 1424, *16 (S.D.N.Y. Feb. 3, 2003) followed *Monde Re* to the same conclusion, referring the parties to Russian courts.

The Court of Appeals for the First Circuit has demonstrated that it is highly likely to endorse the process approved by these cases. In 1991, before *Steel Co.* (1998), the First Circuit asserted the power to dismiss a case on easily resolved merits if difficult questions of jurisdiction could be avoided. *United States v. Parcel of Land*, 928 F.2d 1, 4 (1st Cir. 1991). It is to be presumed that, while the First Circuit would not today endorse decisions on the merits before

jurisdictional decisions, it would strongly endorse decisions on non-merits grounds as recognized by *Ruhrgas, Papandreou,* and *Monde Re.* [1]

Accordingly, this Court should proceed to decide the forum non conveniens issue, and may properly dismiss on those grounds.

## II.   RECENT ACTIONS BY THE ISRAELI COURT CONFIRM FORUM NON CONVENIENS DISMISSAL GROUNDS.

Updated information concerning the Israeli proceeding in which both parties are pursuing the Macau claim as part of the employment relationship,[2] mentioned at the telephone hearing, has become available and is now provided here. The most recent order of the Israeli court demonstrates that the parties are proceeding expeditiously to trial there. Exh. 1 hereto is the original Hebrew and an English translation of the Dec. 2, 2004 order of Judge Tanenboim of the Labor Court.[3] He orders completion of document discovery[4] in the case by March 15, 2005, and the next hearing in the case for April 11, 2005.

---

[1]   The *Ruhrgas* Court, permitting decisions on <u>non-merits grounds</u>, further explained the 1998 holding in *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998) that "a federal court may not hypothesize subject-matter jurisdiction for the purpose of deciding the merits." *Ruhrgas*, 526 U.S. at 577. Thus *Ruhrgas* negates the decades-old statement in 15 Wright, Miller & Cooper *Federal Practice & Procedure* § 3828 at 287 (1986) that "the doctrine of forum non conveniens does not come into play unless the court in which the action was brought has both subject matter and personal jurisdiction and is a proper venue." (Charles Alan Wright argued for the successful petitioner in *Ruhrgas*.)

[2]   This Court has recently rejected Adelson's efforts to enjoin the Israeli proceedings. Nov. 26, 2004 Order denying Adelson's Motion to Enjoin (Dkt. # 34).

[3]   Previous orders of the Israeli Labor Court appear at [first] Hananel Aff. Exh. 4 (Dkt. # 12) (May 24, 2004 order) and Second Hananel Aff. Exh. 1 (Dkt. # 21) (July 21, 2004 order of consolidation).

[4]   The parties have already produced over 20,000 pages of documents in the proceedings, the large majority in Hebrew, and more are expected.

Thus Exhibit 1 portrays the normal, well-advanced consolidated proceeding in the Israeli court. This current information confirms the balance of convenience that overwhelmingly favors Israel as a forum, to avoid conflicting judicial determinations, duplicative expense to all parties, and substantial injustice to Hananel who lacks the worldwide resources Adelson boasts. Notably, the parties have agreed in Israel that all documents and testimony used in the consolidated Macau/contract case may also be used in the IPI v. Hananel proceeding; all proceedings are in the Labor Court of Israel. Both Adelson and Hananel are required to proceed in an expeditious fashion to trial, and the Court should take this into account as a primary ground, when determining that dismissal is appropriate for forum non conveniens.

### III. THE CURRENT RECORD CONTAINS UNDISPUTED FACTS SUPPORTING DISMISSAL FOR FORUM NON CONVENIENS.

The sworn factual record, read as whole, ignoring factual statements that appear only in argument (oral or written), and accepting factual statements (but not arguments) in affidavits and authentic documents, shows that Hananel and Adelson have been fully engaged in Israel in ongoing litigation which will expeditiously and efficiently resolve the issues in the present action (and Adelson has been so engaged without asserting any inconvenience or Massachusetts connection). Hananel has provided a Memorandum in Support (Dkt. # 9) of his motion to dismiss for forum non conveniens (Dkt. # 8), and a Hananel Affidavit in support (Dkt. # 12). Adelson has provided an Opposition (Dkt. # 14), a Roberts Affidavit (Dkt. # 16), and an Adelson Affidavit (Dkt. # 17). Hananel filed a Reply Memorandum (Dkt. # 29) and Second Hananel Affidavit (part of Dkt. # 21).[5] Adelson then filed a Plaintiff's Response and Zabin Affidavit (Dkt. # 30). Hananel then filed a motion for leave to supplement (Dkt. # 31; motion

---

[5] The Second Hananel Aff. (Dkt. # 21) ¶¶ 7, 12, 13 points out the faked document and self-contradicting statements in Adelson's filings and SEC filings.

allowed Nov. 26, 2004) (showing Adelson's appearance in Israel to execute an affidavit in the Israeli proceeding).

In these filings, the parties have not disputed the legal criteria for dismissal. *See* Hananel Mem. (Dkt. # 9) at 4-8 (availability, adequacy, and factors of convenience); Adelson Opp. (Dkt. # 14) at 16-17 (addressing factors); Hananel Reply (Dkt. # 29) at 9-10 (addressing factors); and Adelson Response (Dkt. # 30) at 8-9 (addressing factors). The criteria are enunciated in *Mercier v. Sheraton Int'l, Inc.*, 935 F.2d 419, 424 (1st Cir. 1991) (dismissal affirmed after remand in *Mercier v. Sheraton Int'l, Inc.*, 981 F.2d 1345 (1st Cir. 1992), *cert. den.*, 502 U.S. 1095) and *Nowak v. Tak Ho Investments*, 94 F.3d 708, 719-720 (1st Cir. 1996), following *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 250 (1981), and *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506-508 (1947).

A. **Israel is an available forum.** The only criterion for availability is that the defendant is subject to jurisdiction there, *Mercier, supra*, 981 F.2d at 1349, *Nowak, supra*, 94 F.3d at 720, and there is no dispute that Hananel is subject to Israeli jurisdiction, because he is a resident and is a plaintiff in the consolidated case he has brought there and a defendant in the case Adelson's company IPI has brought. *See* Adelson Opp. (Dkt. # 14) at 16-17 (no dispute of availability) and Adelson Response (Dkt. # 30) at 8-9 (same).

B. **Israel is an adequate forum.** A forum is adequate if it permits litigation of the subject matter of the dispute and provides an adequate remedy, *Mercier, supra*, 981 F.2d at 1350, *Nowak, supra*, 94 F.3d at 720, and there is no dispute that Adelson's Macau claim is already being actively litigated in Israel as part of the employment contract claims and the IPI versus Hananel case, and will provide him

an adequate remedy in the form of a judgment against Hananel if he succeeds. *See* Adelson Opp. (Dkt. # 14) at 16-17 (no dispute of adequacy) and Adelson Response (Dkt. # 30) at 8-9 (same).

C. **Private interest factors of convenience and judicial efficiency.** *Mercier, supra,* 935 F.2d at 419, *Nowak, supra,* 94 F.3d at 719.

   1. **Relative ease of access to sources of proof.** It is undisputed that Adelson has not sought to dismiss the Israeli action on convenience grounds, or that he has a substantial presence in Israel enabling him to engage conveniently in litigation there. *See* Adelson Opp. (Dkt. # 14) at 16-17 (no argument of inconvenience to Adelson) and Adelson Response (Dkt. # 30) at 8-9 (same). There is no dispute that Adelson's present Macau claim arises from the relationship between Adelson and Hananel performed in Israel (where Adelson availed himself of Israeli law by paying salaries, taxes, and insurance and the like), and that **no connection to Massachusetts** exists except the very short disputed meeting during the December 1995 medical visit. *See* Adelson Opp. (Dkt. # 14) at 16-17 (no linking of Macau claim to Massachusetts); Adelson Response (Dkt. # 30) at 8-9 (same); and 2d Hananel Aff. (Dkt. # 21) ¶ 7 (same).

   Both parties have submitted thousands of pages of **documents** to the Israeli court, and more are on their way there. The majority of the documents to date are in Hebrew, although some, and particularly affidavits of Adelson himself (in the record in this case) and of some of his witnesses, are in English, because Israeli courts permit such bilingual proceedings. *See* Hananel Aff. (Dkt. # 12) ¶ 26.

   Although the parties dispute the balance of the availability of **witnesses**, the Court should weigh Hananel's affidavit that witnesses to his presentation of the Macau opportunity to Adelson are in Israel or are Israelis, and that Adelson himself is regularly available in Israel, Second Hananel Aff. (Dkt. # 21) ¶ 14, with Adelson's list of American witnesses, Roberts Aff. (Dkt.# 16) ¶¶ 20-21, only one of which, Roberts, is claimed to have knowledge of the formation of the contract. Notably, Adelson has never disputed that <u>all</u> of his witnesses will <u>also</u> be necessary to him in the Israeli proceeding, nor has he denied that he will make arrangements for their testimony there. *See* Adelson Response (Dkt. # 30) at 8-9. Hananel has pointed out, Second Hananel Aff. (Dkt. # 21) ¶ 14, and Adelson has not disputed, that Adelson, Roberts, and three others have already filed affidavits in the Israeli proceedings stating that they are willing to come to Israel to testify. The other witnesses appear to be duplicative.

2. **Availability of compulsory process and cost of obtaining unwilling witnesses.** The parties do not dispute that both Hananel and Adelson are available in Israel, or, as noted above, that Israeli witnesses will be available there, and at least some American witnesses have stated their willingness to testify there. Again, because witnesses may testify in either English or Hebrew in the Israeli proceeding, avoiding the cost of translations of documents and testimony, the balance favors Israel.

3. **Comparative trial costs.** The advanced state of the Israeli proceedings and the ability to litigate in both English and Hebrew demonstrate that the trial costs in Israel are substantially less.

4. **"All other practical problems that make trial of a case easy, expeditious and inexpensive."** Among the other undisputed practical problems favoring Israel are Hananel's disability requiring him to use specialized equipment and family assistance to read documents and causing him difficulty in travel.[6] Also, it is undisputed that Adelson maintains a residence and business premises in Israel, and has employees there, and that he visits there regularly, rendering his appearances more expeditious and inexpensive there than would be the case for Hananel.

5. **Enforceability of a judgment if one is obtained.** It is undisputed that Adelson will be able to enforce an Israeli judgment against Hananel, an Israeli citizen and resident, and that Hananel will be able to enforce a judgment against Adelson, who has a substantial business presence in Israel and is subject to that court's jurisdiction.

---

[6] Adelson disputes Hananel's travel difficulty on the basis of trips he has made outside Israel since becoming legally blind, but Adelson does not dispute that Hananel could only have made those trips with expensive special assistance. It is unfair to compare Hananel's short trips for personal reasons, difficult enough, with the effort needed to conduct a trial in a distant forum.

D. **Public interest factors of convenience and judicial efficiency.** *Mercier, supra,* 935 F.2d at 419, *Nowak, supra,* 94 F.3d at 720.

1. **Practical difficulties of unnecessarily imposing upon a busy court the obligation to hear a case more fairly adjudicated elsewhere.** The undisputed practical difficulties of translation have been referred to.[7] The question of fairness between courts overwhelmingly weighs in favor of Israel as the court there has undertaken substantial proceedings governing all aspects of the case.[8] (Indeed, Adelson has cited no precedent where an American court has allowed a person who, like Adelson, has been fully engaged in litigation on the same issue in another country for years, to belatedly create a duplicative proceeding here.)[9]

2. **The imposition on jurors called to hear a case that has no relation to their community.** Massachusetts jurors should not be imposed upon for a dispute that occurred primarily in Israel (and Macau) simply because Adelson, whose principal residences are in Nevada and Israel, chose it.

3. **The familiarity of the Court with applicable laws.** Although Adelson's filings here claim that Massachusetts law may apply, he has made no such contention in Israel despite ongoing contract litigation there. Indeed, Adelson has, by the 2002 counterclaim by IPI against Hananel, <u>already admitted that Israeli law governs the relationship.</u>[10] In any case,

---

[7] As to relative docket congestion, in the absence of a strict comparison between the times to trial in Massachusetts and Israel, Hananel asks this Court to consider that both parties have commenced and have been engaged in litigation in Israel concerning the employment relationship between Hananel and Adelson, and that the issues necessary to decide the Macau claim are well advanced there. The Israeli court has recognized this advancement by ordering consolidation of two of the three cases for the express purposes of avoiding a waste of judicial time and the possibility of conflicting rulings on the same issues. Hananel Aff. ¶ 32. Accordingly, the goal of a prompt resolution favors Israel.

[8] Hananel has set forth the three litigations (two of which are now consolidated) between Adelson and himself, including one <u>brought by</u> Adelson's fully controlled company IPI, pending in Israel since 2001, Hananel Aff. (Dkt. # 12) ¶¶ 26-32 & Exh. 4, and Adelson has not disputed their existence. *See* Adelson Opp. (Dkt. # 14) at 4 (acknowledging suit, countersuit, and Macau suit in Israel). Hananel has demonstrated in Exh. 1 hereto that the suits are active.

[9] Also, the United States Supreme Court has endorsed dismissal where the plaintiff chose an inconvenient forum to "'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy." *Gulf Oil Corp., supra,* 330 U.S. at 508-509. Adelson has been pursuing his remedy in Israel without ever telling the Israeli court that an American action was necessary, or explaining to this Court why this duplicative action is necessary.

[10] A hearing in this case is set for mid-March 2005.

issues of foreign law can be adjudicated in either country, with the balance favoring Israel, as testimony on Massachusetts law (if necessary) can be given more efficiently in English there, while the converse is not true.

WHEREFORE, the Court should allow Hananel's Motion to Dismiss for Forum Non Conveniens in favor of the Israeli Labor Court proceeding, avoiding the necessity of discovery, burdensome at least to Hananel and his witnesses, concerning personal jurisdiction.[11]

Dated: January 18, 2005

MOSHE HANANEL
By His Attorneys

*/s/ James A.G. Hamilton*

James A.G. Hamilton (MA Bar # 218760)
PERKINS, SMITH & COHEN, LLP
One Beacon Street
Boston, MA 02108
617.854.4000

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail - hand on _____.

SuppHananelReFNC-31216-1

---

[11] The Court has partially alleviated the burden on Hananel, who is legally blind and has difficulties traveling, by ordering that any deposition of him for jurisdictional discovery be taken in Israel. But burdensome additional discovery is likely to be necessary. The undisputed evidence shows that Adelson, while in Israel, appointed Hananel to be IPI's branch manager there, rendering Hananel's later medical visit to the Joslin Diabetes Center a random event unconnected to the employment. The medical visit, *even if* a short business meeting followed it according to Adelson's (disputed) version, was not sufficiently central to the employment relationship to constitute a (Constitutionally required) purposeful availment by Hananel of the privileges of doing business in Massachusetts. Now, however, Hananel would require depositions of Adelson, Roberts, and others, including Israeli citizens, concerning jurisdictional issues, as well as written discovery from them, demonstrating Adelson's knowledge and his corporation's knowledge, even though Adelson has not disputed the specific statements and documents in the Hananel Aff. (Dkt. # 12) ¶¶ 14-15 and the Second Hananel Aff. (Dkt. # 21) ¶ 5. Notably, Adelson has not submitted a single document to the Israeli court or to this Court concerning an alleged business purpose for Hananel's medical visit to Massachusetts. Hananel has recently obtained two confirming documents he attaches hereto as Exh. 2, a letter in English from Adelson's Las Vegas office dated Oct. 6, 1995 requesting that he perform 26 tasks before Oct. 17, a fax in Hebrew (translated) dated Nov. 8, 1995, showing Hananel's authority to dispose of substantial funds of IPI as a loan, and a copy of his physician's letter dated November 28, 1995, to the Joslin Diabetic Center concerning his diabetes, confirming the medical purpose of his December 1995 visit. *See* Hananel Aff. (Dkt. # 12) ¶ 15 and 2d Hananel Aff. (Dkt. # 21) ¶ 5.

- 10 -