IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELDON G. ADELSON, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. |
| | ) |
| v. | ) 04-cv-10357-RCL |
| | ) |
| MOSHE HANANEL, | ) |
| | ) |
| Defendant. | ) |

**STIPULATED ORDER CONCERNING JURISDICTIONAL DISCOVERY**

Now come the parties and request the Court to enter the following order scheduling jurisdictional discovery pursuant to the Court's order of January 21, 2004 that discovery on the issue of personal jurisdiction over Defendant Moshe Hananel ("Hananel") be completed by March 1, 2005.

1. Depositions of the parties shall occur in the following order: first Plaintiff Sheldon G. Adelson ("Adelson") and second Hananel.

2. Adelson's deposition shall occur on February 15, 2005, beginning at 11:00 a.m., and he shall be available for at least seven hours of deposition time, and Hananel shall have the right to sound-and-visual recording (videotape) of the deposition. Adelson's and Hananel's counsel in Israeli litigation between them and/or a Hebrew-speaking assistant to Mr. Hamilton may be present.

3. Hananel's deposition shall occur on February 22, 2005, beginning at 11:00 a.m. and he shall be available for at least seven hours of deposition time. His counsel in Israeli litigation with Adelson, and one or two family members or assistants to assist him, may be present at the deposition. Hananel will permit his deposition in English, but, as a non-native

speaker with limited fluency, reserves the right to request appropriate translation and clarification of questions and answers. Adelson may use an Israeli-court-certified Hebrew-English legal translator at the deposition. Adelson's and Hananel's counsel in Israeli litigation between them and/or a Hebrew-speaking assistant to Mr. Levy may be present.

4. Adelson's deposition shall take place in Las Vegas, Nevada, at a conference room provided by Adelson suitable for a videotape deposition. Adelson shall pay reasonable and necessary air travel to and from Boston (comparable to that provided to Adelson's counsel) and lodging expenses for two nights for Hananel's counsel and one assistant (two persons). Facilities for a conference telephone link with Israel during the deposition shall be provided by Adelson, with the call at Hananel's expense.

5. Hananel's deposition shall take place in Mevasereth Jerusalem, Israel, at Hananel's home. Hananel will provide a room appropriate for a videotape deposition with table for use by six people. Adelson shall pay reasonable and necessary air travel to and from Boston (comparable to that provided to Adelson's counsel) and lodging expenses for two nights for Hananel's counsel (one person). Facilities for a conference telephone link with Nevada during the deposition shall be provided by Hananel, with the call at Adelson's expense.

6. If Adelson's deposition does not occur as scheduled above for any reason, including the emergency unavailability of Hananel's counsel Mr. Hamilton, both the Adelson and Hananel depositions shall be rescheduled to preserve the order of the depositions, with a period of at least five calendar days between them, and, if the postponement is by Adelson, Adelson shall pay the reasonable travel expenses, if any, actually incurred and documented, of Hananel's Israeli counsel and/or Hebrew-speaking assistant to Mr. Hamilton, caused by the postponement.

The party on whose account the postponement occurred shall request the Court for an extension of the March 1 deadline and the other party shall not oppose the request.

7. Adelson shall respond to interrogatories and document production requests served on his counsel on January 25 and 26, 2005, to Hananel's counsel using best efforts to provide as many as possible on or before 5 p.m. February 11, 2005, and in any event by 12 noon on February 14, 2005. If Adelson raises objections and the Court subsequently orders further answers or production, his deposition may be resumed following receipt by Hananel of those further answers or production, as the Court may direct when entering such order.

8. Any deposition of Paul G. Roberts by Hananel shall be noticed at least seven days in advance and shall take place in Hananel's counsel's office in Boston.

9. Hananel shall respond to document production requests served on his counsel on January 31, 2005 at the time and place of his deposition. If Hananel raises objections and the Court subsequently orders further answers or production, his deposition may be resumed following receipt by Adelson of those further answers or production, as the Court may direct when entering such order.

10. Any additional document requests and interrogatories served by Hananel or Adelson shall be reasonable in number, shall be served by hand before 5:00 p.m. on February 18, 2005, and shall be responded to by 5:00 p.m. on March 1, 2005.

Dated: February 1, 2005

SHELDON G. ADELSON
By his attorneys,

Franklin H. Levy (BBO #297720)
DUANE MORRIS LLP
470 Atlantic Ave. Suite 500
Boston, MA 02210
617.289.9200

**SO ORDERED:**

**Dated:**_____

StipOrderJurisdDisc.

Stipulated and requested:

MOSHE HANANEL
By His Attorneys,                  (by AR)

James A. G. Hamilton (BBO # 218760)
PERKINS, SMITH & COHEN, LLP
One Beacon Street
Boston, MA 02108
617.854.4000

By the Court,

_____
Reginald C. Lindsay,
United States District Judge

I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail - hand on _____

-4-