## UNITED STATES DISTRICT COURT

### DISTRICT OF MASSACHUSETTS

SHELDON G. ADELSON,

        Plaintiff,

v.

                       Docket No. 04CV10357RCL

MOSHE HANANEL,

        Defendant.

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS OPPOSITION TO THE DEFENDANT'S MOTION TO COMPEL FURTHER ANSWERS TO INTERROGATORIES, PRODUCTION OF DOCUMENTS AND DEPOSITION TESTIMONY

On January 21, 2005 this court (Linsday,J.) entered an order that discovery on the issue of personal jurisdiction over the Defendant be completed by March 1, 2005. Thereafter, the parties negotiated a stipulated order concerning jurisdictional discovery, which accepted without reservation, the court's order that discovery on the jurisdictional issue be completed by March 1, 2005. The parties stipulated that Adelson's deposition was to occur on February 15, 2005 and Hananel's deposition one week later. The depositions took place on the dates and at the places agreed upon. The parties agreed that Adelson should reply to Interrogatories and document production requests that had been served on January 25 and 26, 2005 by February 11, 2005 and "in any event by noon on February 14, 2005." Adelson met those deadlines. On May 19, 2005 at approximately 6:00 p.m., after two months, three weeks of somnolent quiet, Defendant's counsel served the Plaintiff's counsel with his Motion to Compel.

## ARGUMENT

The motion should be denied because it is untimely filed and it is without merit and seeks

discovery which would essentially duplicate the discovery already had at the deposition of Mr.

Adelson and discovery already provided in answers to interrogatories and responses to requests

for production of documents.

The Defendant's motion has been served nearly three months from the date of the last

discovery from the Plaintiff and after the deadline that the court ordered.. It is clearly untimely.

If the Defendant had any rights, if he has not slept on them, he has certainly taken a good long

nap. The governing rule is Rule 6(b)(2), which provides:

> "When by these rules or by notice given thereunder or by order of
> court an act is required or allowed to be done at or within a
> specified time, the court for cause shown may at any time in its
> discretion. . . (2) upon motion made after the expiration of the
> specified period permit the act to be done where the failure to act
> was the result of excusable neglect;"

The rules governing when an act or inaction is forgiven because of excusable neglect

have undergone some liberalization. See *Pioneer Investment Services Co. Brunswick Associates,*

*LP*, 507 U.S. 380 (1993). Nevertheless, the Court of Appeals for the First Circuit has held:

> "Although the *Pioneer* standard is more forgiving than the
> standard in our prior case law, there still must be a satisfactory
> explanation for the late filing. We have observed that 'the four
> *Pioneer* factors do not carry equal weight; the excuse given for the
> late filing must have the greatest import. While prejudice, length
> of delay, and good faith might have more relevance in a closer
> case, the reason-for-delay factor will always be critical to the
> inquiry.'" *Graphic Communications v. Quebecor Printing*, 270
> F.3d 1 (1st Cir., 2001).

The Defendant not only has filed no motion for an extension of time or for leave to file its

motion to compel late, but even in its papers, it suggests no reason for his failure to conform to

the court's explicit order that discovery was to be complete by March 1, 2005. Even if

2

Defendant's counsel now would argue that he misunderstood the order of the court (an excuse too lame to hobble into his papers), that would avail him nothing. "A misunderstanding that occurs because a party (or his counsel) elects to read the clear, unambiguous terms of a judicial decree through rose colored glasses cannot constitute excusable neglect" *Mirpuri v. ACT Manufacturing, Inc.*, 212 F.3d 624, 631 (1ˢᵗ Cir. 200). The Defendant's motion filed without any pretense of an excuse for his most serious delay, simply cannot be granted consistently with the mandates of Federal Rules of Civil Produces Rule 6(b)(2). Courts have consistently denied motions to compel that were filed after the deadline for the completion of discovery where all the party can demonstrate, as here, is a lack of diligence. *Capozzi v. The Gale Group, Inc., et al.*, 2002 U.S. Dis. LEXIS 17096 (D. Conn. 2002) (and cases cited therein). *Beasley v. First American Real Estate Information Services, Inc.*, 2005 U.S. Dist. LEXIS 5109 (N.D. Tex. 2005) (The Good Cause Standard focuses on the diligence of the parties seeking requested modification.) The Defendant has demonstrated neither good cause nor diligence in complying with the discovery order to which he had agreed. On that ground alone, the motion to compel should be denied.

1.    **The Plaintiff's Responses to the discovery requests are sufficient, and in the light of the deposition of the Plaintiff, were sufficient when they were served before the deposition.**

a.    *The Responses to the Requests for Production were complete.*

The Response to Request Numbers 1, 2 and 4 meet the requirements of the rules. In each case, all the documents covered by the Requests have been produced. The Responses indicate that, and when the issue was first raised (see Exhibit 2, p. 15),[1] counsel for the Plaintiff, Mr.

---

[1]    Numbered exhibits refer to the exhibits attached to Defendant's Renewed Motion to Dismiss. Lettered exhibits refer to exhibits attached to this memorandum of law.

Levy, stated that he took the responsibility for coordinating with the offices in Nevada, Israel and Boston to get "whatever we could to respond to your request." Mr. Adelson stated that he had his pilots give the flight logs to the attorneys and his secretary to give copies of whatever schedule documents they had (see Exhibit 2, pp. 15 and 16). The Plaintiff produced all the documents requested.

The Defendant's complaint that "counsel blacked out information concerning many of Adelson's trips" is of no consequence. The Requests for Production asked for trips that Adelson made when Hananel was present. The portions of the log that were redacted contained names of other people who probably don't wish to be dragged into this lawsuit and who the Plaintiff certainly does not want to be dragged into the lawsuit. This is of particular importance, because Mr. Hananel has tried to exert pressure on Adelson attempting to plant write stories in the press that would reflect unfavorably on Mr. Adelson. (See **Exhibit A** attached hereto)[2]. In addition to attempting to create unfavorable publicity for the plaintiff, Hananel wrote Goldman Sachs's Israeli attorneys, informing them of his lawsuit and suggesting strongly that that information "are material and essential to any investor. . ." (**Exhibit B**, attached hereto). Redacting irrelevant information is clearly justified and appropriate to prevent Hananel from abusing discovery for the improper purpose of creating extra-legal pressures that may be harmful not only to Mr. Adelson, but to third parties as well.

If these logs had been made up with pages involving any trips that Hananel made segregated from other trips, it would have been beyond any doubt in perfect compliance if those pages, and only those pages, were supplied. Redacting the irrelevant and immaterial portions of

---

[2]     Exhibit C to Hananel's deposition.

4

pages is logically no different. The Defendant has no right to the other information, and the motion should be denied.

Request number 3 is a request to see the documents that Plaintiff's counsel intends to offer in evidence. Leaving aside the obvious question of whether the Defendant is entitled to know this information that will provide him with intelligence about the Plaintiff's strategy at this time, the response that decisions have not been made answers that request fully and completely. In effect, what the Defendant is seeking to do is to obtain supplementation after the close of discovery, even though there is no suggestion that the information provided is either incomplete or incorrect without having obtained a court order as F.R.C.P. 26(e) requires. Not only did Judge Lindsay not order the parties to supplement their responses or answers to interrogatories, but he ordered that all discovery was to be completed by March 1. This court should not allow the Defendant to do an end run out of bounds around Judge Lindsay's order. Many of the documents that the Defendant has requested may well be among the documents that Hananel took when he was discharged from IPI. His argument that they were not "removed by him from the IPI office but were in the lawful custody of Hananel or Gallilee Tours" concedes that, whether taken wrongfully or simply not returned, that he has or had them. Clearly the Plaintiff cannot produce documents that the Defendant has.

Requests 7 and 8 have been given full responses. Admittedly, the answers do not rise to Shakespearian poetry, but they state quite clearly that checks signed by Hananel or bank orders drawn on bank accounts cannot be found and do not exist within the Plaintiff's files. If they don't exist in IPI's files, they cannot be produced. Moreover, the Plaintiff has not contested that Hananel had check signing authority for Auto Depot, Ltd. as early as late 1995. The Responses, therefore, are complete and responsive.

5

Responses 9 and 10 are the subject of Hananel's attack, because they do not say specifically that the documents do not exist and that he is required to produce documents to which he has a legal right. This short answer is, as Mr. Levy made plain in the course of Adelson's deposition, that he and Adelson had made more than reasonable search for documents as requested. Documents which cannot be located cannot be produced.

In his complaint about the Responses to Requests numbers 13 and 14, Hananel asserts "Adelson must make a complete response to the existence and production of documents including the location search including all interface companies for this limited time period." As Mr. Levy indicated, Adelson's employees made thorough searches for documents that meet the description in the request for production. A party is not required to give a narrative of where, when and how he looked for requested documents. In Request number 15, the Defendant has asked for the entire trial record (the protocol) translated in the case involving one Moshe Melnick. If the argument that the Defendant makes is that the response is evidence of Adelson's "intent to harass Hananel by forcing unnecessary translations of Hebrew document. . ," it is absurd. Hananel has access to the protocol—a public record. Hananel understands and reads Hebrew. What need has he for an English translation? This argument seems strange in the light of Hananel's complaint, expressed in his papers seeking dismissal for lack of personal jurisdiction or forum non conveniens because he is hampered if he has to participate in a trial conducted in English. If there are any parts of it that support his claim that he does not understand, he can have translated those papers as well as can Adelson.

Regarding Request number 21, the Plaintiff has produced all documents that can be located and that are responsive, except documents that are privileged, confidential or irrelevant..

For the reasons set forth below, the Plaintiff is not willing to expose other persons to Mr. Hananel, when the documents involving other documents have nothing to do with this case.

The Defendant also seeks additional responses and production of documents covered by Request numbers 23 through 28 in its Second Request for Production. The court should note that the Second Request was served on February 18, so that the Plaintiff could have taken his full thirty (30) days allowed by Rule 34 of the Federal Rules of Civil Procedure and then declined to respond at all, because the responses would be out of time. The Plaintiff did not do this. The court is asked to note this fact, because defense counsel repeatedly insinuates that Adelson's intent in this case is to bleed Hananel financially. The contrary is true; rather than harass Hananel, the Plaintiff has been more than cooperative in discovery. The short answer to the Defendant's arguments concerning Request number 23 through 28 is that they are repetitive, and at best would require production of documents that contain information such as flight and travel schedules of Mr. Adelson that have already been provided or reams of irrelevant documents and financial records, which contained confidential business information. None of those financial records could possibly be of relevance to the jurisdictional issue of whether there was a contract formed in Massachusetts on December 5, 1995 under which IPI hired Mr. Hananel to be its Israeli branch manager. They are not relevant to whether Mr. Hananel was subject to the close control of IPI in the way he carried out his responsibilities. Other than a bland, unsupported assertion in Hananel's papers that they are relevant, no reason is given why they should be relevant or why it is likely that they would lead to the discovery of admissible evidence. The Defendant's motion to compel additional responses of production of documents has no basis and should be denied.

That part of the Defendant's motion that seeks to require further answers to

interrogatories should be denied, because 1.) the answers are accurate and complete; and 2.) to

the extent that the Defendant finds them lacking in sufficient detail, he had every opportunity at

Mr. Adelson's deposition to elicit more detailed information, which in some cases, it is clear that

he did.

In connection with Interrogatory number 4, Hananel's position statement admits that

Adelson testified about director's meetings. Is there some reason why he should have to repeat

that?

Interrogatory number 5 pries into not only Adelson's private affairs, but into those of his

family in Israel as well. His own property has nothing to do with any interest of the State of

Israel has in adjudicating the Macau claim, as Hananel contends. Israel's interests in

adjudicating the Macau claim is measured by where the contract was made, what its terms were

and what the relationship between IPI and Hananel was intended to be. The question here to be

decided is not whether Israel could have personal jurisdiction over the claim, but whether

Massachusetts, and hence the Federal court does. The property that Mr. Adelson, his wife and

his stepchildren have in Israel is totally irrelevant to whether Massachusetts has sufficient

contacts with Hananel in connection with this agreement to exercise personal jurisdiction.

Interrogatory number 9 asks for information that has been well-covered in the deposition.

Perhaps at this point, Hananel's attorney wishes that he had covered it better, but that is not a

reason to require the Plaintiff to go over again the same kind of materials and same subject

matter that was explored at his deposition and could have been explored in greater detail, had the

Defendant's counsel wished to do so. Attached as **Exhibit C** is a portion of the index to Mr.

Adelson's deposition, which shows the extensive page references to Jordan and trips from Israel.

The Defendant also claims that time was wasted during the deposition, and indeed it was. It was wasted not by Mr. Adelson, but by repetitive questions, questions that dealt with the issues of the substantive cases in Israel. The passage that the Defendant's brief quotes on page 17 illustrates perfectly the kind of questioning that wasted so much time in the deposition and which earned an irritated rebuke from the witness that Mr. Hamilton was wasting Mr. Hananel's money. Indeed, as Mr. Adelson pointed out, if "One day he will run out" (of money) will be due not to anything that the Plaintiff done in this case. This deposition went from 12:29 p.m. to 10:00 p.m. It was seven full hours of questioning, exclusive of breaks and off-the-record conferences.

## CONCLUSION

The Defendant's motion to compel should be denied. It should be denied primarily because it is unjustified on the merits. The Plaintiff has provided all documents requested that could be located. He has done some minimal redaction to protect confidential information and other persons who, given Mr. Hananel's penchant for trying to improve his position by going to the press, is more than justified. If these documents and answers really were critical for the Defendant's preparation for the jurisdiction hearing, one would have expected that appropriate motions to extend the discovery deadline and to compel would have been served promptly. Instead, the Defendant has done nothing for three (3) months after the court ordered deadline and after the conclusion of Mr. Hananel's deposition. The lack of diligence, together with the total failure to show why nothing was done means that the Defendant has not carried his burden of showing that his delay was due to excusable neglect. The motion, being in violation of Judge Lindsay's order and Rule 6, should be denied.

9

Respectfully submitted,
The Plaintiff,
SHELDON G. ADELSON,
By his Attorneys,

Franklin H. Levy, B.B.O. No. 297720
Albert P. Zabin, B.B.O. No.: 538380
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
(617) 289-9200

Dated: June 1, 2005

10