# DuaneMorris

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
WESTCHESTER

ALBERT P. ZABIN
DIRECT DIAL: 617 289.9283
E-MAIL: apzabin@auanemorris.com

www.duanemorris.com

July 22, 2005

VIA HAND DELIVERY

The Honorable Magistrate Judge Leo J. Sorokin
United States District Court for the District of
Massachusetts
One Courthouse Way, 5th Floor
Boston, MA 02210

      Re:    **Sheldon G. Adelson v. Moshe Hananel**
             U.S. District Court District of Massachusetts, Docket No. 04CV10357RCL

Dear Judge Sorokin:

      We received by hand yesterday Mr. Hamilton's Motion for Leave to File Post-Hearing Memorandum (the "Memorandum"). I point out that Mr. Hamilton has done exactly what the court has instructed counsel not to do, which is to file additional papers. If the court accepts this Memorandum, we would like the opportunity to file our own more detailed response. However, there are statements in the Memorandum that we cannot ignore that are so inaccurate that it is difficult to understand how an attorney who was involved in the matters could make them.

      Mr. Hamilton has stated that Judge Lindsay "has recognized the burden on Hananel of appearance in Massachusetts for evidentiary purposes," quoting out-of-context a portion of a statement in Judge Lindsay's Order governing jurisdictional discovery. The fact of the matter is that the parties agreed that Mr. Channel's deposition would be taken in Israel. They also agreed that Mr. Adelson's deposition would be taken in Nevada because of his physical disabilities. Judge Lindsay made no finding that either of the parties will have suffered an intolerable burden by testifying in Massachusetts, but he merely embodied the agreement of counsel in his Order.

      Mr. Hamilton's assertion that "Adelson's binding judicial admission that no evidence other than the alleged December 5, 1995 meeting shows jurisdictional contacts" is belied by the very Interrogatory Answer, which he has attached to his Memorandum the last paragraph of the Answer stated "Mr. Hananel and I discussed and agreed that part of his job would be to stay in close contact with me to discuss business matters and take direction from me, (on behalf of IPI). It would not matter if I was in the U.S., Israel, or any other country. We frequently discussed business issues by long distance when I was in the United States." We also observe that the statements that Mr. Hamilton quotes of Mr. Adelson's are not at all inconsistent with any

DuaneMorris

The Honorable Magistrate Judge Leo J. Sorokin
July 22, 2005
Page 2

evidence of post-agreement contacts by Mr. Hananel with Massachusetts in the course of his work.

    It is our hope the court will make its decision on whether to order an evidentiary hearing on some or all jurisdictional issues without the need for a more detailed response from us and without considering Mr. Hamilton's Memorandum.

Yours sincerely,

Albert P. Zabin

APZ/eyb
Cc:    James A. G. Hamilton, Esq. (hand delivery)