IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELDON G. ADELSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| v. ) | 04-cv-10357-RCL |
| ) | |
| MOSHE HANANEL, ) | |
| ) | |
| Defendant. ) | |

**POST-HEARING MEMORANDUM OF HANANEL CONCERNING EVIDENTIARY HEARING**

Defendant Moshe Hananel ("Hananel") provides this Post-Hearing Memorandum to address the novel issues raised by the Court at the hearing on July 20, 2005, i.e., the suggestion that an evidentiary hearing on telephone calls or visits to Massachusetts other than the December 5, 1995 visit might be appropriate.

1. **Judge Lindsay has recognized the burden on Hananel of appearance in Massachusetts for evidentiary purposes.** On January 19, 1995, Judge Lindsay, in ordering jurisdictional discovery, ordered that "[a]ny deposition of the defendant must be taken in Israel or in such other place as the parties agree." This order shows a recognition of the burden on Hananel of appearing in Massachusetts. Hananel's blindness and other physical difficulties resulting from his diabetic syndrome (including open wounds), which have become exacerbated over the preceding year as discussed at the Hananel deposition, combined with the severe strain on his financial resources (see Fourth Hananel Affidavit ¶ 7), continue to impose an impossible burden which will preclude his appearance. A decision to conduct an evidentiary hearing on the issues suggested by the Court would be prejudicial under these circumstances.

2. **An evidentiary hearing concerning telephone contacts or visits is rendered unnecessary by Adelson's binding judicial admission that no evidence other than the alleged December 5, 1995 meeting shows jurisdictional contacts.** At the July 20 hearing, the Court indicated a possible interest in resolving whether telephone contacts between Adelson and Hananel during Hananel's employment, or Hananel's visits to Massachusetts during his employment, could constitute jurisdictional contacts. Hananel respectfully suggests that these inquiries are not necessary and that an evidentiary hearing would be unnecessary and futile, for any of the following reasons:

    a. **Adelson has judicially admitted that no jurisdictional contacts other than the alleged Dec. 5, 1995 meeting exist.**

        i. Pursuant to court-ordered jurisdictional discovery, Hananel asked Adelson, in Interrogatory No. 1, to "state the basis according to Local Rule 26.5(C)(8) for your contention that personal jurisdiction over Hananel exists in this action." As the Court will recognize, such a contention interrogatory requires a comprehensive response. In his response, <u>Adelson referred only to the Dec. 5, 1995 meeting and not to any telephone calls or other visits.</u> A copy of Adelson's response is attached hereto as Exh. 1. Also, Hananel asked Adelson to produce "documents Adelson intends to present o the Court in support of his allegations personal jurisdiction over Hananel in this action" and Adelson replied that he would. A copy of Adelson's response to Document Request No. 3 is attached hereto as Exh. 2. Needless to say, no documents concerning telephone calls or visits other than Dec. 5, 1995 were

       produced. Adelson's interrogatory answer and document response were served on February 14 and February 11, 2005, respectively, <u>before</u> the Adelson and Hananel depositions were taken in Las Vegas and Israel. Discovery closed on March 1, 2005.

   ii.   In Adelson's most recent filing before the hearing, his Reply Brief dated June 1, 2005 (docket no. 53), <u>he discusses only the Dec. 1995 meetings and does not mention any telephone calls or other visits.</u>

  b.  **Adelson has sworn in affidavits in Israel that *"on occasion I invited Hananel to meet with me in the United States. These invitations were for social reasons and not for Interface's business."*** This statement appears in paragraph 29 of both his July 3, 2004 affidavit, Exh. 6 to Hananel's Second Affidavit (docket no. 21), and his Sept. 7, 2004 affidavit, Exh. 4 to Memorandum of Hananel dated May 17, 2005 (docket no. 46). In the same paragraphs, Adelson stated: *"Hananel's job description at Interface did not call for Hananel to travel abroad."*

Thus, by his filings in this Court and in Israel (where, as noted elsewhere, he never asserted any Massachusetts contacts for Hananel, the employment contract, or the Macau claim), Adelson and his counsel in both litigations have represented to the Court the position that <u>no</u> other visits to the United States were for business purposes and that <u>no</u> telephone calls provide a basis for jurisdiction. Given Judge Lindsay's discovery order, and the onerous and expensive discovery that resulted, it would be prejudicial and unfair (and contrary to the Court's previous efforts to put the plaintiff to his proof in a comprehensive and timely manner) to reopen issues Adelson and his attorneys have consciously foreclosed. The prejudice is exacerbated if there is an

- 3 -

evidentiary hearing at which Hananel cannot appear. Moreover, to permit Adelson to assert Hananel's limited United States travel as business-related travel, in this action, would permit him to adopt diametrically opposed positions in two courts, and any such effort by him should not be considered the "properly offered" evidence required by this Court.

## Conclusion

For all of the above reasons, the Court should not conduct an evidentiary hearing on the suggested issues, but should decide the issue on the current record, in which telephone calls and visits other than Dec. 5, 1995 are conceded by Adelson not to be bases for jurisdiction.

Dated: July 21, 2005

MOSHE HANANEL
By His Attorneys,

James A. G. Hamilton (MA Bar # 218760)
PERKINS, SMITH & COHEN, LLP
One Beacon Street
Boston, MA  02108
617.854.4000

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail - hand on July 21, 2005.

SuppPostHearing-31216-1

- 4 -