IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SHELDON G. ADELSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | **04-cv-10357-RCL** |
| | ) | |
| MOSHE HANANEL, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION OF HANANEL TO STRIKE AFFIDAVITS OF PAUL ROBERTS AND STEPHEN O'CONNOR FILED AUGUST 5, 2005

The Defendant, Moshe Hananel ("Hananel"), moves to strike the Affidavits of Paul

Roberts and Stephen O'Connor filed on August 5, 2005, as they fail to comply with the Court's

Order of July 22, 2005. (The Plaintiff Adelson filed no affidavit concerning the Court's

requested topics, although the Order appeared to contemplate that the two parties would provide

the responses.) As grounds, Hananel states:

1.     The July 22 Order restricted the parties' filings to three identified subjects. The

Plaintiff has ignored the restrictions of the Order (and has submitted information precluded by its

Answer of February 14, 2005 to contention interrogatories, its responses to requests for

production, and deposition testimony) in the following respects, and these portions of the

Roberts and O'Connor Affidavits should be struck.

2.     Roberts Aff., Paragraphs 2, 3, 4 and Exhibit A should be struck as they are non-

responsive to any topic ordered by the Court. (Exhibit A, however, does show Adelson's view

that all of IPI's business was in Israel, that its principal office was in Israel, and that IPI was

under the direct control of Sheldon Adelson personally, as previous materials have demonstrated.

Exhibit A also indicates that IMD Soft was "Org" in 1997 (which is inaccurate, as it was

organized in 1996), demonstrating that Roberts' assertion that the signboards in Exh. F were in existence in 1995 is false.)

3.    Roberts Aff. Paragraph 5 should be struck because it does not report communications between Hananel and Adelson as ordered but only those of which Roberts says he is "personally aware," and he admits that he is at most aware of an unknown number of calls "when Mr. Adelson was in Needham" but does not claim knowledge, as the Court's Order requires, that the calls were "regarding IPI." Order ¶ 1, emphasis in original. The second and remaining sentences do not even purport to refer to Adelson-Hananel communications.

4.    Roberts Aff. Paragraphs 6, 7, 8, and 9 also do not purport to refer to Adelson-Hananel communications and should be struck for that reason alone. Also, they violate the Order's instruction in paragraph 2 thereof not to refer to "events surrounding the December 5th [1995] meeting," and refer to Exhibit B which should have been produced in discovery if relevant (which is now offered without explanation or excuse). These paragraphs contain references to a "belief" by Roberts which is not appropriate for an affidavit, and to an "800 number" allegedly accessed by Hananel, as to which the Court should take judicial notice that U.S. 800 numbers are not accessible from abroad, rendering Roberts' claim of such knowledge incredible.

5.    Roberts Aff. Paragraphs 10-13, although Hananel disagrees with some parts of them, are strikeable because they refer to information precluded by Adelson's previous discovery responses. They do, however, appear to refer to the meeting Hananel has described in paragraph 14.a. of his Fifth Affidavit filed on August 5, 2005. (Hananel hereby reports that he had the date of the meeting wrong due to a typographical error in a note concerning his passport entries; and due to his disabilities. A further review of his passport indicates that he entered the U.S. at New

York about Feb. 8, 2000, and the meeting in Andover occurred then as Hananel has described in said paragraph 14.a.).

6.    Roberts Aff. Paragraph 14 should be struck because it does not show personal knowledge of Adelson-Hananel communications as required by the July 22 Order, and because it contains allegations precluded by previous discovery responses.

7.    Roberts Aff. Paragraph 15 should be struck because it contains internal evidence that it does not comply with the Court's July 22 order. Subparagraph ii cannot be correct as (i) IMD Soft was not in existence in 1995 (by Adelson's own statement in Roberts Exh. A it was organized in 1997, but actually in 1996), but it appears above IPI in the suggested sign, (ii) Cellinite Technologies was organized in 2005, but appears on the suggested sign below IPI above the bottom three names, (iii) Sunburst Vacations was organized in 2002 and registered in Massachusetts in 2005, but appears on top of the suggested sign, and (iv) the sign suggested by Roberts obviously (allegedly lacking the last three names "(ii) current lobby directory (the bottom three names were not in the building in 1995)" allegedly including IMD, IPI, Cellinite and Sunburst) did not exist as some of the referenced companies above the bottom three names were either formed or registered in Massachusetts in 2005.

8.    Roberts Aff. Paragraph 15, subparagraph iii, is misleading as the photograph of the "glass wall" has only the Interface Group name and .does not appear to bear the name IPI.

9.    Roberts Aff. Paragraph 15, subparagraph v is misleading because Ms. Yurcich's office was in Las Vegas during Hananel's employment, as can be seen from Roberts Exh. B showing Ms. Yurcich's fax number in the Las Vegas area code.

10.    The entire O'Connor Affidavit should be struck because it does not mention any of the subjects in the Court's July 22 Order. The O'Connor Aff. fails to mention topics 2 and 3 of the Order, and even though O'Connor claims in paragraph 2 to be discussing communications

- 3 -

between Adelson and Hananel he does not do so from any personal knowledge. The O'Connor Aff. should be struck for this reason alone.

11.     Furthermore, the O'Connor Affidavit contains information and documents disclaimed as jurisdictional grounds by Adelson's February 2005 contention interrogatory answers and response to document production requests pursuant to court-ordered discovery.

12.     Furthermore, O'Connor mischaracterizes the information in the alleged documents. The documents show that all decisions were being made in Israel or by Adelson whose location is not specified (O'Connor does not specify Massachusetts). O'Connor's Exh. 2, for example, shows on its face that to obtain Adelson's approval O'Connor had to fax the request to Adelson's secretary Ms. Yurcich (see stamp), because Adelson was not in Massachusetts.

13.     Hananel refrains from filing reply affidavits and further briefing because the Court's July 22 Order forbids them. Should the Court decide to consider the non-compliant, previously unproduced information and documents in the Roberts and O'Connor affidavits, Hananel respectfully requests an opportunity to respond.

WHEREFORE, for the foregoing reasons, the Court should strike the Affidavits of Paul Roberts and Stephen O'Connor filed on August 5, 2005.

Dated: August 10, 2005

MOSHE HANANEL
By His Attorneys,

( hy ATL)

James A. G. Hamilton (BBO # 218760)
PERKINS, SMITH & COHEN, LLP
One Beacon Street
Boston, MA 02108
(617) 854-4000

-31216-1

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail hand on

- 4 -