UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SHELDON G. ADELSON,
        Plaintiff,

v.

MOSHE HANANEL,
        Defendant.

Docket No.: 04CV10357RCL

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE
### Background Facts

In his Affidavit in Support of his Motions to Dismiss, the Defendant, Hananel, asserted that he had minimal contacts with IPI in Massachusetts.[1] In his most recent filings, Hananel has conceded that he did make two trips to Massachusetts, which concededly had, at least in part, a business purpose, and the Plaintiff has found and produced documentation that in 1998, Hananel came to the United States for another important business meeting with a subsidiary of Hewlett Packard, and in fact, took an active role in that meeting in behalf of IPI. Mr. Adelson stated in his interrogatory answer, "Mr. Hananel and I discussed and agreed that part of his job would be to stay in close contact with me to discuss business matters and take direction from me...we frequently discuss business issues by long distance when I was in the United States."

---

[1] ."I have visited Massachusetts to participate in panel discussions concerning Israel and the Middle East at the John F. Kennedy School of Government of Harvard University in 1993 and 1995." ¶ 7 "From 1994 to April 2000, I visited the United States approximately 13 times for a total stay of approximately 50 days... only about 5 of these visits were to Massachusetts with a total length of stay less than 2 weeks." ¶10 "... I visited Massachusetts in early December 1995. The primary purpose for my visit was to seek medical advice (a second opinion) . . . I participated in discussions at Harvard, as stated previously."

1

## Argument

**The Plaintiff's answer to the contention interrogatory does not preclude the Court from considering important evidence in addition to the meeting between Roberts, Hananel and Adelson of December the Fifth.**

The plaintiff filed the affidavits that Hananel wishes stricken in response to the order of the court requiring him to file "supplemental affidavits" addressing topics outlined in the order. The defendant, now unhappy with the content of the plaintiff's affidavits, has moved to strike them.

The affidavits do not contradict, but supplement the interrogatory answer. The answer to the interrogatory clearly states that part of the employment agreement was that Hananel would remain in close contact with Adelson, and presumably his agents, and Hananel would take direction from the Plaintiff. The evidence that Hananel finds so discomforting merely shows just how close the contact and tight the direction to Hananel was.[2]

The law is clear that interrogatory answers, except in the most exceptional circumstances of undue prejudice to the interrogating party, do not limit the answering parties' proof.[3] This was made clear by the Rules Advisory Committee note to Fed.R.Civ.P. 33B, in connection with the 1970 Amendments to the Rules.

> The general rule governing the use of answers to interrogatories is that under ordinary circumstances, they do not limit proof. . . .[T]he interrogating party will ordinarily not be entitled to rely on the unchanging character of the answers he receives and cannot base prejudice on such reliance. 48 F.R.D. 524

---

[2] Hananel himself, in a most misleading, if not mendacious, affidavit, sought to lead the Court to believe that his job never brought him to Massachusetts. The evidence now documented, both from Hananel and from the Plaintiff, demonstrates that Hananel was closely in contact with and controlled by IPI, and in fact, came to Massachusetts for IPI business, contrary to what he sought to persuade the Court.

[3] Compare F.R.C.P. 36.

The Federal Courts have consistently held that a party may take a different position or introduce additional evidence that contradicts, modifies, explains or elaborates answers to interrogatories. "As a general rule, an answer to an interrogatory does not conclusively bind the answering party in all instances." *Marcoin, Inc. v. Edwin K. Williamson, Co.*, 605 F.2d 1325, 1328 (4th Cir. 1979)

> The parties should not be bound by these answers if in the interim between the time of the answers and the trial, they obtain by subsequent investigation new or additional facts. The parties will not be prevented from offering this further information on trial. The discovery rules are not to be employed as a stratagem to maneuver an adverse party into an unfavorable position. *McElroy v. United Airlines*, 21 F.R.D. 100, 102 (D.MO. 1957); *Alamo Theater Co. v. Lowes, Inc.*, 22 F.R.D. 42, 45 (D.Ill. 1958); *Hamilton v. Baltimore and Ohio Railroad, Co.*, 23 F.R.D. 101, 102 (D.Ind. 1958)

The Court of Appeals for the 9th Circuit has accurately analyzed the effect of answers to interrogatories.

> An answer to an interrogatory is comparable to answers, which may be mistaken, given in deposition testimony or during the course of the trial itself. Answers to interrogatories must often be supplied before investigation is completed and can rest only upon knowledge which is available at the time. When there is a conflict between answers supplied in response to interrogatories and answers obtained through other questioning, either in deposition or trial, the finder of fact must weigh all of the answers and resolve the conflict. 388 F2d at 959

Other Courts have followed the same rule. *Freed v. The Erie Lacawana Railway Co.*, 445 F.2d, 619 (6th Cir. 1971). See *Marquez v. Home Depot USA, Inc.*, 154 F.Supp. 2d, 152 F.Supp. 2d 152, 155-156 (D.Mass. 2001) (Plaintiff's deposition statement could be contradicted by other evidence. Ponsor,J.)

Hananel has not and could not argue that he has suffered undue prejudice. The issue of the degree of contact and control that Adelson, through IPI, has exerted over Hananel has been an issue ever since Hananel's first affidavit. The evidence could not

have come as a total surprise, since Hananel was the sender and receiver of all the communications from IPI and O'Connor, and he made the trips to Massachusetts and attended the IPI meetings. Adelson's answer to interrogatories which indicated that Adelson and Hananel had agreed that they would remain in close contact and that Hananel would be subject to Adelson's direction gave ample warning that these facts would be presented to the Court. Hananel has not and cannot claim that he was lulled into innocent inaction or was otherwise unduly prejudiced.. This is not a case like *Zielinski v. Philadelphia Peers, Inc.*, 139 F.Supp. 408 (E.D. PA 1956) (defendant's answers to interrogatories failed to disclose that the plaintiff had sued the wrong corporation. Defendants precluded from changing answers at trial) Mr. Hananel suffered no prejudice except the loss of a chance to cut the man to fit the bed.[4]

## Conclusion

The law, particularly as applied to the facts of this case, does not prevent the Court from relying upon other evidence such as the O'Connor Affidavit. The Court should use all the evidence that it is before it to arrive at a true and just decision.

August 29, 2005

Respectfully submitted,
The Plaintiff,
SHELDON G. ADELSON,
By his Attorneys,

_____
Franklin H. Levy, B.B.O. No. 297720
Albert P. Zabin, B.B.O. No.: 538380
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
(617) 289-9200

---

[4] If Hananel thought the answer was too vague, he should have moved for further answers or pursued the matter during his deposition of Mr. Adelson.

4

BOS\136151.1

## CERTIFICATE OF SERVICE

I, Franklin H. Levy, hereby certify that I served a copy of the foregoing on the Defendant this 29th day of August 2005, via hand delivery to the following:

James A. G. Hamilton, Esquire
Perkins Smith & Cohen
30th Floor
One Beacon Street
Boston, MA 02108-3106

_____
Franklin H. Levy