


| 2004 | 25 | 075 | 067 |
|---|---|---|---|
| שנה | מס' סידורי בדף | מס' הדף | מס' הספר |

רישום פעולות נוטריוניות

קונסוליה כללית של ישראל, בוסטון

Consulate General of Israel to New England

### ת צ ה י ר

אני החתום _____, נציג/ת קונסולרית ב _____,

מאשר/ת בזה כי מר / <s>גברת</s> __O'Connor Stephen Joseph__

הידוע <s>לי אישית</s> / לי לפי תעודה <u>אישית</u> / שזהותו / שזהותה הוכחה לי על פי תעודת <u>זהות</u>

<s>מספר</s> / דרכון __ישראלי__ מספר __159260438__

שניתן / ניתנה מאת _____ בתאריך __21.10.1998__ במקום __תל אביב__

ובו רשום מספר זהות _____ התייצב / <s>התייצבה</s> בפני, <s>במשרדי</s>,

ולאחר שהזהרתיו / <s>שהזהרתיה</s> כי עליו / <s>עליה</s> להצהיר את האמת וכי יהא / <s>תהא</s> צפוי / <s>צפויה</s> לעונשים

הקבועים בחוק אם לא יעשה / <s>תעשה</s> כן, חתם / <s>חתמה</s> בפני על תצהירו / <s>תצהירה</s> הנ"ל, שמעבר לדף,

המצורף והמסומן באות "א".

ובראיה באתי על החתום ביום __03/06/2005__ _____

_____ חתימה

MEIR SHLOMO מאיר שלמה
CONSUL GENERAL קונסול כללי

_____ חותם הנציגות   _____ תואר

הערות: 1. הקפד למחוק הטעון מחיקה.
2. ניצב יותר מאדם אחד, יש לפרט שמו של כל אדם לחוד בציון הדרך הוכחת הזהות שננקטה לגביו.
3. לגבי ישראלי שהזדהה ע"י דרכון ישראלי חובה לרשום מספר הזהות כרשום בדרכון.

20 Park Plaza, Suite 1020, Boston, MA 02116
phone 617 535 0200   fax 617 535 0255   email boston@israel.org

משרד עורכי דין ונוטריון

| 067 | 075 | 25 | 2004 |
|---|---|---|---|
| מס' תאור | מס' תיק חיצוני | מס' תיק | שנה |

## Affidavit

I, the undersigned, Stephen O'Connor, U.S. passport No. 159260438, after having been cautioned to tell the truth, failing which I shall be liable for the penalties prescribed by law, do hereby declare as follows:

1. My name is Stephen O'Connor, and I am the CFO (Chief Financial Officer) of the Plaintiff in labor case 9015/02 (hereinafter: "**Interface**").

2. In my capacity as Interface's CFO, I maintained contact with Mr. Moshe Hananel (hereinafter: "**Hananel**"), who acted as the manager of Interface's branch in Israel. I also maintained contact with CPA Yehuda (Dadi) Zamir, who was the bookkeeper of Interface's Israeli branch. Due to my understanding that Hananel had Mr. Sheldon Adelson's (the controlling shareholder of Interface) full confidence and faith, I told CPA Zamir that as far as Interface is concerned, Hananel is the authority regarding Interface's Israeli branch and that he (CPA Zamir) can rely on Hananel's representations if and when needed for the bookkeeping of Interface's branch in Israel (such as with regard to the classification of expenses as business expenses as distinguished from private expenses).

3. About 4.5 years later, On May 7, 2000, In preparation for finalizing the account of Mr. Moshe Hananel (hereinafter: "**Hananel**") upon his termination from Interface, I received from CPA Yehuda (Dadi) Zamir, the figures for the payments due to Hananel – according to Hananel – due to his termination. The highest amount to which Hananel was entitled, according to him, due to his termination was for the redemption of vacation days. I wanted to talk to Hananel about this issue, since the vacation payment which Hananel was asking for was considerably higher than the allowance made for vacation in Interface's books, and I wanted to inquire with Hananel why he believed that he was entitled to those amounts.

   A copy of CPA Yehuda (Dadi) Zamir's letter to my assistant Chris Abbiuso of May 7, 2000, which was forwarded to me, is attached hereto as **Annex A**.

4. I tried to reach Hananel on the telephone several times, and when I failed to do so, I sent him a letter on May 11, 2000, specifying several issues which I wanted to discuss with him, including his unused vacation days.

   A copy of my letter to Hananel of May 11, 2000 is attached hereto as **Annex B**.

5. On the following day, May 12, 2000, Hananel notified me that he would talk to me about the issues mentioned in my letter on Sunday.

   A copy of Hananel's letter to me of May 12, 2000 is attached hereto as **Annex C**.

f:\100xx\10070-001\taz-steve-oconnor-neg-hananel-trans-ver03



- 2 -

6. When I spoke to Hananel, Hananel informed me – to my surprise – that **he had approved the payment of vacation redemption for himself, and that the said payment had already been made to him on May 11, 2000.** When I asked Hananel on what grounds he had approved the said payment **to himself**, Hananel answered that he had given the approval before transferring Interface's signatory rights to Dan Raviv, and he said that according to Israeli law, the payment of vacation redemption was required to be made before or on the employee's last day of employment.

A copy of a memo of certain conversations I had with Hananel on May 14 and/or 15, 2000, is attached hereto as **Annex D**.

7. I was very surprised and angry at the information given to me by Hananel. Hananel was terminated a month earlier and despite that decided – of his own accord and without Interface's authorization – to order the bank to transfer the money into his pocket. I informed Mr. Sheldon Adelson of this incident, and he too was very angry about Hananel's actions.

8. Interface's attorneys told me that Hananel alleged (following a court decision ordering him to detail his claims regarding this issue) that to the best of his knowledge, I approved the vacation redemption payment to him. Of course, and as explained above, there is not a trace of this truth in this argument. I have **not** approved the vacation redemption payment to Hananel. On the contrary, Hananel ordered the said payment made to himself **without** my approval.

9. My name is Stephen O'Connor, the signature hereinbelow is my own and the content of this my affidavit is the truth.



Stephen O'Connor    03-06-2004

### Certification

In accordance with Section 15 of the Evidence Ordinance [New Version], 5731-1971, I, the undersigned, Amir Shraga, Adv., of 28 Bezalel St., Ramat Gan, certify that on June ___, 2004 appeared before me Mr. Stephen O'Connor, who is known to me personally, and who, after having cautioned him to declare the truth, failing which he would be liable for the penalties prescribed by law, signed this affidavit in my presence.

_____
Amir Shraga, Adv.
License No. 23944