IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELDON G. ADELSON,<br>Plaintiff,<br><br>v.<br><br>MOSHE HANANEL,<br>Defendant. | Civil Action No.<br><br>04-cv-10357-RCL |

**REPLY MEMORANDUM OF HANANEL (ORDER OF AUGUST 22, 2005)**

1.  Adelson's Response ignores Fed. R. Civ. P. 37(c)(1), which prevents him from using, "on a motion," "any . . . information" he failed to disclose pursuant to Fed. R. Civ. P. 26 discovery obligations.[1] This Court ordered jurisdictional discovery (at Adelson's request) which closed on March 1, 2005. Adelson's Interr. Ans. 1 and response to Doc. Req. 3 and 22 have never been amended. He did not disclose any evidence of jurisdictionally relevant contacts by post-1995 visit or by communications with O'Connor.[2] In *Klonoski v. Mahlab*, 156 F.3d 255, 269-271 (1st Cir. 1998), the court endorsed the development of the automatic-exclusion remedy and stated, "the required sanction in the ordinary case is mandatory preclusion." *Id.* at 269.[3]. In *Primus v. U.S.*, 389 F.3d 231, 234-236 (1st Cir. 2004) the plaintiff lacked substantial justification, had had ample time (235 & n. 9), and was contradicting claims she had previously made about her evidence. The discovery omission was not harmless, as the opposing party had spent substantial effort on a summary judgment motion in reliance on her omission. *Id.* at 236.

2.  Adelson's Response does not even try to show "substantial justification." No justification exists. Adelson has had the witnesses and documents under his complete control for

---

[1] Adelson's case citations predate the 1993 Amendments with the exception of Judge Ponsor's case of 2001, a reading of which shows that Adelson's blurb is incorrect, and which supports Hananel's argument here.
[2] As analysis and undisputed evidence from Hananel show, neither the visits nor the communications were purposeful availment, and therefore add nothing to Adelson's case.
[3] *See Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 20-21 (1st Cir. 2001) (imposing "self-executing sanction" of Rule 37(c)(1) on a proposing party who failed to meet its burden of showing justification or harmlessness); *Lohnes v. Level 3 Communications, Inc.*, 272 F.3d 49, 59-61 (1st Cir. 2001) (endorsing the district court's exclusion of a lawyer's affidavit from motion proceedings, affirming summary judgment).

years.[4] Adelson has been engaged in litigation in Israel for four years, and has never claimed to any Israeli court that Hananel had jurisdictional contacts with the United States. His lawyer-employee-affiant Roberts stated under oath on July 13, 2004, that "I have reviewed company business records and documents maintained in the ordinary course and I have interviewed appropriate employees relative to the records." (First) Roberts Aff. ¶ 5. Adelson's sophisticated counsel persuaded the Court to make a rare grant of discovery, but in the course of this discovery Adelson stated that no additional information was relevant to jurisdiction. Hananel's papers (especially his 6th Aff.) have also shown that Adelson's post-July 20th, 2005 claim that visits, telephone calls, and O'Connor's bookkeeping have jurisdictional relevance is not only wrong on the facts, but <u>directly contradicts sworn testimony by Adelson and O'Connor in Israel</u>. No possible justification for such contradictions could ever be put forward to this Court or any other. Adelson's knowledge of the falsity of these claims[5] explains his unwillingness to assert them in the Complaint, affidavits, or discovery responses, and his resort to them only when his version of the Dec. 5 visit is shown to be incorrect and insufficient.

   3. Adelson does not, and cannot, claim that his failure to disclose was harmless. *Primus, supra,* confirms that the conducting of dispositive motion proceedings by the parties and the Court under a plaintiff's false pretenses as to his claims and information is sufficiently harmful to support enforcement of Rule 37(c)(1). 389 F.3d at 236.[6] The present case is stronger because of the Supreme Court's warning, in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508-509 (1946) against harassment by false claims of jurisdiction. All proceedings, including the multiplied proceedings caused by Adelson's motions for discovery and for an injunction, have

---

[4]  Adelson's Response ignores the Court's Order by rehashing (incorrectly) the evidence. Unfortunately for Adelson, this rehash confirms that he had no justification for relying on new theories, witnesses and documents to avoid dismissal. Adelson and the employees he has marshaled in his current effort, Roberts and O'Connor, were all serving him as of the commencement of Hananel's employment in October 1995, nearly ten years ago, and as of the commencement of the Israeli litigation in 2001, four years ago.
[5]  For example, Adelson at his deposition confirmed that only he and Hananel directed IPI. *See* 6th Hananel Aff. ¶¶ 5-7.

relied on Adelson's failure to assert additional grounds. Adelson's Complaint limited his jurisdictional ground to his (falsely inflated) version of the Dec. 1995 visit, as did all subsequent papers and affidavits from both parties through July 20, 2005. For example, Adelson's Motion to enjoin the Israeli proceedings (Nov. 1, 2004) described the visit as the only grounds for jurisdiction (Adelson's Memorandum, Dkt. # 34, at 1), and the Court considered and denied this motion (on Nov. 26, 2004). Adelson served his interrogatory answers and produced documents before his deposition on Feb. 15, which was taken in reliance on them. Adelson opposed Hananel's Motion to Compel (which sought to enforce requests Nos. 3 and 22) by stating "The Plaintiff has provided all documents requested that could be located." Memorandum, Dkt. # 51, at 9. He denied any obligation to supplement by insisting that his discovery production was not "incomplete or incorrect." *Id.* at 5. Hananel was highly prejudiced when Adelson produced the additional false, contradictory allegations in the O'Connor and second Roberts affidavits.

4.   Adelson's prima facie case fails for lack of "properly supported evidence,"[7] All of his proffered evidence is fatally impaired by (1) Adelson's failure to claim any jurisdictional grounds during years of litigation in Israel and (2) undisputed evidence and documents from both Hananel and Adelson showing that the employment was performed in Israel or elsewhere outside the United States.[8]

---

[6]   The Reporter's Notes to the 1993 Amendments of Rule 37(c)(1) list, as "harmless," examples of not listing a witness known to all parties or on another party's trial list, a far cry from Adelson's egregious conduct.
[7]   *Pike v. Clinton Fishpacking, Inc.*, 143 F. Supp. 2d 162, 165-166 (D. Mass. 2001)(Lindsay, J.), citing *United Electrical Radio and Machine Workers of America v. 163 Pleasant Street Corp.*, 987 F.2d 39, 44 (1st Cir. 1993).
[8]   Adelson has thus avoided his *Burger King* duty:

> It is these factors–prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing–that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum.

471 U.S. at 479. The reason for his avoidance has always been clear: his own and his employees' affidavits, their prior statements and affidavits in Israel, and all documents confirm that "prior negotiations" occurred in Israel, "future consequences" contemplated at the time of contracting would occur in Israel, the "terms of the contract" required performance in Israel (or elsewhere outside the United States), and the "actual course of dealing" took place in Israel, with Hananel never "purposefully establish[ing] minimum contacts within" Massachusetts.

- 3 -

Dated: September 2, 2005

MOSHE HANANEL
By His Attorneys,

_____
James A. G. Hamilton (BBO # 218760)
PERKINS, SMITH & COHEN, LLP
One Beacon Street
Boston, MA 02108
(617) 854-4000

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail - hand on 9/2/05.

-31216-1

- 4 -