IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELDON G. ADELSON, | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) 04-cv-10357-RCL |
| MOSHE HANANEL, | ) |
| Defendant. | ) |

**RENEWED MOTION OF HANANEL TO DISMISS FOR FORUM NON CONVENIENS**

As permitted by the Court, Defendant Moshe Hananel ("Hananel") renews his motion to dismiss this action pursuant to the federal doctrine of forum non conveniens. This Court denied without prejudice Hananel's previous motion, allowing its renewal after resolution of the jurisdiction question. Electronic Order dated January 19, 2005; *see* Report and Recommendation on Defendant's Renewed Motion to Dismiss For Lack Of Personal Jurisdiction (Magistrate Judge Sorokin), Oct. 31, 2005, Dkt # 78 at 2 ("Rept."). This Court adopted Judge Sorokin's recommendation granting dismissal of three of the four counts in the Complaint but finding jurisdiction over Hananel for Count I. Electronic Order November 29, 2005.

Adelson commenced this action on February 23, 2004 by filing a Complaint in four counts. The Court has dismissed three counts for lack of personal jurisdiction over Hananel. On November 29, 2005, the Court adopted Magistrate Judge Sorokin's Recommendation that Hananel's motion to dismiss for lack of personal jurisdiction be granted as to Adelson's Count 2, entitled "civil extortion," Count 3 for interference with an advantageous "business relationship," and Count 4 for "disparagement and defamation." In findings to which Adelson made no objection, Magistrate Judge Sorokin stated:

Plaintiff has not established, or even advanced a prima facie showing, that any of the

> allegedly improper activity occurred in Massachusetts. Nor has plaintiff established, or even advanced a prima facie showing, that Hananel directed at Massachusetts any of his allegedly improper activity. Rather plaintiff points to press releases issued in Israel, statements made in Israel, and communications with the authorities in Macau, all of which appear to be directed, not at Massachusetts, but at Macau.

Rept. (Dkt # 78) at 24.

As this Court and Judge Sorokin have previously recognized, Hananel seeks a dismissal pursuant to the doctrine of forum non conveniens, because Israel is an available and adequate forum (as Adelson himself, through his wholly-owned corporation IPI, has sued Hananel there on the same employment contract), and a balancing of private and public interest factors heavily favors Israel, where the sole remaining cause of action alleged by Adelson has been and is continuing to be actively litigated by both Adelson and Hananel.

As grounds, Hananel relies on the Memorandum In Support and the Seventh Affidavit of Moshe Hananel (detailing the progress of the Israeli litigations and Israeli witnesses) filed herewith, and his prior filings including his Memorandum in Support (Dkt # 9), his Reply Memorandum (Dkt # 29), and Affidavits of Moshe Hananel cited specifically herein, which contain documents and admissions obtained from Adelson through discovery ordered by the Court.

WHEREFORE, the Court should dismiss this action on the grounds of forum non conveniens.

Dated: December 15, 2005

> MOSHE HANANEL
> By His Attorneys,
>
> /s/ James A. G. Hamilton
> James A. G. Hamilton (MA Bar # 218760)
> PERKINS, SMITH & COHEN, LLP
> One Beacon Street
> Boston, MA 02108
> 617.854.4000

MotRenFNC-31216-1