IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELDON G. ADELSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| v. ) | **04-cv-10357-RCL** |
| ) | |
| MOSHE HANANEL, ) | |
| ) | |
| Defendant. ) | |

**SEVENTH AFFIDAVIT OF MOSHE HANANEL IN SUPPORT OF RENEWED
MOTION TO DISMISS FOR FORUM NON CONVENIENS AND MOTION TO
POSTPONE COMMENCEMENT OF DISCOVERY**

I, Moshe Hananel, depose and say:

1.    I am the Defendant in the above action.  I state the following facts of my own

personal knowledge, except where stated to be on information and belief, and, as to such facts, I

believe them to be true.

**Summary of Israeli Proceedings;  Dec. 12 filing**

2.    <u>Application of Israeli law.</u> Adelson himself has expressly recognized the

applicability of <u>Israeli law</u> to Hananel's employment contract.  In his Israeli affidavit in the 2001

case, he stated ". . . after Interface's [IPI's] counsel in Israel explained to me that according to

Israeli law an employee has to be paid an advance notice [of termination] payment . . ., I

instructed Interface [IPI] to treat Hananel as required by <u>the law</u>."  Adelson Aff. Sept. 29, 2002,

¶ 18, Exh. 1 to (1st) Hananel Aff. (Dkt # 12) (emphasis added).

3.    In Exhibit 1 hereto, I have incorporated my previous affidavit paragraphs

describing the Israeli litigations between myself and Adelson, from the time of the

commencement of the first one in 2001, four years ago, through 2004, for the convenience of the

Court in reviewing their description and subject matter. Exhibit 2 hereto, is a table I have had

prepared showing the more recent activities in the cases from December 2004 to Dec. 12, 2005,

demonstrating that both parties are actively litigating these cases and that the Israeli courts are

making decisions.  Exhibit 3 hereto is an accurate translation of excerpts from  a paper filed by

Adelson in the consolidated Israeli proceeding on Dec. 12, 2005.  In these excerpts, Adelson tells

the Israeli court that he does not need to make additional disclosures of documents because

Adelson will not dispute that he had a meeting with a Mr. Suen before September 2001

concerning getting a license for the Macau casino project and that there were "several actions" in

this time period:

> [the Roberts Affidavit in the U.S.]  concerns a statement from an affidavit that
> was given in **another case and another country**.  This request for document
> should be decided according to the disputes in **this case**, and as above- **in this
> case the defendants admit clearly that before September 2001 there were
> several actions regarding the possibilities of getting the license to operate
> a casino in Macau**.  There will be no dispute concerning this.

Exh. 3, paragraph 23.  (These statements contradict the efforts of the first Roberts Affidavit,

¶¶ 15-19, to imply that such meetings and actions had not occurred (and contradict similar efforts

in the Israeli case), and strengthen the inference that my initiation of the Macau opportunity in

1999 occurred.)  Adelson states that he should not have to make additional discovery:

> Yet there is no value to documents concerning meetings or
> conversation **with other entities** concerning the Macau Casino (or
> documents concerning other events such as tours) , as the Defendants
> admit openly that there were meetings, conversation, and events as
> mentioned above.  [Exh.3, Paragraph 45, emphasis in original.]

### Witnesses Named In Israel and the United States

4.        In the Israeli proceedings between myself and Sheldon Adelson ("Adelson"),

pursuant to Israeli court rules, the parties have disclosed witness lists to each other in the earliest

case, the action filed by me against Adelson and IPI, in which all the terms of the employment

contract are in issue, including the terms of my entitlement to share in investments I initiated.

When Adelson filed his witness list in this proceeding, in November 2002, he was thus aware of

the need to address all contract terms, including my right to participate in Adelson's investments in opportunities found by me. <u>On this list Adelson named only Israeli citizens plus himself.</u> Adelson's Israeli witnesses all have Israeli ID numbers, and are all residents of Israel: Yehuda (Dadi) Zamir ID 054178033, Dan Raviv ID00880625, Miri Schori ID 078856234, and David Farbstein ID 52340296, and have <u>all given affidavits in Hebrew in Israel</u>. That is, in 2002 Adelson did not name Roberts, O'Connor, or any other U.S. citizen as having relevant knowledge of the terms of Hananel's employment contract, including the rights to share in investments (options).

5.    All of my witnesses designated in the 2001 action are Israeli and all are residents of Israel (Oded Efrat, Mira Adelson, and more Israeli witnesses will be called to testify: Arieh Lees, Max Blankstein, David Itach, Avi Heifetz, Uzi Katz, Philis Gotlib, Ido Sheinberg, Alon Haike, Ehod Sol, Jacob Neeman, Dan Chin, Zveda Shelomo, David Ilan, and Moshe Melnick).

6.    In the (2002) case Adelson brought (through his company IPI) against me, alleging misuse of funds, both sides have filed witness lists. Adelson has identified five United States residents, but all are either employees or partners of Adelson and have traveled to Israel on at least several occasions, and four Israeli citizens; Hananel has identified ten witnesses, all Israeli citizens. I have added comments to the names of Adelson's witnesses:

    a.    Adelson:

        1. Paul G. Roberts-Adelson's employee- has been in Israel several times (*see* ¶ 6 below).
        2. Stephen Joseph O'Connor -Adelson's employee- has been in Israel several times (*see* ¶ 6 below).
        3. Irwin Chafetz - Adelson's partner- has been in Israel several times (*see* ¶ 6 below).
        4. Theodore Harry Cutler -Adelson's partner- has been in Israel several times (*see* ¶ 6 below).
        5. Lawrence Henry Marder - Adelson's employee- has been in Israel several times.
        6. Yehuda (Dadi) Zamir- Adelson employee–Israeli ID 54178033.
        7. Dan Raviv –Adelson's employee –Israeli ID 880625

8. Miri Schori -was Adelson's employee at the time of her affidavit-Israeli ID 78856234.

The last three witnesses are residents of Israel.

b. Hananel-all are Israeli, gave affidavits in Israel (submitted on Nov. 8, 2004) and agreed to testify only in Israel.

1. Hugett AlHadad ID 6903052-6.
2. Majali Wahebe ID 50793751.
3. Dan Tichon- ID 6732481.
4. Miriam Cohen-ID 4355509.
5. Galit Kerner –ID 28710663.
6. David Miro-ID 59272476.
7. Iris Mentzer-ID 57112203.
8. Orli Katav-ID 59190967.
9. Margalit Gordon-ID 51286946.
10. Alex Greenwald-ID 67490649.

The first three witnesses have diplomatic passports and are therefore not necessarily allowed to testify in foreign proceedings.

All ten witnesses are residents of Israel.

7. In my 2d Affidavit ¶ 14 I reviewed Roberts's list of witnesses in his 1st Affidavit in this action. For convenience I repeat here that I am "personally acquainted with almost all of the persons named, and almost all of them have traveled to Israel in the past and some have family in Israel. Of the persons listed, in addition to Adelson, Mr. Roberts, Stephen O'Connor, Irwin Chafetz, and Theodore Cutler have given affidavits in the Israeli proceedings. All five witnesses' affidavits were certified by an Israeli consul and all five witnesses expressed by signing this document their willingness to come to Israel to testify. I am personally aware of

many trips to Israel by Mr. Roberts, including visits to Adelson in his Israeli residence at 10

Paamoni street in Tel Aviv and his Israeli office in Ramat Gan."

I declare under penalty of perjury under the laws of the United States of America that the

foregoing statements are true and correct to my personal knowledge, this 15th day of December

2005.

Moshe Hananel

# EXHIBIT 1

EXHIBIT 1 TO 7TH HANANEL AFFIDAVIT
HANANEL AFFIDAVIT PARAGRAPHS CONCERNING THE ISRAELI LITIGATIONS:

1st Aff. (Dkt # 12, June, 2004) Paragraphs 25-32:

### Three Litigations In Israel Between Adelson And Myself

25.     Following my termination in April 2000, Adelson and I disputed the amount of compensation due me from my work at IPI and my rights to receive stock options in high-tech and casino projects. This dispute has resulted in proceedings in Israel concerning all of the claims and allegations Adelson raises in his U.S. Complaint.

26.     Adelson and I are presently parties before the Tel Aviv District Labor Court of Israel in three proceedings described below (and an additional proceeding in the State Labor Court in Jerusalem, an appeal by Adelson of an evidentiary ruling in the 2001 case). There have been hundreds of documents including thousands of pages submitted to the courts in these actions. Because English is an official language of the Israeli courts, Adelson has been able to submit an affidavit in English (copy attached as Exh. 1 hereto). The vast majority of all documents have been in Hebrew. Adelson has taken positions in these Israeli proceedings that substantially contradict some allegations of his U.S. Complaint.

a.     **Hananel v. Adelson & IPI, 2001.** I filed suit against Adelson individually and IPI in the Tel Aviv District Labor Court August 19, 2001 ("the 2001 suit"). I claimed money due me pursuant to oral employment agreements with Adelson and IPI, thereby putting the terms and performance of my relationship with Adelson at issue. (Adelson's September 29, 2002 Affidavit, a true copy of which is Exh. 1 hereto, was

filed in this action.)  In its answer to my complaint, filed on November 18, 2001, IPI denied my claims for options and other past due compensation. Interface denied also that I served as its manager, that I was fired, and that it had an employment agreement with me.  IPI took the opposite position on these issues in its 2002 suit, and, as Adelson also takes the opposite position concerning the existence of an employment contract in the present Complaint.  Adelson has <u>never alleged any meetings in Massachusetts or contacts with Massachusetts, has never mentioned the presence of a third person in any employment negotiations, and has never designated to the Israeli court any third person as a witness to such negotiations</u>, all contrary to allegations in the U.S. Complaint.

b.  **IPI v. Hananel, 2002.**  Adelson's company IPI then <u>chose the same Israeli court</u> to bring a countersuit against me.  On November 17, 2002, IPI filed suit against me, seeking the return of allegedly misused IPI funds ("the 2002 suit").  In its Israeli suit, IPI (as always fully owned and controlled by Adelson) confirmed, as does Adelson in the present Complaint, that there <u>was</u> an employment agreement between IPI and Hananel and that Hananel was the manager of the Israeli office of IPI, and alleges meetings between Hananel and Adelson in Israel and Las Vegas, Nevada, and in other foreign countries. IPI admits joint trips by Adelson and Hananel to Jordan to assist IPI in promoting a joint Jordanian-Israeli project, although IPI does not mention that the project was a casino.  <u>As in the 2001 suit IPI/Adelson never allege any meetings in or contacts with Massachusetts.</u>

c.    **Hananel v. Adelson and IPI, 2003.**  The following year, on December

17, 2003, I commenced another suit in the <u>same Israeli court</u> against both

Adelson individually and IPI for my rights in options and stock in the

Macau project ("the 2003 suit").  Adelson responded to the suit by

contesting service of process, but the District Labor Court rejected his

arguments in an order dated May 24, 2003 more fully described below.

### Statements And Admissions By Adelson In Israeli Lawsuits

27.    Adelson's September 29, 2002 Affidavit in the 2001 suit (Exh. 1 hereto)

and, as stated above, all of his or IPI's other papers filed in the 2001, 2002, or 2003

Israeli suits <u>lack any claim that</u> <u>employment agreements with me had been made in</u>

<u>Massachusetts, lack any allegation that any meetings had taken place in Massachusetts,</u>

<u>lack any allegation that I had contacts with Massachusetts, and, indeed, lack any mention</u>

<u>of Massachusetts.</u>

28.    On March 30, 2004, IPI filed a Statement of Defense to my 2003 lawsuit

arguing that the 2003 lawsuit <u>should be stayed because the question of my Macao claim</u>

<u>is the subject of my prior (2001) Israeli lawsuit.</u>

### Relevant Findings By Israeli District Labor Court

29.    In her 24 May 2004 decision in the 2003 action, Judge Davidov-Mutola

held that I had properly served Adelson under Israeli law by serving his Israeli attorneys,

and also by serving IPI.  Attached as Exh. 4 hereto is an accurate translation of relevant

portions of the 24 May 2003 decision, which was originally in Hebrew.

30.    Judge Davidov-Mutola found that service on Adelson's Israeli attorneys

was proper based on the following facts:

a.   The complaint in the 2003 suit "deals substantively with the same matter as the [2001 suit]" and these same attorneys had represented Adelson (and IPI) in the 2001 action.  Exh. 4, ¶ 19.

b.   The complaint in the 2003 suit "evolved from the same claimed [employment] agreement and deals with the same issues." ¶ 22.

c.   A limitation by Adelson of his relationship with these attorneys, saying that their representation of him was strictly limited to the other cases, was issued for a tendentious purpose, and consequently service on these attorneys was valid. ¶ 22.]

d.   Adelson did not substantively dispute that he was aware of the 2003 action or that he is in very close contact with these attorneys concerning the other litigation. ¶ 20.

31.   She also found that <u>service on Adelson by delivering the papers to IPI in Israel</u> was proper, for the following reasons:

a.   Adelson's own prior affidavit in the 2001 action (Exh. 1 hereto), paragraph 8, showed that he had personal and direct involvement in employing me, although IPI was the formal employer.  ¶ 28.

b.   Adelson had also admitted that he closely supervised and actively participated in IPI's business in Israel.  Judge Davidov-Mutola rejected Adelson's argument that a holding against him would make all CEO's of multinational corporations liable to personal service through an Israeli branch, distinguishing Adelson because of his close personal involvement in the Israeli business. ¶ 28.

32.    Judge Davidov-Mutola also ruled that the 2003 suit <u>should be consolidated</u> <u>with the 2001 suit</u> "to save judicial time and to prevent inconsistent decisions on the same issues." She stated that the 2003 suit was "another layer of" the 2001 suit. She ordered the parties to submit their positions on consolidation in thirty days, i.e., by June 23, 2004. Exh. 4, ¶ 32. She ordered Adelson to pay the Plaintiff's expenses of the motion. Exh. 4, ¶ 33.

**2d Aff. (Dkt # 21, August, 2004) Paragraph 2:**

2.    On July 21, 2004, the Israeli Labor Court entered an order consolidating my 2001 employment lawsuit against Adelson and IPI with my 2003 lawsuit concerning my Macau claim. A true copy of the court's order in Hebrew and an accurate translation thereof are attached hereto as Exh. 1. I have been further informed that the court office of file assignment has set the date of Nov. 18, 2004 for the next conference in the consolidated cases.

**4th Aff. (Dkt # 56, June 22, 2005) Paragraph 7:**

7.    In the Israeli proceeding concerning the Macau claim, the court has issued three decisions and conducted a hearing, and the parties have exchanged disclosure affidavits and documents, since February 22, 2005. As stated in my earlier affidavits, my financial resources are being severely strained by Adelson's pursuit of the United States litigation in addition to the Israeli litigations.

# EXHIBIT 2

EXHIBIT 2 TO 7TH HANANEL AFFIDAVIT
PROCEEDINGS IN ISRAELI CASES FROM DECEMBER 21, 2004 TO DECEMBER 12, 2005

| Hananel v. Interface and Adelson unified file no. 6245/01 | Interface v. Hananel, case no. 9015/02 |
|---|---|
| **Feb 22, 2005** – Judge Tenenboim decision rejects Interface's request to instruct Hananel to avoid any contact and/or harassment and/or threat towards Interface witnesses or Adelson witnesses. | **November 7, 2004** - Judge Lexer decision postponed the hearing to Mar 8, 2005, at Interface's request dated November 4, 2004. |
| **March 16, 2005** - notice from Hananel to the court that the police investigation of Interface's complaint against him was closed since the police did not find any criminal conduct in Hananel's actions. | **Jan 2,2005** – Hananel's motion for disclosure of specific documents and details by Interface. |
| **March 22,2005**- Hananel's urgent motion to enforce the court decision (dated December 2, 2004) requiring Interface to submit to Hananel a document disclosure affidavit. | **Jan. 10,2005** – Judge Lexer's decision not to change her ruling of Dec. 1,,2004 "there is nothing in this specific case, as shown in the court document and the different affidavits or any justification to give such an order"- referring to IPI's request that Hananel avoid any contact with its witnesses. |
| **March 22, 2005**- The court decides that Interface should respond to Hananel request (mentioned above) in seven days. | **Jan. 12, 2005** – court decision – Interface will response to the above mentioned request (Jan. 2, 2005) within 15 days. |
| **Mar 30,2005** – Interface response to motion to enforce decision regarding disclosure and review of documents, and its request for extension of 45 days. | **Jan. 27, 2005** – Interface's response. |
| **March 31,2005** - The court (judge Tenenboim) decides that Interface will submit a document disclosure affidavit | **Feb 6, 2005** – Hananel's response to Interface's response. |

| | |
|---|---|
| within two days and that the disclosure of those documents will be within five days. | |
| **April 3, 2005** - Exchange of disclosure affidavits by the parties. | **Feb 13,2005** – Decision of the court Zadik Ravit in motion 3020/05, Interface will reveal the documents mentioned in Hananel's motion in articles 2,3,5,6,10 within 15 days. Interface will pay expenses of 1,000 shekels to Hananel. |
| **April 6, 2005** – Mutual document review by the parties. | **Feb 24,2005** – Interface motion for extension by 45 days of the decision of the court. |
| | **Mar 13, 2005**– The court extends the period for Interface to reveal the documents until Apr 13,2005. |
| **April 10,2005** – Additional submission by IPI and Adelson of documents no. 2.37 to the disclosure affidavit of Interface and Adelson. | **March 16, 2005** - notice from Hananel to the court that the police investigation of Interface's complaint against him was closed since the police did not find any criminal conduct in Hananel's actions. |
| **Apr 8,2005** - Hearing before Judge Tenenboim postponed by the court from 11th of April to 14th of April. | |
| **April 12, 2005**- urgent notice from Hananel notifying the court he is submitting an urgent request to the National Labor Court to decide on the appeal submitted by Interface. | **Apr 13, 2005** – Interface submits part of the documents to Hananel. |
| | **May 25, 2005 -** Hananel request the Court to instruct Interface to obey Court decision from Feb 13,2005 to reveal documents requested. |
| | **May 29, 2005 -** Decision by the court- Ravit- Interface will respond within 15 days (by June 13, 2005). |

2                                   page 2

| | |
|---|---|
| | **Jun 14, 2005-** Interface response to the request to obey Court decision from Feb 13, 2005-they claim that the requested documents are not in their hands and gave affidavit of Mrs. Liora Brolad, Israeli office manager of Interface. |
| | **Jun 20,2005-** Decision by the court- Ravit- If the documents requested are not in their hands, an order cannot be given to reveal them. |
| **Apr. 14, 2005 –** Hearing before judge Tenenboim. It was decided that the process of disclosing revealing will be finished within 60 days (Interface requested 90 days).  After mutual notice the judge will give a decision on Hananel's request regarding submission of affidavits. | |
| **June 12, 2005-** Notice from Hananel that the process of disclosing documents between the parties was not finished. Hananel referred to several letters sent to Interface and Adelson requesting of additional documents and information. | **Mar 6, 2005 –** Mutual request to delay the date of the hearing from Mar 8,2005- initiated by Hananel's lawyer due to personal reasons. |
| | Decision by Judge Lexer – the hearing postponed to Oct 11, 2005 because of her vacation. |
| | Additional requests to fix an earlier date by Hananel were denied. |
| **Jun 15, 2005-**Urgent request by IPI/Adelson to instruct Hananel to obey Court decision of March 31,2005 in the matter of disclosure of documents. | **Apr 18, 2005-** Interface motion to instruct Hananel to submit again disclosure affidavit according to the law. |
| **Jun 29,2005-** Decision of judge Tenenboim that the lawyer will allow disclosure of the original documents mention in paragraph 14,15 in the Affidavit of Hananel within 7 days after fixing of exact time between the parties. | **May 1, 2005-** Decision of advocate Moriel –Hananel will respond within 20 days. |

| | |
|---|---|
| **Jul 7, 2005** - Request by Interface and Adelson for additional details- for the name of the Israeli entrepreneur . | **May 22, 2005-** Hananel response to Interface request. |
| **Jul 14, 2005-** Notice from Hananel regarding the additional details. | **May 26, 2005-** Court decision –Hananel will submit Affidavit of all documents (submitted already) according to the law to make discussions more efficient. The Affidavit will be submitted within 15 days. |
| **Jul 21, 2005-** Court decision- to the response of Hananel. | **Jun 2, 2005-** Hananel submitted Affidavit of documents disclosure in accordance with the court's decision dated May 26, 2005 . |
| **Aug 25, 2005-** Hananel Response to request for additional details | **April 18,2005-** Motion of Interface to permit it to obtain additional affidavits and documents. |
| **Aug 31, 2005-** Response of Interface and Adelson to the reply for additional details. | **May 3, 2005-**Decision of Judge Lexer- Hananel will respond within 14 days |
| **Sep 12, 2005-** Request of Interface and Adelson to dismiss the claim. | **May 17, 2005-** Response of Hananel to Interface request to permit it additional Affidavits and documents. |
| **Sep 20, 2005-** Court decision –Judge Tenenboim –Hananel should advise within 10 days who is the Israeli entrepreneur.  Hananel will pay expenses of 1500 shekels. | **May 24,2005-** Decision of Judge Lexer – Interface will submit Affidavit of response within 30 days from today as long as it does not change the disputes between the parties. |
| **Oct 6, 2005-** Response of Hananel to the plaintiff's request to dismiss the claim. | **May 30,2005-** Request of Interface to extend the period until September 1,2005. |
| | **June 12, 2005-** Response of Hananel to Interface request to extend the period for submission of additional affidavits and documents. |
| **Oct 6, 2005-**Motion by the plaintiff (Hananel) to enjoin the defendant from | **June 14, 2005-** the court (Judge Lobotzky) decided in favor of Interface's urgent |

| | |
|---|---|
| pursuing parallel proceedings outside Israel. | request (dated June 9, 2005) in the motion dated May 30, 2005 to accept the request of Interface  based on its claim that Hananel agreed to Interface's motion (which he did not). |
| **Oct 10, 2005-** Decision of Judge Tenenboim – Adelson must respond within 30 days from today to Hananel's motion (Oct. 6, 2005). The holidays will be counted in this period. | **June 15, 2005-** Urgent request by Hananel to  cancel this decision. |
| **Nov 9, 2005-** Reply by Adelson to the request of Hananel to enjoin. | **June 15,2005-** Clarification from Interface regarding the request to extend the period for submission of additional affidavits and a request for decision-Interface admits that Hananel objected to its request. |
| **Nov 10, 2005-** Urgent request by Hananel to cancel the reply of Adelson as no affidavit was submitted by Adelson to support the many factual claims that the response is based on. | **Jun 19,2005-** Decision of the court-to postpone Interface's response until July 15, 2005 when the decision will be made by judge Lexer who will come back from her Sabbatical. |
| **Nov 10, 2005-** Request by Hananel from the court to declare that Arieh Lees is his witness. | **Jun 29,2005-** Urgent request by Hananel to cancel the decision of the court on June 14, 2005. |
| **Nov 10, 2005-** Request by Hananel for specific disclosure of documents and additional details. | **Jun 29,2005:** Response from Hananel to clarify regarding the request of Interface to extend the period of submission of additional affidavits and a request for decision. |
| **Nov 20, 2005-** Judge Tenenboim—to the response of IPI and Adelson (about the witness Lees). | **Jul 18, 2005-** Decision of Judge Lexer- the request and the response about the Reply Affidavits will be clarified in the pre trial hearing on Oct 11,2005. |
| **Nov 20, 2005-** Court decision –to the response of IPI and Adelson ( about specific disclosure of documents and additional details). | **Aug 28, 2005-** Request by Interface to extend the date of the submissions of Reply Affidavits. |
| **Nov 22, 2005-** Reply of the defendants (IPI and Adelson) to the urgent request | **Sep 1, 2005-** Response of Hananel to the request to extend the date of submission. |

| | |
|---|---|
| submitted by the plaintiff for documents and details (Nov. 10, 2005). | |
| **Dec 4, 2005-** Response of the plaintiff (Hananel) to the reply of the defendant to the urgent request to cancel the response that was submitted by the defendant. | **Sep 4, 2005-** Court decision- the request to extend date of submission  by Interface will be clarified in the hearing on Oct 11,2005- the plaintiff will submit affidavit concerning the facts that were mentioned in paragraph 2. |
| **Dec 11, 2005-** Response of IPI and Adelson to Hananel request (about the witness Lees). | **Sep 29, 2005-** Request of IPI for documents disclosure- copy of Meeting Diary of Hananel for the period between Jan 1,1996 to May 1, 2000. |
| **Dec 11, 2005-** Response of IPI and Adelson to Hananel request for specific disclosure of documents and additional details. | **Oct 2, 2005-** Request of the plaintiff (IPI) for documents disclosure – Galilee Tours archive documents. |
| | **Oct 2, 2005-** Request from the plaintiff (IPI) to postpone the date of the pre-trial hearing. |
| | **Oct 6, 2005-** Notice from the defendant (Hananel) concerning the plaintiff (IPI)'s request to postpone the date of the hearing. |
| | **Oct 6, 2005-**Request of the plaintiff (IPI) to amend its claim.  IPI seeks to add a claim for about 2,000 shekels (about $450.00 to its previous claim for more than 2.6 million shekels (about $600,000).  IPI claims 550 shekels for flowers, 1000 shekels for a contribution to a hospital, and 570 shekels for car tickets. |
| | **Oct 6,2005-** Court Decision- Judge Lexer- As was explained in the request and as only today a request was submitted to amend the claim, it will not be possible to finalize the pre-trial hearing that was fixed for Oct 11,2005. So, the hearing will be postponed to Jan 19, 2005. |

| | |
|---|---|
| | **Oct 6,2005-** Urgent request by the defendant (Hananel) to cancel the decision to postpone that was taken in the presence of one side only. |
| | **Oct 9,2005-** Response of Hananel to the request of IPI to amend its claim. |
| | **Oct 10,2005-** Court decision- Judge Lexer- in the urgent request of Hananel to cancel the decision to postpone that was accepted after hearing only one side: <br><br> 1. After reading the urgent request and in response to the request to postpone the hearing, I do not find that I have to change my decision concerning the delay of the hearing to Jan 19, 2006. <br><br> 2. It will be clarified that according the accepted procedure, there should be one final hearing, before transferring the file to proofs. As the plaintiff (IPI) submitted a request to amend the claim on Oct 6, 2005, that has to be discussed in front of a register.  The disputes in the claim may change, and the file is not yet ready for final hearing. <br><br> 3. The hearing will be on Jan 19, 2006 and also paragraph 2.3 to the request will be discussed. <br><br> 4.  If it will appear at the time the motion is decided that the plaintiff (IPI) did it on purpose to harassed the defendant (Hananel), he will be able to ask the court to take act against IPI. |
| | **Oct 23, 2005-** Response of IPI to the reply of Hananel to its request to amend the claim. |
| | **Oct 26, 2005-** Response of Hananel to the requests of IPI for document disclosure |

| | |
|---|---|
| | (meeting diary and Galilee Tours archive documents). |
| | **Nov 16, 2005-** Request of Hananel that Interface will not be allowed to submit Reply Affidavits(as they had not yet been submitted by IPI). |
| | **Nov 20,2005**- Decision of register Weitzman Dagit – the response of the plaintiff (IPI ) will be made within 21 days (request from Nov 16, 2005). |
| | **Nov 29, 2005-** Court Decision-register Weitzman Dagit- the request of IPI to amend the claim is accepted.<br><br>A. An amended claim as detailed in the request will be submitted within 21 days.<br><br>B. The defendant can submit amended defenses concerning these claims that were added to the original claim within 30 days from getting the new corrected claim. |
| | **Nov 30,2005-** Court Decision-register Weitzman Dagit-The two requests of IPI for disclosure of documents from Hananel (meeting diary and Galilee Tours archive documents) are denied. IPI will pay Hananel 1000 Shekels. |
| | **Dec 12,2005-** Hananel files an appeal to the judge of the register's decision to allow IPI to amend its claim |
| | **Dec 12, 2005-** Response of IPI to Hananel's request for additional affidavits. |

# EXHIBIT 3

EXHIBIT 3 TO 7TH HANANEL AFFIDAVIT
EXCERPTS FROM ADELSON REPLY IN CONSOLIDATED ISRAEL PROCEEDING DATED
DEC. 11, 2005

Adelson and IPI filed a reply to Hananel's request for specific additional documents on Dec 11, 2005 with no affidavit.  An accurate translation of pertinent sections of the reply follow.

Paragraph 20- The subject is a tower of cards hanging in the air.  The defendants [Adelson and IPI][Footnote 1]  would like to clarify to the honorable court at this stage: **There will be no dispute in this case that even before September 2001 the 2nd defendant [Adelson] met with the same Mr. Richard Suen mentioned above, who wanted to know if the Venetian company (the company that is in the ownership of the 2nd defendant [Adelson] ) would have an interest in obtaining a license to operate a casino in Macau and gave a hint that he could get such a license, as said above a statement that was later found to have no basis.** [Emphasis in original]

Footnote 1:  We write the "**defendants**" in this above reply from caution only, as the position of defendant 1 [IPI] is that it has no part- direct or indirect- in any project in Macau. See the request of the 1st defendant to withdraw the opposing claim (2530/04), and the affidavits from the 1st defendant that were submitted by it.  It was stated that the request that was submitted by the 1st defendant [IPI] was denied because - "**Should the defendant [IPI] submit a defendant's statement, that will– supposedly–say that it has no connection to the Macau Project, the subject will be discussed in depth as a dispute in the main case.**"

Paragraph 23- It will be also emphasized- The plaintiff [Hananel] may claim that the "correct explanation" of  the Paul Roberts affidavit that was submitted in the United States is that "**Before the Fall of 2001 ( which means before Sept. 2001) there wasn't any action (by the 2nd defendant) or by anyone on his behalf concerning the Project of Casino in Macau**"-although the foregoing statement, was not said by Paul Roberts. But, in any case, it concerns a statement from an affidavit that was given in **another case and another country**.  This request for document should be decided according to the disputes in **this case**, and as above- **in this case the defendants admit clearly that before September 2001 there were several actions regarding the possibilities of getting the license to operate a casino in Macau.** There will be no dispute concerning this.

Paragraph 45- Hence as the arguments in paragraphs 2.5-2.7 for the request are **identical** to the arguments in paragraph 2.3 of the request, **the legal decision should also be identical,** therefore we will summarize.  A legitimate request of the plaintiff could have been to ask the defendants for documents concerning any involvement **of the plaintiff** in what he refers to as "The Macau Project." Yet there is no value to documents concerning meetings or conversation **with other entities** concerning the Macau Casino (or documents concerning other events–such as tours), as the Defendants admit openly that there were meetings, conversation and events as mentioned above.  (This should not be interpreted as a consent from the Defendants side to meetings, conversation and other specific events claimed by the plaintiff in this request.) [Emphasis in original.]