IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELDON G. ADELSON, | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) 04-cv-10357-RCL |
| MOSHE HANANEL, | ) |
| Defendant. | ) |

## MOTION OF HANANEL TO POSTPONE COMMENCEMENT OF DISCOVERY UNTIL DECISION ON FORUM NON CONVENIENS

Defendant Moshe Hananel ("Hananel") moves the Court pursuant to Fed. R. Civ. P. 16 to postpone the commencement of discovery in this action until a reasonable time following the Court's decision on his motion to dismiss for forum non conveniens. As grounds, Hananel says:

1. In January 2005 this Court denied without prejudice Hananel's previous forum non conveniens motion, allowing its renewal after resolution of the jurisdiction question. Electronic Order dated January 19, 2005; *see* Report and Recommendation on Defendant's Renewed Motion to Dismiss For Lack Of Personal Jurisdiction (Magistrate Judge Sorokin), Oct. 31, 2005, Dkt # 78 at 2 ("Rept.").[1] This Court adopted Judge Sorokin's recommendation granting dismissal of three of the four counts in the Complaint but finding jurisdiction over Hananel for Count I. Electronic Order November 29, 2005. Hananel has filed his renewed

---

[1] Judge Sorokin expressly found that:
> The fourth [Gestalt] factor–the judicial system's interest in obtaining resolution to the controversy in the most efficacious manner–<u>counsels against relegating a suit to several different jurisdictions.</u> *Pritzker [ v. Yari]*, 42 F.3d [53] at 64. While this factor <u>weighs against plaintiff in this case because of the earlier filed suits pending in Israel</u>, it is insufficient to tip the constitutional balance on the facts of this case, especially when other more targeted approaches, if appropriate under the applicable law, <u>such as abstention or forum non convenience</u>, could directly address the potential problem of <u>conflicting judgments or bifurcation of a dispute among two jurisdictions</u> without preventing plaintiff from invoking a constitutional exercise of the Court's jurisdiction.

Rept. at 22-23 (emphasis added).

Motion to Dismiss, together with an affidavit updating the active litigation in Israel concerning the claims between Hananel and Adelson that fully include all aspects of Count 1. Hananel shows that Israel is (and has been for four years of litigation) an available and adequate forum (as Adelson himself, through his wholly-owned corporation IPI, has sued Hananel there on the same employment contract), and a balancing of private and public interest factors heavily <u>favors Israel, where the sole remaining cause of action alleged by Adelson has been and is continuing to be actively litigated by both Adelson and Hananel</u>.

2.  Hananel's motion papers also list the numerous Israeli witnesses identified by both sides and describe the thousands of pages of documents in Hebrew which both Adelson and Hananel have submitted to the Israeli court. His Seventh Affidavit discusses in detail the intensive proceedings in Israel in which the parties are engaged.

3.  "[T]he *forum non conveniens* doctrine's principal purpose is to ensure that trials are convenient, both for the parties and for the court." *Mercier v. Sheraton Int'l, Inc., 935 F.2d 419, 424* (1st Cir. 1991). "[T]he ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice." *Iragorri v. International Elevator, Inc.*, 203 F.3d 8, 12 (1st Cir. 2000), quoting *Koster v. (American) Lumbermen's Mut. Cas. Co.,* 330 U.S. 518, 527 (1947). The commencement of discovery in this duplicative action will impose burdens on the parties and the Court which may prove completely unnecessary. As both parties have already agreed that the continuing litigation in Israel will serve their convenience, this Court should postpone the commencement of discovery in the present action until a reasonable time after a decision on Hananel's renewed Motion to Dismiss.[2]

---

[2] The Court has set a scheduling conference for Dec. 29, 2005 at 2:30 p.m.

- 3 -

WHEREFORE, the Court should order the postponement of the commencement of Rule 26 and other discovery in the present action until a reasonable time after a decision on Hananel's renewed Motion to Dismiss on the grounds of forum non conveniens.

Dated: December 15, 2005

MOSHE HANANEL
By His Attorneys,

/s/ James A. G. Hamilton
James A. G. Hamilton (MA Bar # 218760)
PERKINS, SMITH & COHEN, LLP
One Beacon Street
Boston, MA  02108
617.854.4000

MotPostpDisc-31216-1