IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELDON G. ADELSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| v. ) | **04-cv-10357-RCL** |
| ) | |
| MOSHE HANANEL, ) | |
| ) | |
| Defendant. ) | |

**MOTION OF HANANEL TO FURTHER EXTEND TIME TO ANSWER**

Defendant Moshe Hananel ("Hananel") moves to extend the time to file and serve his Answer in the above action until a date twenty days following the Court's decision on Hananel's pending Motion to Dismiss for Forum Non Conveniens. As grounds, Hananel says:

1. Hananel's motion papers fully describe the ongoing prior litigation in Israel between Hananel and Adelson involving precisely the same issues, and set forth the substantial activity which has occurred over the preceding four years leading towards trial in Israel. Hananel's papers also set forth additional grounds for dismissal under the doctrine of forum non conveniens.

2. In January 2005 this Court denied without prejudice Hananel's previous forum non conveniens motion, allowing its renewal after resolution of the jurisdiction question. Electronic Order dated January 19, 2005; *see* Report and Recommendation on Defendant's Renewed Motion to Dismiss For Lack Of Personal Jurisdiction (Magistrate Judge Sorokin), Oct. 31, 2005, Dkt # 78 at 2 ("Rept.").[1] This Court adopted Judge Sorokin's recommendation

---

[1]  Judge Sorokin expressly found that:
    The fourth [Gestalt] factor–the judicial system's interest in obtaining resolution to the controversy in the most efficacious manner–<u>counsels against relegating a suit to several different jurisdictions.</u> *Pritzker [ v. Yari],* 42 F.3d [53] at 64. While this factor <u>weighs against plaintiff in this case</u>

granting dismissal of three of the four counts in the Complaint but finding jurisdiction over Hananel for Count I. Electronic Order November 29, 2005. Hananel has filed his renewed Motion to Dismiss, together with an affidavit updating the active litigation in Israel concerning the claims between Hananel and Adelson that fully include all aspects of Count 1. Hananel shows that Israel is (and has been for four years of litigation) an available and adequate forum (as Adelson himself, through his wholly-owned corporation IPI, has sued Hananel there on the same employment contract), and a balancing of private and public interest factors heavily <u>favors Israel, where the sole remaining cause of action alleged by Adelson has been and is continuing to be actively litigated by both Adelson and Hananel</u>.

3.   Hananel's motion papers also list the numerous Israeli witnesses identified by both sides and describe the thousands of pages of documents in Hebrew which both Adelson and Hananel have submitted to the Israeli court. His Seventh Affidavit discusses in detail the intensive proceedings in Israel in which the parties are engaged.

4.   "[T]he *forum non conveniens* doctrine's principal purpose is to ensure that trials are convenient, both for the parties and for the court." *Mercier v. Sheraton Int'l, Inc., 935 F.2d 419, 424* (1st Cir. 1991). "[T]he ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice." *Iragorri v. International Elevator, Inc.*, 203 F.3d 8, 12 (1st Cir. 2000)*, quoting Koster v. (American) Lumbermen's Mut. Cas. Co.,* 330 U.S. 518, 527 (1947).

5.   The interests of justice will be served by deferring the Answer (as well as discovery and other proceedings, as set forth in other motions and oppositions currently

---

> <u>because of the earlier filed suits pending in Israel</u>, it is insufficient to tip the constitutional balance on the facts of this case, especially when other more targeted approaches, if appropriate under the applicable law, <u>such as abstention or forum non convenience</u>, could directly address the potential problem of <u>conflicting judgments or bifurcation of a dispute among two jurisdictions</u> without preventing plaintiff from invoking a constitutional exercise of the Court's jurisdiction.

Rept. at 22-23 (emphasis added).

- 3 -

pending), because the answer and other proceedings will not be necessary if the motion to dismiss is allowed, and the expenses to both parties, of pursuing the present duplicative litigation while the prior continuing proceedings in Israel are going forward, will not be necessary.

6.     This is Defendant's second extension request.  Counsel for Plaintiff assented to the first request, for a ten-day extension to Dec. 23, 2005, and the Court allowed it on Dec. 13, 2005.

WHEREFORE, the Court is requested to extend the time for filing and service of Hananel's Answer from December 23, 2005 to a date twenty days following the entry of decision by this Court on Hananel's Motion to Dismiss for Forum Non Conveniens.

>Respectfully submitted,
>MOSHE HANANEL
>By His Attorneys,
>
>/s/ James A. G. Hamilton
>James A. G. Hamilton (MA Bar # 218760)
>PERKINS, SMITH & COHEN, LLP
>One Beacon Street
>Boston, MA  02108
>617.854.4000