UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SHELDON G. ADELSON,

        Plaintiff,

v.

MOSHE HANANEL,

        Defendant.

Docket No. 04CV10357RCL

## PLAINTIFF'S STATEMENT OF UNCONTESTED FACTS

1. Las Vegas Sands Corp. is a public company. Its stock is traded on the New York Stock Exchange under the symbol "LVS". Exhibit A hereto.

2. LVS owns and operates a casino in Macao, the Sands Macao, and is constructing the Macao Venetian Resort. The operation of these facilities is pursuant to a twenty year subconcession agreement with a company named Galaxy which was one of three companies granted concessions (licenses) by the Macao government to operate casino gambling Macao. Exhibit A hereto.

3. Prior to December 1999, Macao was a Portuguese colony. In December 1999, it reverted from Portuguese control to the People's Republic of China and became a Special Administrative Region. Exhibit B hereto. Affidavit of William Weidner.

4.  While under Portuguese control, one individual, Stanley Ho, had a monopoly on casino gambling in Macao. Exhibit B hereto.

5.  William P. Weidner had been the President and Chief Operating Officer of LVS since 1995. He has had thirty years experience in the casino business. Exhibit B hereto.

6.  Weidner was well aware of the status of casinos in Macao and knew that Stanley Ho's monopoly would expire in 2001. He was also aware of speculation throughout the 1990's that competition would be allowed once the Chinese took back Macao. Exhibit B hereto.

7.  The initial advisory committee to the Macau government actually made contact and inquiries through their advisor, Arthur Anderson, among the major Vegas hotel owners to see if they would be interest in coming to Macau. Affidavit of Eric Ho, Exhibit C hereto.

8.  In early 2000, the Chief Executive of Macao made a decision to liberalize gaming when Ho's concession expired. In September 2001, the government solicited expressions of interest from companies to operate casinos in Macao. Twenty three companies responded. Affidavit of Eric Ho, Exhibit C hereto.

9.  In October LVS, under the direction of William Weidner submitted an expression of interest. Exhibit B hereto.

10. The submissions made to the Macao government were under the direction of William Wiedner. Weidner never saw nor made use of any document allegedly provided by Hananel. Exhibit B hereto.

BOS\142651.1

11. The Macao Tender Commission imposed certain financial criteria that LVS could not meet. As a result, it entered into an arrangement with the China Development Industrial Bank for a partnership under the name Asia American Entertainment Corporation, Limited ("AAEC"). Exhibits B and C hereto.

12. The AAEC's bid was rejected. The only American company to win a license was Wynn Resorts. Attached as Exhibit D is a translation of the official government announcement. It listed the top six "finishers". LVS is not on the list.

13. The only way LVS was able to operate in Macao was to obtain a twenty-year subconcession from Galaxy. Exhibits A and B hereto.

14. Such subconcessions are not limited to LVS. Currently LVS's competition MGM Mirage is building a hotel/casino under an arrangement with a license holder; and Harrah's another competitor, is rumored to be negotiating a subconcession with Wynn. Exhibit B hereto.

15. Moshe Hananel had nothing to do with the subconcession LVS negotiated with Galaxy. Exhibit B hereto.

16. The tender commission received nothing from Moshe Hananel or prepared by Moshe Hananel. There was nothing that he could have done in 1999 that would have helped get a license or subconcession. No knowledge he may have had about the Zhuai Special Economic Zone could have helped obtain a license or subconcession. Zhuai is a special economic zone located in Guangdong Province of China, entirely separate from Macau, S.A.R., which is a semi-autonomous, special administrative region of China, with its own government. In fact,

development in Zhuai was never considered to be a factor in the final awarding of any of the three gaming concessions.  Eric Ho Affidavit Exhibit C

17.     Neither Mr. Adelson, nor anyone in his behalf contacted the Tender Commission or any of its members or staff or submitted anything to the Commission, except as part of the AAEC bid. Eric Ho Affidavit, Exhibit C ¶ 17

18.     The Defendant, Moshe Hananel, became an employee of one of the Plaintiff's companies, IPI, as the manager of the IPI's Israeli branch.  According to Hananel, part of his work was to "identify, evaluate and make investments in businesses in Israel and other countries, but never in the United States." Hananel's first Affidavit, ¶ 16

19. His salary was $100,000. Hananel deposition, page 73.

BOS\142651.1

Respectfully submitted,
The Plaintiff,
SHELDON G. ADELSON,
By his Attorneys,

_____
Franklin H. Levy, B.B.O. No. 297720
Albert P. Zabin, B.B.O. No.: 538380
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
(617) 289-9200

DATED: December 30, 2005