## Affidavit

I, Dr. Avigdor Klagsbald, of the City of Ramat Gan, in the State of Israel, Attorney-at-law, MAKE OATH AND SAY AS FOLLOWS:

1. I am a senior partner with the law firm of Danziger, Klagsbald & Co., located in the city of Ramat Gan in the State of Israel.

2. For approximately the past four years I have represented Interface Partners International Limited (or, more precisely, the Company's Israeli branch), and Mr. Sheldon G. Adelson (respectively, "**Interface**", "**Adelson**") in claims that are conducted before the Israeli Labor Courts between them and Mr. Moshe Hananel ("**Hananel**").

3. Mr. Franklin H. Levy, Esq., who represents Adelson in a claim that has been filed against Hananel in this Honorable Court, has asked me to address certain aspects of the Israeli litigation between Hananel and Interface and Adelson in the Labor Courts.

4. The ordinary procedure in claims conducted before the Labor Courts is as follows: filing of a **Complaint** and an **Answer**; thereafter –filing of **affidavits in lieu of direct testimony** (first by the Plaintiff and then by the Defendant); thereafter –**scheduling of cross examinations** (first of the Plaintiff's witnesses and then of the Defendant's witnesses); thereafter –filing of **summations** (first by the Plaintiff and then by the Defendant); and finally – the **issuance of a judgment**. Generally, by the date of filing of the affidavits or commencement of the cross examinations, the parties should complete the preliminary procedural proceedings, such as discovery and inspection of documents, either by mutual agreement or by filing motions in this matter with the Court.

5. Hananel has filed two claims against Interface and Adelson with the Tel Aviv District Labor Court. The first claim was filed in August 2001 and the second claim, regarding Macau, was filed in December 2003 (both claims have been consolidated pursuant to the Labor Court's decision of July 21, 2004).

6. In the first claim, a Complaint, an Answer and the Plaintiff's and the Defendants' affidavits in lieu of direct testimony have been filed. In the second claim, the Complaint and Answer have been filed, but no affidavits in lieu of direct testimony have yet been filed.

7. Hananel's affidavit in the first claim included descriptions and documents pertaining to settlement negotiations that were held with Hananel before he filed his claims. Interface and Adelson have moved the District Labor Court to set aside the said descriptions and documents. The motion was denied.

8. Therefore, Interface and Adelson filed a motion with the National Labor Court for leave to appeal the said decision of the District Court. In its decision of October 23, 2003, the National Labor Court granted Interface and Adelson's motion for leave to appeal, i.e., allowed Interface and Adelson to appeal the District Labor Court's decision. The appeal was heard on October 30, 2003, and to date no decision has been issued therein.

9. On December 2, 2004, a pretrial was hearing held before the District Labor Court in the consolidated claims. Certain pending interim motions were mentioned in the hearing, and the District Court ruled that "**the decision in the additional motions that are pending will be given after the ruling of the National Court in the appeal pending before it**".

A full copy of the transcript of the hearing of December 2, 2004 (in Hebrew and an English translation), is attached hereto as **Exhibit A**.

10. The next pretrial hearing in the consolidated claims was held before the District Labor Court on April 14, 2005. In the pretrial, Hananel's counsel claimed that **"We believe that under these circumstances and after we have waited for the National Court's decision for more than a year, I think that it is proper and correct to move forward with the case in the sense that affidavits will be filed in lieu of direct testimony and affidavits will be filed on behalf of the Defendants and lists of witnesses, and when a decision is received from the National Court, if any, then we shall decide what to do with[1] part of the affidavits will be modified or not but I see no reason to postpone the process of filing the affidavits."**

11. In its decision of the same day (April 14, 2005), the Court ruled that **"The parties shall notify within 60 days from today, whether the discovery proceedings have indeed ended. Pursuant to the parties' notices, a decision shall be issued on the Plaintiff's counsel's motion to file the affidavits in lieu of direct testimony. Insofar as a decision is received from the National Court, the parties shall arrange to have it filed in the Court's file. For my review on June 15, 2005. For the avoidance of doubt, the pre-trial has not yet come to an end."**.

A full copy of the transcript of the April 14, 2005 hearing (in Hebrew and an English translation), is attached hereto as **Exhibit B**.

12. To date, no decision has been issued by the National Labor Court in the appeal, no decision has been issued by the District Labor Court to file affidavits in lieu of direct testimony in the Macau claim, and no date has been scheduled in the case for another pretrial hearing (or for any other hearing). All that has taken place in the eight months since the last pretrial hearing in April 2005 is the filing of various motions by the parties on procedural matters (such as discovery and inspection, or further details to clarify the Complaint and the Answer) and the issuance of decisions therein.

13. In April 2005, Hananel filed an "Urgent Motion for a Judgment in the Appeal" with the National Labor Court. In the said motion, Hananel notified the National Labor Court that **"In practice, so long as the Honorable Court does not decide the issue before it, the proceedings in the Trial Court are stayed, in view of the Respondents' [Interface and Adelson's] claim that no progress should be made with the hearing of evidence in the Claim, so long as the appeal filed by them remains undecided"** (Section 8 of the Motion). Hananel has further announced that **"despite the Petitioner's [Hananel's] requests, also the Trial Court has, in practice, and even before the Claim was consolidated with the Additional Claim, refrained from moving the case forward to the hearing of evidence, due to the fact that the appeal in this case has not yet been decided"** (Section 11 of the Motion).

A copy of Hananel's Motion for a Judgment in the Appeal (in Hebrew and an English translation, without exhibits) is attached hereto as **Exhibit C**.

---

[1] Translator's note: A typographical error has probably occurred in this word in the Hebrew text, the intended meaning being 'if' [אם rather than עם, both pronounced 'im'].

14. I hereby declare that my name is Dr. Avigdor Klagsbald, that the signature hereinbelow is my own and that the content of this my affidavit is the truth.

_____
Dr. Avigdor Klagsbald

**Certification**

In accordance with Section 15 of the Evidence Ordinance [New Version], 5731-1971, I, the undersigned, Amir Shraga, Adv., of 7 Menachem Begin., Ramat Gan, certify that on December \_\_\_, 2005 appeared before me Dr. Avigdor Klagsbald, who is known to me personally, and who, after I cautioned him to declare the truth, failing which he would be liable for the penalties prescribed by law, signed this affidavit in my presence.

_____
Amir Shraga, Adv.
License No. 23944