1.  **Other Legal Proceedings Between the Plaintiff and the Defendants**

    1.1. Proceedings with regard to employment relations are being conducted between the parties, including a complaint filed by the Plaintiff with the Honorable Court against the Defendants which concerns, *inter alia*, the Defendants' debts to the Plaintiff for an advance notice period and damage caused by the Defendants to the Plaintiff after his termination (Labor Case 6245/01). The case is scheduled for trial in February 2004. In addition, the First Defendant filed a complaint against the Plaintiff (Labor Case 9015/02).

    1.2. The causes of action of the Complaint filed by the Plaintiff against the Defendants are rooted, as aforesaid, in the Plaintiff's termination and in the Defendants' debts to the Plaintiff which had already formed while he was working and were raised by the Plaintiff, upon his termination, in the settlement of accounts vis-à-vis his employers. In addition, a claim was made for the cause of action that referred to the Defendants' undertaking to grant the Plaintiff options in "Denex Medical Software Systems Ltd." and in "IMDSoft Ltd." (ventures which had formed prior to the termination) – companies which were active during the Plaintiff's employment with the Defendants, in the operations and management of which the Plaintiff was involved. A copy of the Complaint in Labor Case 6245/02 [sic] is attached hereto as **Exhibit "P"**. The options issue was also raised in the negotiations with Adelson, among the other issues that were discussed, the mere existence of which and the Defendants' undertakings to the Plaintiff for which (as opposed to the manner of their realization) were never in dispute.

    1.3. This claim derives from a cause of action different than that of Labor Case 6245/02 [sic]. Whereas the causes of that action were rooted, as aforesaid, in the Plaintiff's termination and in the rights that had formed during the term of his employment, this case concerns a separate contractual undertaking of the Defendants vis-à-vis the Plaintiff, as specified above, for the grant of stock options with no time limit in the Defendants' Macau casino and tourism venture, which had started already during the term of the Plaintiff's employment with the First Defendant, and in the initiation of which the Plaintiff was involved. This undertaking has no bearing on the Plaintiff's termination, it is supported by an independent and separate factual foundation to that described in Labor Case 6245/01, and the Plaintiff is seeking, with respect thereto, the declaratory remedy specified below. This cause of action matured after the termination, when the Macau casino project started taking form.

    1.4. Under these circumstances, this case clearly does not concern one out of several remedies to which the Plaintiff is entitled due to the same cause of action. It is a case of different causes of action and different remedies, which the Plaintiff is entitled to claim without having to resort to a splitting of remedies.

    1.5. An examination of the set of facts required to prove the Plaintiff's entitlement to the requested remedy, in order to decide the issue of the identity of the causes of

action and the need for a motion to split up remedies, also leads to the conclusion that in this case, while proving the Defendants' undertaking to grant options in the Macau venture, and the realization of the venture, will grant the Plaintiff the requested remedy, such set of facts and evidence is not part of the Complaint filed with the Honorable Court (Labor Case 6245/01), and it stands in its own right and confers upon the Plaintiff an independent cause of action.

1.6. More on this issue may be found in M. Keshet's book, <u>Procedural Rights and Procedure in Civil Law</u>, 5762-2002, on p. 530:

> **"One of the tests is whether the plaintiff derives one or more legal rights from the same transaction. If, for instance, a single accident causes the plaintiff both bodily injuries and damage to property, then he is entitled to sue for damages for bodily injuries in one claim, and for damage to property in another claim, since two separate rights had been prejudiced. In this case, it was ruled that two separate causes of action were created, each of which may be pursued in a separate claim..."**