# EXHIBIT A

# The National Labor Court

**Labor Appeal 000381/03**

1. Interface Partners International Limited
2. Sheldon G. Adelson                                    **The Appellants**

Moshe Hananel                                             **The Respondent**

Before Deputy Chief Justice Elisheva Barak-Ussoskin, Justice Amiram Rabinovitz, Justice Yigal Flitman, People's Representative Ms. Nira Shamai, People's Representative Mr. Ilan Segev

**For the Appellants**: Adv. Dr. Avigdor Klagsbald; Adv. Amir Shraga

**For the Respondent**: Adv. Eyal Rosovsky; Adv. Ravit Nachmani

## Judgment

### Deputy Chief Justice Elisheva Barak-Ussoskin

The Respondent filed an affidavit with the Court in lieu of direct testimony. Along with his affidavit, the Respondent filed documents. The affidavit and the documents include details about settlement negotiations conducted by the parties prior to the filing of the Complaint with the Court, including documents exchanged between them on this matter. Justice Ahuva Etsyon of the Tel Aviv District Labor Court (Motion 2027/03, Labor Case 6245/01) heard this Motion first. Justice Ahuva Etsyon discussed at length the issue of the privilege imposed on negotiations between parties for settlement purposes, and after having balanced the various interests, she concluded that there was no room to set aside the said evidence in this case, i.e., there was no room to set aside the direct testimony in the affidavit and the exhibits to the said affidavit, insofar as they pertain to the settlement negotiations.

The appeal before us is being heard after leave was granted (M.L.A. 419/03).

The District Court's main reasons for not excluding the documents indicating to the negotiations were filed at various stages. In long proceedings, no objection thereto was expressed. We shall therefore examine the chain of events in the proceedings before the District Court until the filing of the motion to exclude the said documents.

### The Chain of Events Before the District Court

The parties filed pleadings with the District Court. The Respondent, Moshe Hananel, filed a Complaint on **August 19, 2001**. In the Complaint, the Respondent specified the terms of employment and the terms of retirement that had been promised to him. Some of these terms found expression in documents that were exchanged between the parties after the Respondent's termination. These documents were attached to the

Complaint. In other words, the documents under discussion had already been attached to the Complaint.

On **November 18, 2001** the First Appellant, Interface Partners International Limited, filed an Answer on its behalf. In the Answer, the First Appellant, Interface Partners International Limited, did not assert any privilege against the documents that were attached to the Complaint, but rather denied their existence and content.

On **November 22, 2001** Moshe Hananel filed a Motion for a Default Judgment against the Second Appellant, Sheldon G. Adelson. To this Motion, the Respondent attached a document that was prepared in the context of the settlement negotiations, which document describes the agreements between the parties and the issues still remaining in dispute.

On **January 20, 2002** the Appellants filed an Objection to the Motion. In this Objection too, the Appellants did not assert any privilege of the document or of facts asserted in the affidavit.

On **February 26, 2002** an Answer was filed on behalf of the Second Appellant, Sheldon G. Adelson. Also in the Answer on his behalf, no privilege was asserted against the documents attached to the Complaint but, rather, Sheldon G. Adelson denied their mere existence and content.

On **June 17, 2002** a Decision was issued by Chief Justice Varda Virt, in which instructions were given on the conduct of a pretrial. The said Decision sets forth, *inter alia*, as follows:

   a.   The parties shall prepare a mutually-agreed list of agreed facts and issues and shall file the same with the Court. Should the parties fail to reach an agreement, two separate lists shall be filed.
   b.   The parties shall exchange between themselves the lists of documents pertaining to the claim which are and/or were in their possession and/or control. However, each party shall be entitled to file a motion, with reasons, for a discovery order pursuant to the regulations.
   c.   The parties shall submit their direct testimonies in the form of affidavits, to which all the documents supporting the same shall be attached....

On **September 9, 2002** the Respondent filed an affidavit in lieu of direct testimony, that included the documents which are the subject matter of this appeal. After the affidavit was filed, no privilege claim was asserted against the documents and against the evidentiary admissibility thereof.

On **October 10, 2002** a list of agreed facts and issues was filed on behalf of Moshe Hananel.

On **November 3, 2002** an Answer was filed by the Appellants to the list of agreed facts and issues filed by Moshe Hananel. No privilege or inadmissibility was asserted

also in the Appellants' list of disputed issues. On the contrary. The Appellants accepted Moshe Hananel's list of agreed facts and issues.

On **November 17, 2002** the Appellants filed an affidavit on their behalf in lieu of direct testimony. In his affidavit, Sheldon G. Adelson states that according to legal advice he received, documents that were attached by Moshe Hananel to his affidavit which were prepared in the context of negotiations between the parties, are inadmissible and that he objects to the filing thereof. No reasons were given for this argument.

On **November 26, 2002** the Appellants signed a discovery affidavit, in which correspondence between the parties and their counsel and exhibits to the pleadings appear, without any privilege having been asserted with respect thereto.

On **January 12, 2003** Moshe Hananel filed a Motion for Specific Discovery, in which he moved, *inter alia*, for the filing of –

> Drafts of agreements and arrangements made by the Petitioner and the Respondents, which concern the terms of his employment or the terms of his termination.

No privilege is asserted in the Answer to the Motion for Specific Discovery and Inspection, dated February 9, 2003. The Appellants state, in their Answer to the Motion:

> <u>As for the documents specified in Section 6.2 of the Motion</u> – The Respondents do not have in their possession drafts of agreements and arrangements made by the Petitioner and the Respondents, which concern the terms of the Petitioner's employment or termination, which were not disclosed in the discovery affidavit or attached to the pleadings in this case. In the absence of any factual infrastructure to indicate otherwise – there is no justification for an (additional) discovery order against the Respondents.
>
> To clarify, in this context – if according to the Petitioner there are drafts of agreements and arrangements made by the Petitioner and the Respondents, and which concern the terms of the Petitioner's employment or termination, **the Petitioner was required to disclose the fact of their existence in a discovery affidavit on his behalf** (regardless of whether the documents are in his possession or are no longer in his possession – see Y. Zussman, **Civil Procedure** (7th Ed., 1995), 433; U. Goren **Issues in Civil Procedure** (7th Ed., 2003) 170). The Petitioner's Motion gives rise to concern that it is he who is concealing documents from the Respondents. If and insofar as the Honorable Court shall issue an order in this matter – the Respondents ask that it be issued against the Petitioner (emphases are original – E.B.).

Nor is any privilege asserted in another discovery affidavit filed on **June 26, 2003** by Mr. Dan Raviv, the manager of the First Appellant's Israeli branch.

In the **pretrial** session held on **April 10, 2003**, Justice Efrat Lakser ruled as follows:

> The Defendants' announcement with regard to the list of agreed facts and issues filed by the Plaintiff is accepted. The list of agreed facts stated by the Plaintiff in his list is acceptable to both parties. All other facts are in dispute and will become issues.

On **April 15, 2003** the Appellants filed a Motion with the District Court, the Decision in which is the subject matter of the Appeal before us. In the Motion, the Petitioners moved the trial court to order the removal of the affidavit from the file, the deletion of segments thereof and the exclusion of a considerable part of the exhibits thereto. The reason for the aforesaid was that they included details about settlement negotiations that are privileged, due to the caption 'without prejudice' stated on the said documents. Moshe Hananel objected to the Motion. Justice Ahuva Etsyon's Decision of **July 10, 2003** rules as follows:

1. I have before me the Defendants' motion to order that the Plaintiff's affidavit be removed from the court's file, with the exhibits attached thereto, due to the mention of details of settlement negotiations conducted by the parties prior to the filing of the Complaint with the Court, including documents exchanged between them on this matter.
2. **This argument was not discussed at the preliminary session held before the Hon. Justice E. Lakser.**
3. Since the matter concerns the Plaintiff's affidavit in lieu of direct testimony, and a considerable "chapter" therein, I deem it fit to hear this Motion prior to commencement of the trial, so as not to create an obstacle upon commencement of the evidence-bringing process.
4. I therefore order the Plaintiff's counsel to file his Answer to the said Motion on its merits within 14 days from the date of receipt of this Decision…. (emphases added – E.B.).

## The Parties' Arguments Before the District Court

At the District Court, the Appellants argued that all of the documents and details that were discussed in the settlement negotiations conducted by the parties were privileged. Moshe Hananel responded to the Motion claiming that all of the documents and facts that he brought in his affidavit were already before the Court as part of the Complaint and the exhibits thereto. Moshe Hananel further claimed that the argument had not been raised in the Answer or the preliminary session. A privilege claim has to be raised at the earliest time possible. Therefore, the Appellants cannot assert a privilege at a later stage of the hearing. Moshe Hananel further claimed that privilege is an argument taken from the law of evidence, to which the Court is not subject.

## The District Court's Decision

The District Court dismissed the Appellants' Motion, despite the interest in encouraging settlements. In doing so the Court gave weight to the timing of the privilege claim being raised, and to the effect of the privilege on the parties in view of

the nature of the claims that had previously been made in the Complaint and in the Answer.

## The Hearing Before Us

We have referred the parties to a mediation proceeding, but they have informed us that they have not reached an agreement to turn to mediation.

## The Appellants' Arguments in the Appeal Before Us

The Appellants argued before us mainly on the issue of the lapse of time until the filing of the privilege motion. They claim that the time at which a party is required to assert a privilege is the time at which the opposing party seeks to file a document or testimony in violation of the privilege. The Appellants further claim that evidence is deemed as filed with the Court only at the time of the testimony of the witness seeking to file the same. Only from such time, when the evidence is deemed as filed with the Court, is the party required to object to the acceptance of the evidence. Therefore, so they claim, when the direct testimony is given orally, the time for objecting to an attempt to bring privileged evidence is during the direct testimony at which the evidence is given. When, on the other hand, the direct testimony is given in writing, in an affidavit, the time for objecting to an attempt to submit privileged evidence is only upon commencement of the cross-examination. The Appellants claim that they filed a motion in writing to exclude the privileged evidence long before commencement of the cross-examinations, in their affidavits in lieu of direct testimony. Their objection is expressed in the affidavit of the Second Appellant, Mr. Sheldon G. Adelson.

Over and above the aforesaid, the Appellants claim that there is no basis to the approach whereby a privilege has to be asserted in the Answer, which judicial approach they deem to be procedurally inefficient.

Alternatively, the Appellants claim that even if they had been tardy in raising their objection to the inadmissible evidence, there was no justification for strictness on this matter.

## The Arguments of the Respondent, Moshe Hananel

The Respondent based his arguments upon the District Court's Decision, while pointing out that the Labor Court is not subject to the law of evidence. When the interest of preserving the confidentiality of negotiations collides with the interest of uncovering the truth, the latter interest should prevail. The parties are not entering the negotiations on equal terms. Therefore, the negotiation protection does not prevail over the interest of uncovering the truth. The Appellants waived the argument on several occasions, until their filing of an affidavit in lieu of direct testimony. Nor was the argument raised thereafter, in their discovery affidavits. Moshe Hananel specified the many opportunities which the Appellants had to raise a privilege claim, and waived the same:

a.   The privilege claim was not made in the Answer. Therefore, the Appellants waived raising the same in the first opportunity. In the Answer, the Appellants denied the existence and content of the documents and did not assert any

   privilege or other claim regarding admissibility of the documents. Furthermore, in order to meet the conditions of the privilege, the Appellants were required to prove that negotiations had been conducted, and that such negotiations were for settlement purposes. These facts should have been raised in the Answer, so that Moshe Hananel could subsequently address the same.

b. Also in the list of agreed facts and issues filed by the Appellants, they did not assert the privilege. They even agreed to Moshe Hananel's list of agreed facts and issues. The list of agreed facts and issues filed by Moshe Hananel includes a reference to the documents which are the subject matter of the appeal at bar, and to the content thereof. According to the list of agreed facts and issues exchanged between the parties, the documents are admissible.

c. The Appellants are barred from asserting a privilege because they waived it when they referred to the said documents in a discovery affidavit without asserting any privilege. Also in the discovery affidavit dated **November 26, 2002**, the Appellants announced that they had in their possession "correspondence between the parties and their counsel" and referred to the "pleadings" in the case. On **February 9, 2003**, in an Answer to a Motion for Specific Discovery filed by Moshe Hananel, the Appellants claimed that "the Respondents (the Appellants before us – E.B.) do not have in their possession drafts of agreements and arrangements made by the Petitioner (the Respondent before us – E.B.) and the Respondents (the Appellants before us – E.B.), which concern the terms of the Petitioner's employment or termination, which were not disclosed in the discovery affidavit or attached to the pleadings in this case". The Appellants repeated this statement in another discovery affidavit dated **June 26, 2003**.

d. Even in the affidavit in lieu of direct testimony filed by Sheldon G. Adelson on behalf of the Appellants, the affiant declared that according to legal advice he received, the documents that had been attached to Moshe Hananel's affidavit and were prepared in the period of the negotiations between the parties, were inadmissible and that he did not agree to the admissibility thereof. However, no privilege was asserted. Objection to evidence filed as an exhibit to an affidavit and the assertion of privilege against it should not be made in a counter-affidavit but rather in a separate motion.

Moshe Hananel's claim, therefore, is that the Appellants were required to assert the privilege before the holding of the pretrial, as a preliminary motion, according to the proceedings that were outlined by the District Court. In view of the importance of the preliminary proceedings, the court should not hear a motion which a party could have brought at the pretrial, other than for special reasons, which shall be recorded. According to Moshe Hananel, there are in this case no special reasons due to which the Appellants were unable to assert the privilege before the holding of the pretrial.

Moshe Hananel further claims that information about the negotiations and some of the negotiation documents were filed as evidence in the interim proceeding, without the Appellants' objection. Moshe Hananel filed an affidavit in the context of a Motion for a Default Judgment against Sheldon G. Adelson, the Second Appellant, in which he described how Sheldon G. Adelson had conducted settlement negotiations with him via attorneys in Israel, and even attached to the affidavit a document prepared by the

Israeli attorneys as part of settlement proposals. This document describes, *inter alia*, the agreements that had been reached and the issues that remained open in the negotiations. The Appellants objected to the Motion for a Default Judgment, but did not state that the facts asserted in the affidavit or the documents attached thereto were subject to any privilege.

It appears from all of the aforesaid, according to Moshe Hananel, that no objection had been made to the attachment of the documents and the filing thereof during lengthy proceedings that had been held. Consequently, no privilege should be asserted at this stage.

### The Considerations for Setting Aside Evidence Exchanged During Negotiations Between the Parties – Admissibility Versus Weight

The documents exchanged between the parties explicitly state that the act was done for negotiation purposes and we shall state that they state: 'without prejudice, not binding, for negotiation purpose only'.

The inadmissibility of documents exchanged between parties during negotiations stems from case law. Its object is to encourage negotiations between the parties. Negotiations can be held with full disclosure only when the parties can be certain that if the negotiations fail, they will have all the legal tools to properly conduct the trial. A party to a dispute has to be aware that at the time of negotiations, he is free to make various offers even if he does not believe that the other party is entitled thereto. Hence was created the privilege over anything exchanged between parties to settlement negotiations. For this reason, the correspondence exchanged between the parties bore such statements as 'without prejudice, not binding, for negotiation purpose only'. If, on the other hand, a party waives the privilege, the negotiation documents and statements are admissible. Adrian Keane's book, The Modern Law of Evidence (fourth edition, London, 1996), states as follows on the negotiation privilege (p. 539 forth):

> Settlement Negotiations
>
> Communications between opposing parties to an action, or between their solicitors, do not attract legal professional privilege. In the absence of any other protection, therefore, if one party were to make a concession in the course of settlement negotiations which, in the event, were to fail, the other party would be able to use it against him at the trial as a damaging admission.

In order to prevent the aforesaid, and in order to encourage settlements in civil disputes, the book states that the rule is that the privilege is conferred only when 'without prejudice' is stated, i.e., without prejudice to the maker of the offer if the negotiations fail. The author states that this rule too has exceptions. Thus, for instance, material is admissible if the issue in dispute is whether or not the negotiations succeeded; or factual matters raised in the correspondence at the time of the negotiations which stated 'without prejudice', even though they were entirely unrelated to the issues in dispute. Also in matters of bankruptcy it is possible to produce evidence from negotiations. Nor is any disqualification applied to offers of detachment and separation of relations, offers sent from one attorney to another, such

as between tenants or an employee and employer, and no privilege applies where there is concern that fraud or a criminal offense had been committed.

As we can see, this is a balanced, case-law privilege. In principle, the evidence is admissible unless it explicitly states that it is for negotiation purposes only, without prejudice. Then too, there are exceptions. Such exceptions are in fact cases in which the importance of uncovering the truth exceeds the value of fulfillment of the obligation not to disclose negotiation offers. There is the value of encouraging negotiations between parties, to which value we now seek to give great weight. We therefore encourage mediation and conciliation proceedings. On the other hand is the object of uncovering the truth when the discussions do not culminate in agreement. To this end, the court operates in many ways, its goal being to lower the admissibility barrier and emphasize the giving of weight. In my opinion, it is preferable to accept evidence and consider whether it should be given great or small weight or even zero weight. The starting point should be the greatest effort possible to uncover the truth. Therefore, the court accepts, for instance, hearsay, while giving it the appropriate weight. I prefer the approach of broad admissibility, while giving the appropriate weight.

What underlies the privilege is the recognition that there are interests and considerations – other than the central interest of uncovering the truth, which ought also be protected. A balance is required between the need to uncover the truth and the fulfillment of individual and public interests, which justify the granting of a privilege.

A privilege is looked upon with suspicion. Only in irregular cases will a privilege be recognized (see, for instance, Justice Alfred Vitkon in H.C.J. 337/66 **Estate of the Late Pital v. The Assessment Committee near the City of Holon**, PDI 21(1) 69, 711 [sic]; Justice Yaacov Tirkel in L.C.A. 637/00 **Israel Discount Bank Ltd. v. Avrat – Insurance Agency Ltd.**, PDI 55(3) 661; Chief Justice Aharon Barak in L.C.A. 1412/94 **Hadassah Medical Organization v. Gilad et al.**, PDI 49(2) 516).

As we can see, the interest of administering justice means holding a fair proceeding, at which the parties are given the opportunity to present their full evidence. This is both a public and a private interest which stands against the public interest of evidence privilege. So it was ruled by Justice **Eliezer Rivlin** (C.A. 2629/98 **The Minister of Public Security v. Rabbi Shalom Dov Wolfa**, PDI 56(1) 786):

> …. The ultimate discretion on this matter is conferred upon the court. It must examine whether the need to disclose the evidence in order to do justice is superior to the interest of not disclosing the same (Cr.A. 1335/91 Pada v. The State of Israel, PDI 46(2) 120, 129).
> …
> Even in the civil proceeding, "administering justice" means holding a fair proceeding, at which all parties are given the opportunity to present their full evidence (L.C.A. 6546/94 Union Bank v. Azoulai, PDI 49(4) 62; M.C.M. 723/97 Benziman v. The Minister of Defense, PDI 51(1) 364, 371).

And now to the case at bar. Indeed, the intention was to exchange offers in the context of negotiations only. Sheldon G. Adelson did indeed write 'without prejudice, not binding, for negotiation purpose only', and thus should the documents be treated.

However, it should be kept in mind that the documents had already been attached to the Complaint. The Appellants expressed no reservation, and even addressed the documents on their merits over a long period of litigation, preliminary sessions, hearings of various motions, consent to agreed issues which made reference to the said documents, over the course of approximately three years.

For this reason, I do not deem to intervene in the Decision of the District Court, in that the documents should not be summarily excluded. At the conclusion of the hearing, the District Court will take into account the nature of the documents, i.e., the privilege and the interest inherent therein and, on the other hand, the importance of uncovering the truth. The Court will give the documents the proper weight, and may give them no weight at all. The Court will consider, among its other considerations, that the documents are privileged by virtue of the parties' decision. However, the Court shall do so upon conclusion of the hearing and not now, at the summary stage.

The Appeal is denied.

The Appellants shall pay Moshe Hananel trial expenses and attorneys' fees for this Motion in the sum of NIS 5,000 within 30 days.

### Justice Yigal Flitman

I join the judgment of my colleague, Deputy Chief Justice Elisheva Barak-Ussoskin.

### Justice Amiram Rabinovitz

1.  I have read the opinion of my colleague, Deputy Chief Justice Elisheva Barak-Ussoskin, and it appears to me that according to the factual findings which she herself has made, the conclusion should be different.

2.  At the end of her opinion, my colleague, Justice Barak, writes as follows:

    "**Indeed, the intention was to exchange offers in the context of negotiations only. Sheldon G. Adelson did indeed write 'without prejudice, not binding, for negotiation purpose only', and thus should the documents be treated.**"

3.  These findings by my colleague are the starting point which should guide us in addressing the issue in dispute. These are documents **that were exchanged in the context of negotiations**. In negotiations, a party may display generosity and kindness and act *ex gratia* for various considerations of shortening the proceedings, the cost of the proceeding, and many other reasons.

    A party's position in negotiations is not a legal truth, it is a position for the purpose of the negotiations, and therefore positioning the issue in dispute as a test between "uncovering the truth" and asserting the privilege right is, in my humble opinion, in the present case, in error. By exposing the details of the negotiations, one does not necessarily uncover the negotiating parties' truth, but in many cases one uncovers an *ex gratia* position, a tactical position, which may also be a true position. Therefore, in this case as aforesaid, I do not

        believe that the noble principle of uncovering the truth stands against the privilege right.

4.     The Court should encourage arrangements which are the fruit of negotiations. An arrangement which is the fruit of negotiations, when they yield an agreement, embodies the justice made by the parties themselves, hence its great value and importance.

        The Court should also encourage the holding of negotiations, but if the negotiations fail, they should not be encouraged to enter the courtroom as evidence to justify the arguments of one party or the other, lest we kill the goose that lays the golden eggs of negotiations in general, and settlements in particular.

5.     Indeed, an argument of negotiation privilege may be waived, and the Appellants would have been better to have raised this claim already from the outset. However, the settlement arrangement only became *prima facie* evidence for the first time when it was attached to the affidavit, and therefore the Appellants were not late in objecting thereto on the relevant date, at which it could first have been deemed as evidence.

6.     **In conclusion** – Under the present circumstances, the documents dealing with negotiations between the parties should not be submitted to the Court as evidentiary material, and the uncovering of the truth will not be hindered thereby. This is certainly the case when the parties themselves sought to exclude the same from the framework of the legal discussion by the classification and definition given thereto as aforesaid, 'without prejudice, not binding, for negotiation purpose only'.

        In view of this conclusion, had my opinion been accepted, the appeal would have been granted without costs.

## People's Representative Ms. Nira Shamai

I join Deputy Chief Justice Elisheva Barak-Ussoskin.

## People's Representative Mr. Ilan Segev

I join the opinion of Justice Amiram Rabinovitz, other than with respect to the costs.

In the case before us, it was stated **explicitly** that the offer was non-binding and for purposes of negotiation only and therefore I too, similarly to Justice Amiram Rabinovitz, believe that a party's offer in the context of negotiations for a settlement or arrangement should not serve as evidence in a proceeding in court, when the parties failed to reach a settlement and it is obvious that the offer was made in the context of negotiations for an arrangement or settlement.

Readiness for concessions, of any type whatsoever, in the context of an attempt to reach a settlement or arrangement out of court, cannot be used against the party ready to make concessions.

This, in my humble opinion, is the way to encourage negotiations between parties and the settlement of disputes out of court.

I, as aforesaid, join the opinion that the appeal should be granted.

Unlike Justice Amiram Rabinovitz, I believe that trial expenses and attorneys' fees should be imposed on the Respondent in the sum of NIS 2,500.

**In conclusion** – The Appeal is denied as stated in the judgment of Deputy Chief Justice Elisheva Barak-Ussoskin, contrary to the opinions of Justice Amiram Rabinovitz and People's Representative Mr. Ilan Segev.

The Appellants shall pay Moshe Hananel trial expenses and attorneys' fees for the Motion in the sum of NIS 5,000 within 30 days.

**Issued today, Adar 1, 5766 (March 1, 2006) in the absence of the parties.**

| | | |
|---|---|---|
| **Deputy Chief Justice Elisheva Barak-Ussoskin** | **Justice Amiram Rabinovitz** | **Justice Yigal Flitman** |

| | |
|---|---|
| **People's Representative Ms. Nira Shamai** | **People's Representative Mr. Ilan Segev** |