## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

SHELDON G. ADELSON,

    Plaintiff,

v.

MOSHE HANANEL,

    Defendant.

Docket No. 1:04CV-10357RCL

**MEMORANDUM RELATING TO THE AMENDMENT TO THE COMPLAINT**

  The plaintiff has never amended the complaint. The defendant has only filed motions to dismiss for lack of personal jurisdiction, *forum non conveniens*, and for a stay. These motions are not responsive pleadings. Wright, Miller & Kane, *Federal Practice And Procedure,* § 1475, p554-555 (1990); F.R.C.P, Rule 7(a). Therefore, the plaintiff is entitled to amend the complaint, "as a matter of course." F.R.C.P. Rule 15(a). A copy of the new Count II is attached hereto as Exhibit A for the Court's reference. The entire Amended Complaint is filed herewith.

  The amendment does not add a new claim or a new issue to the case. It simply alleges new facts that have only recently occurred and deletes counts that have been dismissed previously for lack of personal jurisdiction. The defendant, Hananel, has claimed that as a result of an agreement with the plaintiff, he has an option to purchase 12% of the shares in any investment that the plaintiff or one of his companies has made anywhere in the world if Hananel "planted the idea" for the investment. See paragraph 21 of the complaint. The plaintiff, through

LVSI the predecessor company of Las Vegas Sands Corp., had become involved in a casino development in Macau in 2001  The defendant asserted a claim to exercise an option to acquire 12% of the plaintiff's interest.  In December 2003, Hananel brought suit in Israel alleging that he was entitled to an option for shares in the Macau venture.  Two months later the plaintiff brought this action for a declaratory judgment that he had no contractual liability to the defendant arising out of any venture or investment made anywhere in the world.  Prayer 3 of the complaint requested the court to "enjoin defendant from making any claim to any interests, profits, rights, royalties or otherwise in or to plaintiff's interest in hotels and casinos in Macau or anywhere else in the world."

The Report and Recommendation of the Magistrate Judge does not appreciate the importance of the difference between this action and the 2003 Israeli action.  The Report and Recommendation does not recognize that the issues and the relief sought in this case are broader than the matters in the Israeli action and, erroneously, concludes that they are identical.  The newest events—the pending application in Hungary[1]—that  the amendment covers plainly show that, whatever the importance (or lack thereof) of two identical actions in two different fora, this action and the 2003 Israeli action are not identical.

---

[1] Las Vegas Sands Corp., a public company, of which the plaintiff is Chief Executive Officer and Chairman of the Board, and in which he has a substantial interest, has an application for a casino licenses pending in Singapore as well as seeking development opportunities in the United Kingdom and elsewhere.

        Respectfully submitted,
        The Plaintiff,
        By his attorneys,


/s/ Franklin H. Levy
Franklin H. Levy (BBO No. 28772)
470 Atlantic Avenue, Suite 500
Boston, MA  02210
(617) 289-9200


/s/ Andrew H. Schapiro
Andrew H. Schapiro
Philip Allen Locovara
Mayer, Brown, Rowe & Maw LLP
1675 Broadway
New York, NY  10019
(212) 506-2672

DATED:  April 28, 2006

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 28, 2006.

        /s/  Franklin H. Levy