# EXHIBIT A

Case 1:04-cv-10357-RCL    Document 140-2    Filed 04/28/2006    Page 1 of 3

## COUNT II.

Declaratory Judgment (Amendment).

35. Plaintiff repeats paragraphs 1-34 as if set out fully herein.

36. As set forth in some detail in paragraph 21, *supra.* the plaintiff, through various business entities, has sought out, investigated, and is seeking other sites for casinos and hotels throughout the world.

37. On or about April 20, 2006, the Las Vegas Sands Corp., (the successor to LVSI and in which plaintiff serves as Chief Executive Officer and Chairman of the Board), applied for a gaming license in Hungary. (Las Vegas Sands Corp. has also applied for a gaming license in Singapore and is working on a casino venture in the United Kingdom).

38. In his deposition taken in this case, the defendant, has claimed that the plaintiff is obligated to give him an option for 12% of the shares in any casino venture in which the plaintiff (or any company in which he has an interest) made an investment, so long as Hananel planted "the idea." The defendant has claimed that such options were to be exercisable at any time, for a payment of 12% of the original investment, regardless of the value of the investment at the time Hananel should choose to exercise the option.. (Hananel deposition taken in this case, ("Hananel Deposition") pp. 82:10—84:6) All deposition references herein are attached as Exhibit "A".

39. The defendant has asserted in an affidavit filed with this Court that the plaintiff "employed me to identify and work on casino projects in Israel, Jordan, Italy, Rhodes (Greece), Bulgaria, Ireland and elsewhere."

40. In addition, Hananel has asserted, in this case, that even if the "idea" came from his son, Hananel would be entitled to a 12% stock option in any casino investment that the plaintiff or one of his companies made. (Hananel Deposition, 135:9—23).

41. Hananel has also asserted that he would be entitled to a 12% option in any other venture anywhere in the world in which the plaintiff invested, as a result of Hananel's "idea." (Hananel Deposition, 123:10—28).

42. As a result of the recent application for a gaming license that has been made to the government of Hungary and because of the breadth of Hananel's claims, there is a compelling need for this court to enter a declaratory judgment that Hananel has no rights in any of the casino/hotel/real estate/investments anywhere in the world made by plaintiff or in which plaintiff has any interest.

WHEREFORE, THE PLAINTIFF DEMANDS JUDGMENT, IN ADDITION TO THE PRAYERS IN THE COMPLAINT, AS FOLLOWS:

1. On Counts I and II issue a declaration of the rights of the parties as requested.

2. On Counts 1 and II enjoin defendant from making any claim to any interests, profits, rights, royalties or otherwise in or to plaintiff's direct or indirect interest in hotels and casinos in Macau, Europe, the United Kingdom or anywhere else in the world.

3. For such other relief as is meet and just.