UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

------------------------------- X

| | |
|---|---|
| SHELDON G. ADELSON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 04-cv-10357-RCL |
| MOSHE HANANEL, | : |
| Defendants. | : |

------------------------------- X

**PLAINTIFF'S REPLY IN SUPPORT OF OBJECTIONS TO**

**THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

        MAYER, BROWN, ROWE & MAW, LLP
        Andrew H. Schapiro
        Philip Allen Lacovara
        1675 Broadway
        New York, New York 10019
        (212) 506-2500

        DUANE MORRIS LLP
        Franklin H. Levy
        470 Atlantic Avenue
        Boston, MA 02110
        (617) 289-9200

        Attorneys for Plaintiff Sheldon G. Adelson

## TABLE OF CONTENTS

A.    Hananel's Self-Serving Characterization Of The Evidence Should Be Rejected..................1

B.    The Relevant Question Is Whether Hananel Has Proven Inconvenience Amounting
      to "Manifest Injustice"................................................................................................2

C.    The Pendency Of The Israeli Action Does Not Justify Dismissal.........................................3

CONCLUSION....................................................................................................................6

## TABLE OF AUTHORITIES

*Am. Stock Exch., LLC* v. *Towergate Consultants Ltd.*,
    No. 03Civ. 856(RBB), 2003 WL 21692814, at *5 (S.D.N.Y., July 21, 2003)............................3

*DiRienzo* v. *Philip Servs. Corp.*,
    294 F.3d 21, 30 (2d Cir. 2002)................................................................................................3

*Guidi* v. *Inter-Continental Hotels Corp.*,
    224 F.3d 142, 148 (2d Cir. 2000).............................................................................................3

*Gulf Oil Corp.* v. *Gilbert*,
    330 U.S. 501, 507 (1947).........................................................................................................3

*Leasco Data Processing Equip. Corp.* v. *Maxwell*,
    468 F.2d 1326, 1344 (2d Cir. 1972).........................................................................................2

*MLC (Bermuda), Ltd.* v. *Credit Suisse First Boston Corp.*,
    46 F. Supp. 2d 249, 251-53 (S.D.N.Y. 1999) .........................................................................4

*New Orleans Pub. Serv., Inc.* v. *Council of City of New Orleans*,
    911 F.2d 993, 1005 n.8 (5th Cir. 1990) ...................................................................................3

*Peach* v. *Shopshire*,
    No. CV05-0369C, 2006 WL 456772, at *9 (slip op.) (W.D. Wash., Feb. 23, 2006) ..................3

*Stock Exch., LLC* v. *Towergate Consultants Ltd.*,
    No. 03Civ. 856(RBB), 2003 WL 21692814, at *5 (S.D.N.Y., July 21, 2003)............................3

**<u>OTHER AUTHORITY</u>**

WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE:
    JURISDICTION 2D § 3828 (1986) ..............................................................................................3

Hananel's response suffers from at least three fundamental defects. First, it depends on a view of the facts that even the Magistrate Judge rejected. Second, it reverses the relevant inquiry, as if the question presented were whether litigating in Israel would be inconvenient for Adelson, rather than whether Hananel has demonstrated that Massachusetts is so inconvenient for himself as to require dismissal. Finally, and most importantly, the response completely ignores the demonstrated differences between the Israeli and the American lawsuits. Hananel's arguments should be rejected.

### A. Hananel's Self-Serving Characterization Of The Evidence Should Be Rejected

Hananel defends the Magistrate Judge's legal conclusions with a version of events that is starkly different from what the Magistrate Judge found. For example:

- Hananel contests that the oral agreement at issue was negotiated and executed in Massachusetts. Response at 15-16. In his November 29 Report denying Hananel's motion to dismiss for lack of jurisdiction, the Magistrate Judge found that the agreement "was formalized and entered into in Massachusetts and *** subjected Hananel to substantial control and ongoing connection to Massachusetts in [its] performance." November 29 Report at 18.

- Hananel disputes that IPI's finances were controlled from its Newton office. Response at 5 n.5. Magistrate Judge Sorokin found in his November 29 Report that IPI's Chief Financial Officer maintained his office in Newton. See November 29 Report at 5-6.

- Hananel suggests that he is physically incapable of participating in a trial in this District. Report at 21 n.24. The Magistrate Judge concluded that "I do not find these limitations" – Hananel's supposed health problems and the language issue –

"are so great that they constitute such a significant burden to warrant defeating this Court's exercise of jurisdiction over Adelson's Complaint." March 28 Report at 6; see also November 29 Report at 21-22.

- Hananel insinuates that this lawsuit was brought to vex or harass him. Response at 2 n.2. The Magistrate Judge found otherwise. See March 28 Report at 9 n.4 ("On this record, I do not find that this suit was filed to vex or harass.").

Hananel's discomfort with these facts cannot change the applicable legal standard.

### B. The Relevant Question Is Whether Hananel Has Proven Inconvenience Amounting to "Manifest Injustice"

Hananel spends many pages contending that litigating in Israel would not be a hardship for Adelson. See, *e.g.*, Response at 4, 9-10, 20-21.[1] But that puts the cart before the horse. *Forum non conveniens* doctrine does not exist to maximize overall convenience, let alone to guarantee the defendant's choice of forum. See *Leasco Data Processing Equip. Corp.* v. *Maxwell*, 468 F.2d 1326, 1344 (2d Cir. 1972) ("balance of convenience [in] favor [of] a trial in England *** is not enough to justify a district court in dismissing the complaint of an American citizen"). The threshold question is whether Hananel has shown that "retention of jurisdiction

---

[1] Hananel also asserts that Adelson "chose Israeli courts as a forum" and "embrace[d]" them. Response at 2-3. In fact, Adelson has taken every opportunity to contest those courts' jurisdiction. Adelson's Reply to the 2003 claim ("The Complaint *** should be dismissed with prejudice *** on the grounds that the Second Defendant [i.e., Adelson] is ***not subject to the international jurisdiction*** of the State of Israel.") (emphasis added). He has also objected on precisely the grounds of convenience that are at issue here. *Id.* at ¶8 ("The Complaint should be dismissed with prejudice *** on the grounds that *** this Honorable Court (or any other court in Israel) is ***not the appropriate forum*** for deliberating the case.") (emphasis added).

Hananel also claims that "Adelson himself has identified Israeli witnesses" in the Israeli action. Response at 20. He cites an affidavit that makes clear that these witnesses will testify only as to the subject matter of Hananel's 2001 claim, namely his termination from IPI. The 2003 claim, which Hananel alleges is identical to this one, has not progressed far enough for either side to identify witnesses.

2

will result in manifest injustice to [Hananel], and this is true even thought the more convenient forum may be the foreign one." WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE: JURISDICTION 2D § 3828 (1986). Thus, whether or not Adelson has asserted that he is inconvenienced by the Israeli litigation (Response at 3) is completely beside the point. Rather, the question is whether Adelson has chosen a forum in "a most inconvenient place for [his] adversary." *Gulf Oil Corp.* v. *Gilbert*, 330 U.S. 501, 507 (1947). There is no basis for concluding that he has done so. The Magistrate Judge did not find that any of the applicable "private factors" favor dismissal. And the rule is that "plaintiffs should not [be] deprived of their choice of forum except upon defendants' clear showing that a trial in the United States would be so oppressive and vexatious to them as to be out of all proportion to plaintiffs' convenience." *DiRienzo* v. *Philip Servs. Corp.*, 294 F.3d 21, 30 (2d Cir. 2002).

### C. The Pendency Of The Israeli Action Does Not Justify Dismissal

Hananel utterly fails to respond to the strong weight of authority holding that "[t]he existence of related litigation *** is ***not listed as a relevant factor in the* forum non conveniens *analysis***. *Guidi* v. *Inter-Continental Hotels Corp.*, 224 F.3d 142, 148 (2d Cir. 2000) (emphasis added); accord *Peach* v. *Shopshire*, No. CV05-0369C, 2006 WL 456772, at *9 (slip op.) (W.D. Wash., Feb. 23, 2006) ("the U.S. Supreme Court has ***never noted the fact of pending litigation in an alternative forum as a relevant factor*** in a *forum non conveniens* analysis") (emphasis added); *Am. Stock Exch., LLC* v. *Towergate Consultants Ltd.*, No. 03Civ. 856(RBB), 2003 WL 21692814, at *5 (S.D.N.Y., July 21, 2003) ("the pendency of the United Kingdom action ***does not factor into the* forum non conveniens *decision***") (emphasis added); *New Orleans Pub. Serv., Inc.* v. *Council of City of New Orleans*, 911 F.2d 993, 1005 n.8 (5th Cir. 1990). Hananel tries to distinguish these cases on their facts, but it is for their clear and undisputed statements of

3

the *law* that they are relevant. Neither the Magistrate Judge nor Hananel has identified a case in which the private factors were found to be "in equipoise" but a judge dismissed the case solely on the basis of concurrent litigation.[2]

Moreover, even in the few cases in which concurrent litigation was mentioned, the courts placed heavy emphasis on the exact identity of parties and issues. See *MLC (Bermuda), Ltd.* v. *Credit Suisse First Boston Corp.*, 46 F. Supp. 2d 249, 251-53 (S.D.N.Y. 1999). Remarkably, Hananel simply ignores our demonstration of the critical difference between the issues in the Israeli lawsuit and those in this action. Hananel's silence is understandable, because those distinctions doom his motion, even on the Magistrate Judge's terms. As explained in our opening brief (at 9-10), and as further elucidated in the Amended Complaint, Hananel's 2003 Israeli action asserts a claim to a 12% option on Adelson's Macau project only. See 2003 Complaint at ¶1 ("This Complaint concerns the Defendants' undertaking to give the Plaintiff stock options in a casino venture in the Macau region of the People's Republic of China."); *id.* at ¶9 (requesting "[d]eclar[ation] that the Plaintiff is entitled to receive 12% of the shares to the Macau venture").[3] This lawsuit, on the other hand, seeks a declaration that Hananel "is not entitled to any option, interest, profit or claim to *any business* in which [Adelson] has any

---

[2]   There is, moreover, no foundation for the suggestion of both Hananel and the Magistrate Judge that this litigation "presents the likely risk of conflicting judgments**.**" Report at 10. There is no doubt that this Court would, as in *Linkco*, give effect to any judgment of the Israeli court, and there is no reason to believe that the Israeli court would fail to do the same.

[3]   Hananel also now contends that the 2001 and 2003 Israeli claims are the same. Response at 18. This statement flatly contradicts his statements to the Israeli court. See 2003 Hananel Complaint at ¶8.3 ("This claim derives from *a cause of action different than that of Labor Case 6245/02*. *** This [Macau] undertaking has *no bearing* on the Plaintiff's termination, it is supported by an *independent and separate factual foundation* to that described in Labor Case 6245/01. *** [T]his case clearly does not concern one out of several remedies to which the Plaintiff is entitled due to the same cause of action. It is a case of *different causes of action and different remedies*.") (emphasis added).

4

interest." Amended Complaint ¶33.[4]  And indeed Hananel has claimed in this very litigation that he is entitled to a 12% option on projects around the world.  See, *e.g.*, February 22, 2005 Hananel deposition at 123-130, 135-36.  Adelson has chosen to sue here for a determination that Hananel has no such rights.  ***The resolution of the Israeli action – either way -- will leave that issue as open as it is today.***  At most, the Israeli lawsuit might adjudicate the parties' rights with regard to Macau.  The broader question – which has gained new urgency since the Las Vegas Sands Corp., in which Adelson and his family own a majority interest, applied for a gaming license in Hungary on or about April 20 (Amended Complaint ¶37) – will remain unanswered.  Accordingly, Adelson must be permitted to maintain his American action.

---

[4]  Identical language appeared in the original complaint, at ¶33.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's motion to dismiss on the ground of *forum non conveniens*.

May 4, 2006

Respectfully submitted,

/s/ Andrew H. Schapiro
Andrew H. Schapiro
Philip Allen Lacovara
MAYER, BROWN, ROWE & MAW, LLP
1675 Broadway
New York, New York 10019
(212) 506-2500

Franklin H. Levy
470 Atlantic Avenue
Boston, MA 02110
(617) 289-9200
Attorneys for Plaintiff Sheldon G. Adelson

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 4, 2006.

/s/ Andrew H. Schapiro
Andrew H. Schapiro