IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                       )
SHELDON G. ADELSON,                    )
                                       )
Plaintiff,                             )     Civil Action No.
                                       )
v.                                     )     **04-cv-10357-RCL**
                                       )
MOSHE HANANEL,                         )
                                       )
Defendant.                             )
_____ )

**MEMORANDUM OF HANANEL IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT**

Defendant Moshe Hananel ("Hananel") provides this Memorandum in support of his Motion to Dismiss Plaintiff Sheldon G. Adelson's ("Adelson's") First Amended Complaint filed on April 28, 2006 pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and pursuant to the federal doctrine of forum non conveniens, because Adelson's amendment is entirely subsumed within his original Complaint, which is subject to dismissal because it duplicates a prior pending action in Israel between the same parties concerning the same issues, and both parties have chosen Israel as an adequate and convenient forum. Moreover, Adelson's amendment, while this Court's consideration of a recommendation of dismissal by Magistrate Judge Sorokin is pending, is nothing more than an effort to delay resolution of this action.[1]

**Procedural Background**

Adelson and Hananel have been parties since 2001 to an action in Israel concerning the terms of the employment agreement between them, including Hananel's rights to options in investments he initiated for Adelson. In 2003, Hananel filed another action asserting his rights under the agreement to options in Adelson's investment in Macau, China, and in 2004 the Israeli

court consolidated this 2003 action for all purposes with the 2001 action (and Adelson did not appeal the consolidation). Adelson nevertheless commenced this action on February 23, 2004 by filing a Complaint in four counts. On November 29. 2005 the Court dismissed three counts for lack of personal jurisdiction over Hananel.[2] On March 28, 2006 (Dkt # 135), Magistrate Judge Sorokin recommended dismissal of the only remaining count, Count I, for forum non conveniens in favor of the prior pending action in Israel between the same parties concerning the same issues, among other reasons, to avoid duplication and conflicting judgments. Adelson has filed an objection to this recommendation, Hananel has responded urging adoption, and the Court's consideration for approval and adoption is pending.

Thirty-one days after Magistrate Judge Sorokin's recommendation, Adelson filed and served an Amended Complaint containing a single additional count for declaratory judgment ("Amended Count II"). Paragraph 42 of Amended Count II states the declaratory relief requested as follows:

> there is a compelling need for this court to enter a declaratory judgment that Hananel has no rights in any of the casino/hotel/real estate/investments anywhere in the world made by plaintiff or in which plaintiff has any interest.

Adelson's original Complaint, Count I ¶ 33, described the relief he sought then:

> Plaintiff alleges that he owed defendant nothing and that defendant is not entitled to any option, interest, profit or claim to any business in which plaintiff has any interest.

These claims are <u>identical in scope</u> and there is not a scintilla of substantive difference between them. The original claim, Count I of 2004, has been the focus of years of substantial

---

[1] As discussed below, Adelson claims the right to amend without leave of Court, but, presumably recognizing the unusual timing and unwarranted nature of his amendment, filed an additional paper in an effort to justify it. The effort fails.

[2] Report and Recommendation on Defendant's Renewed Motion to Dismiss For Lack Of Personal Jurisdiction (Magistrate Judge Sorokin), Oct. 31, 2005, Dkt # 78 ("Oct. 2005 Rept."). Adelson did not object to the recommendation of dismissal of these counts. This Court adopted Judge Sorokin's recommendation granting dismissal of three of the four counts in the Complaint but finding jurisdiction over Hananel for Count I. Electronic Order November 29, 2005.

effort by the parties and the Court resulting in the Magistrate Judge's March 2006 recommendation of dismissal for forum non conveniens, based on his thoroughly documented finding that the prior pending action between the same parties in Israel, involving years of discovery, motions, and rulings (including an interlocutory appellate ruling) in the Israeli court, involves the same claims, and that Israel is the place satisfying "the ultimate inquiry [as to] where trial will best serve the convenience of the parties and the ends of justice." *Iragorri v. International Elevator, Inc.*, 203 F.3d 8, 12 (1st Cir. 2000), quoting *Koster v. (American) Lumbermen's Mut. Cas. Co.,* 330 U.S. 518, 527 (1947).

As set forth in the Argument below, Adelson's proposed Count II is entirely subsumed in his Count I, and should be dismissed for the reasons set forth in Hananel's previous motion papers and in accordance with the March 2006 Report. Hananel also requests dismissal for lack of personal jurisdiction, on the grounds set forth in his previous motion papers, which are incorporated by reference, to preserve his rights under Fed. R. Civ. P. 12(h), although he recognizes that the Court has previously ruled that it has personal jurisdiction over Hananel concerning Adelson's Count I. *See* n. 1, *supra*.

### Argument

I.  **ADELSON'S AMENDED COUNT II SHOULD BE DISMISSED PURSUANT TO MOTIONS IN THE PRESENT RECORD.**

Even if the Court accepts Adelson's amendment as the single amendment he is allowed as a matter of course under Fed. R. Civ. P. 15(a), Adelson cannot avoid the application of the pending motions to dismiss by such a tactic. An authoritative commentator, in a statement adopted by courts, shows why.

> [D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being

> addressed to the amended pleading.  <u>To hold otherwise would be to exalt form over substance.</u>

6 Wright, Miller & Kane, *Federal Practice & Procedure* § 1476 at 558 (1990 & Supp. 2005) (emphasis added); *see Jordan v. City of Philadelphia,* 66 F. Supp. 2d 638, 641 n.1 (D. Pa. 1999) (citing Wright, Miller & Kane as above); *Patton Elec. Co, v, Rampart Air, Inc.*, 777 F. Supp. 704, 712 (D. Ind. 1991) (same).[3]  Accordingly, even though Hananel has filed the present motion to dismiss from caution, the Court can properly dismiss the Amended Complaint in reliance on Hananel's original motion.

## II. ADELSON'S AMENDED COUNT II IS SUBSUMED WITHIN ORIGINAL COUNT I AND SHOULD BE DISMISSED FOR THE SAME REASONS.

A summary of the language of Adelson's original Complaint, his amended Complaint, and the identity of the prior pending Israeli litigation as recognized by this Court (in adopting Magistrate Judge Sorokin's October 31, 2005 Recommendation) and by Judge Sorokin in this March 28, 2006 Report shows that immediate dismissal is appropriate.

Magistrate Judge Sorokin's March 28, 2006 Report and Recommendation finds:

> <u>Both parties agree</u> that the very dispute before this Court, i.e., whether Defendant is entitled to 12% of Plaintiff's share of a casino development in Macau (or, stated more generally, whether Defendant is entitled to 12% of <u>any business investment</u> to which he referred Plaintiff during the course of Defendant's employ at one of Plaintiff's companies, is also pending before Israeli courts, in the form of a 2003 action filed by Hananel against Adelson.

---

[3] The same commentator, noting the wisdom of limiting an automatic amendment right to one occasion, pointed out that "an unrestricted right to amend as of course easily might become a source of abuse either by encouraging shabby pleading techniques or by providing a potential source of harassment."  6 Wright, Miller & Kane, *supra* at 577.

March 2006 Report at 2 (emphasis added).[4]  Likewise, in his October 31, 2005 Report and Recommendation. Dkt # 78 ("Oct. 2005 Report"), not objected to by Adelson and adopted by this Court, Judge Sorokin found:

> Several lawsuits are pending between plaintiff and defendant in Tel Aviv District Labor Court concerning severance, <u>employment terms and what, if anything, plaintiff may owe defendant</u> under the oral employment contract.

Oct. 2005 Rept. at 12-13 (emphasis added).  Also in the March 2006 Report, Judge Sorokin stated:

> [T]he <u>very issue Adelson brings to this court is already pending before the Court in Israel,</u> in the form of the 2003 action brought by Hananel.  If this case proceeds, both the Court in Israel and the Court here will spend judicial resources adjudicating <u>the same claim.</u>

March 2006 Report at 10 (emphasis added).

The quotations from Adelson's Complaint and Amended Complaint appearing on page 2 above confirm that the Amended Complaint is addressed to the <u>same</u> agreement (the oral agreement between Hananel and Adelson), the <u>same</u> rights ( including among others options for shares in investments), and the <u>same</u> geographical scope (worldwide).  The quotations from findings on Hananel's motion to dismiss show that this Court, in the adopted Oct. 2005 Report, and Magistrate Judge Sorokin again, in the March 2006 Report, have found and confirmed the identity of the claim under an oral agreement for options in investments with the prior pending Israeli proceeding.

Adelson's present "Memorandum Relating To Amended Complaint" (a paper, which by his theory of a Rule 15(a) right to amend as a matter of course, would be unnecessary[5]), does not

---

[4] As noted in other Hananel papers, Chief Judge Alia Fogel of the Israeli Labor Court consolidated the 2003 and 2001 Israeli actions two years ago, in a decision not appealed by Adelson, for the same reasons relied on by Judge Sorokin (and uniformly by other courts in Supreme Court, First Circuit, and other United States cases he relied on): "...<u>the court will be asked to decide similar issues, namely the type of commitments that Plaintiff [Hananel] received, as he alleges, from the Defendants [Adelson and IPI], as to the terms of his employment."</u> 2d

show any distinction. Indeed, Adelson's memorandum expressly admits that "*The amendment does not add a new claim or a new issue to the case.*"[6] This statement by Adelson brings the First Amended Complaint squarely within the authorities cited above by which the Court should consider the amended complaint subject to the already pending motions to dismiss and Judge Sorokin's March 2006 Report.

Adelson's expressed justification for filing an amendment which "does not add a new claim or a new issue to the case" is that he has filed a casino application in Hungary on April 20, 2006. This justification fails, unless he were to make the absurd argument that Hungary (or Singapore or the United Kingdom, other countries he mentions) are not included in "anywhere in the world" (Adelson, "Memorandum" at 2 describing the original Complaint), "any business in which plaintiff has an interest" (Adelson, original Complaint, Count I, ¶ 33), "any business investment," (Judge Sorokin, March 2006 Report at 2), or "what, if anything, plaintiff may owe defendant under the oral employment contract" (Oct. 2005 Report at 12-13). As the newly suggested countries and investments fall completely within these claims, Adelson has no justification for this amendment.[7]

In addition to dismissing the First Amended Complaint on the same grounds as the Complaint, the Court should find, based on Adelson's own words, that he has interposed this amendment for delay, in an effort to indefinitely prolong this action as a duplicate to the Israeli action to the detriment of Hananel. *See* 6 Wright & Miller, *supra*, § 1483 at 599-590 (use of

---

Hananel Aff. (Dkt # 21) ¶ 2; *see also* Hananel's Response To Objections Of Adelson to [March 2006 Report], Dkt # 141 at 5.

[5] Adelson uses gratuitous language in his "Memorandum" to attack Judge Sorokin's March 2006 Report, asserting, for example, that he did not "recognize" Adelson's argument; seeking an opportunity for an additional attack, beyond the rules, on Judge Sorokin may be the true reason for the "Memorandum."

[6] Adelson's "Memorandum" at 2 admits that the original complaint was an "action for declaratory judgment that he had no contractual liability to the defendant arising out of <u>any venture or investment</u> made <u>anywhere in the world</u>." (Emphasis added.) He thereby agrees that his amended count II is subject to the same grounds for dismissal as his original Complaint.

delayed amendment condemned; "Rule 15(a) is not to be construed so as to render Rule 12 meaningless and ineffective") (quoting *Clardy v. Duke Univ.*, 299 F.2d 368, 369-370 (4th Cir. 1962)(*per curiam*)).

## Conclusion

For the above reasons, the Court should dismiss this action, including the First Amended Complaint, on the grounds of forum non conveniens. Hananel, to preserve any appellate rights, also requests dismissal for lack of personal jurisdiction on the grounds he has previously advanced.

Dated: May 11, 2006

> MOSHE HANANEL
> By His Attorneys,
>
> /s/ James A. G. Hamilton
> James A. G. Hamilton (MA Bar # 218760)
> PERKINS, SMITH & COHEN, LLP
> One Beacon Street
> Boston, MA  02108
> 617.854.4000

MemDsmsAmCplt-31216-1

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 11, 2006.

/s/ James A.G. Hamilton

---

[7] If credibility were to be given to an argument that naming Hungary, Singapore, and the U.K. in an amendment was a substantial amendment, the argument would still fail to hinder dismissal because Adelson can obtain the same relief in Israel.