IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELDON G. ADELSON,           )<br>Plaintiff,                              )<br>                                            )<br>v.                                         )<br>                                            )<br>MOSHE HANANEL,                )<br>Defendant.                            ) | Civil Action No.<br><br>**04-cv-10357-RCL** |

**MOTION OF HANANEL FOR LEAVE TO FURTHER SUPPLEMENT RECORD
WITH ISRAELI SUPREME COURT DISMISSAL OF ADELSON'S APPEAL**

Defendant Moshe Hananel ("Hananel") requests leave to supplement the record with the final outcome of an interlocutory appeal that Plaintiff Sheldon G. Adelson ("Adelson") had taken in the Israeli proceedings.  On May 15, 2006, the Supreme Court of Israel (acting, as is customary, through a three-judge panel) dismissed the appeal of Adelson, who was seeking to overturn an interlocutory ruling of the National Labor Court in the prior pending consolidated case between Adelson and Hananel in Israel.  Adelson has tried to argue in the present case that Israel is a less convenient forum, citing allegedly delayed proceedings in Israel caused by a pending appeal, in his Objections (Dkt. # 137) to the March 28, 2005 Report and Recommendation of Magistrate Judge Sorokin (Dkt. # 135).  Objections at 9, 15 (but omitting to mention that Adelson had filed the sequential interlocutory appeals).

Now Israel's highest court (promptly affirming the National Labor Court appellate decision of March 1, 2006, previously submitted as Dkt # 132)  has rejected Adelson's petition for further appeal.  A copy of the four-paragraph decision in Hebrew and a translation are attached hereto as Exhibit 1.  The ruling dismissing Adelson's petition appears in paragraph 4.

The Court should recognize this outcome as further support for Magistrate Judge Sorokin's Recommendation of dismissal for forum non conveniens in favor of the prior Israeli proceeding in which Adelson has, without objection to its convenience, litigated the terms of his

- 2 -

employment agreement, including investment options, with Hananel since 2001, and in which the Israeli courts have been and are actively engaged.

WHEREFORE, the Court should permit supplementation of the record with the decision of the Supreme Court of Israel dated May 15, 2006 attached hereto.

Respectfully submitted,

Dated: May 17, 2006

MOSHE HANANEL
By His Attorneys,
    /s/ James A. G. Hamilton
James A. G. Hamilton (MA Bar # 218760)
PERKINS, SMITH & COHEN, LLP
One Beacon Street
Boston, MA  02108
617.854.4000

**Certificate of Service**
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 17, 2006.
    /s/ James A.G. Hamilton

MotLvSuppIsrApp2d-31216-1

**EXHIBIT 1**

**In the Supreme Court sitting as the High Court of Justice**

Case no. 2542/06

Before:   Honorable Judge A. A. Levy

  Honorable Judge E. Arbel

  Honorable Judge E. Rubinstein

Petitioners:  1. Interface Partners International Limited

  2. Sheldon G. Adelson

  Versus

Respondents:  1. National Labor Court

  2. Moshe Hananel

  Petition for conditional injunction

  Preliminary response on behalf of Respondent 2 dated May 7, 2006

On Behalf of the Petitioners:  Attorney Avigdor Klagsbald, Attorney Amir Shraga

One Behalf of Respondent 2: Attorney David Peretz

**Decision**

The Honorable Judge E. Levi:

  1.   Respondent 2, Moshe Hananel, was fired from his job at petitioner 1. In the framework of settlement negotiations between him and petitioner 2, Sheldon G. Adelson, the controlling owner of petitioner 1, the two exchanged correspondence which states that they are being handled "Without prejudice, not binding, for negotiation purpose only." Those memoranda were added to the affidavit of respondent 2 and as appendices to the complaint submitted to the Labor District Court. The petitioners submitted to the district court a motion to strike the affidavit of petitioner 2 and require submission of a new affidavit, from which would be deleted any reference to the settlement negotiation which was conducted between the parties. This motion was rejected, and as a result an appeal was submitted to the National Labor Court, which ruled by majority, that the memoranda will remain in the complaint file, and upon

1

completion of deliberation the District Court will consider the interest of finding the truth and confidentiality of the documents, in light of the trend of moving from admissibility to weight in evidentiary law.  It was also decided that evidence exchanged between the parties during negotiation are admissible, unless it was expressly stated that this was their purpose, and even in this last case there are exceptions where the evidence will be considered admissible.

2.	Against this last decision the present petition was submitted, and within its frame the petitioners are asking for issuance of a conditional injunction in which the respondents will be obligated to show cause why the verdict of the National Labor Court should not be vacated, in which, according to the claim,  a new precedent was established, that was also applied incorrectly.  According to their claim, in the decision it was established for the first time, that documents presented for negotiation will be admissible, even though the parties to the negotiation determined otherwise.  This is contrary to the fact that the existence of negotiations to compromise is a voluntary matter, and in the absence of a proper protection, the unwillingness of parties negotiating to compromise to reveal the full material in their possession, will frustrate the possibility of compromise.  Also, the petitioners object to the decision of the District Court, according to which their objections to the submission of confidential evidence was late.  This decision is supported by the precedent according to which if one party does not object to invalidate evidence, this evidence becomes fully admissible for each and every matter.  According to the petitioners, we are dealing with documents that are not admissible at all, and therefore, the relevant time to object is the date of actual submission of the evidence, meaning, at the beginning of the cross-examination of  respondent 2.  Hence, according to their claim, they were not only not late at all in their objection, but they were early.  The petitioners further stress, that this case is included in the cases where the High Court of Justice will interfere in the decision of the National Labor Court, due to the novelty of the issue dealt with, and its far-reaching ramifications.

3.	In response to the petition, respondent 2 requests to dismiss it in limine, because the decision which is the subject of this petition is an appeal from an interlocutory decision of the District Labor Court, and it has a clear deliberative character, which does not justify the interference of this Court.  According to his claim, no new precedent was determined in the decision of the District Court, because even in the current judicial landscape there could be scenarios in which documents would be declared admissible, even if prepared for settlement discussion purposes.  Also, claims Responder 2, the petitioners are precluded from raising  the claim of confidentiality, since they have not done so in many legal proceedings ongoing between them during the years.  Also mentioned, that according to respondent 2, the basis of this petition is in the desire of the petitioner to prove within the frame of another claim that was filed by him in the USA, that the State of Israel, because of the length of its legal proceedings, is not an appropriate forum to adjudicate the complaint.  Hence, claims this respondent, this petition was submitted for unrelated and improper motives.

4.	This petition should be rejected.  This Court does not sit as an appellate legal instance on the decision of the National Labor Court.  Its involvement is limited to cases where there is a substantive legal error in the decision, and when the circumstances show that justice requires it [case citations omitted]. Those things are far more applicable in light of the fact that we deal with a petition directed against an interlocutory decision having a deliberative character,

2

which was deliberated before two legal instances, and the deliberation in the main proceeding is still pending [citations omitted].

      In light of the above, I did not find that a cause was proved for the intervention of this Court, thus I have decided to dismiss the petition in limine.

[by]
Judge E. Levi.

Judge E. Arbel:
I concur.

Judge E. Rubinstein:

I agree with the decision of my colleague Judge Levi. I will just add that the question for which a dispute arose in the National Labor Court, i.e., the evidentiary status of the documents exchanged during negotiations - is for me a notable question; but the case and the circumstances, and certainly when dealing with interlocutory decisions, do not make it fit to be addressed, in the context of intervention in the National Labor Court. For myself, I have accepted for a long time, the basic trend for the transition from admissibility limitations to weight limitations (but see in the criminal context [reference to case omitted]); but it appears that its limits still need consideration, beyond deciding each case for itself. As aforesaid, I join the decision.

01016287

<div dir="rtl">

<u>בבית המשפט העליון   בשבתו כבית משפט גבוה לצדק</u>

בג"ץ 2542/06

| | |
|---|---|
| בפני: | כבוד השופט א' א' לוי |
| | כבוד השופטת ע' ארבל |
| | כבוד השופט א' רובינשטיין |
| | |
| העותרים: | 1. אינטרפייס פרטנרס אינטרנשיונל לימיטד |
| | 2. שלדון ג' אדלסון |

נ ג ד

| | |
|---|---|
| המשיבים: | 1. בית הדין הארצי לעבודה |
| | 2. משה חננאל |

עתירה למתן צו על-תנאי
תגובה מקדמית מטעם המשיב 2 מיום 7.5.06

| | |
|---|---|
| בשם העותרים: | עו"ד אביגדור קלגסבלר, עו"ד אמיר שרגא |
| בשם המשיב 2: | עו"ד דוד פרץ |

<u>פסק-דין</u>

<u>השופט א' א' לוי:</u>

1.   משיב 2, משה חננאל, פוטר מעבודתו אצל עותרת 1. במסגרת משא ומתן לפשרה בינו לבין עותר 2, שלדון ג' אדלסון, בעל השליטה בעותרת 1, החליפו השניים תכתובת בה נאמר כי הם נמסרים "Without prejudice, Not binding, For negotiation purpose only". מזכרים אלו צורפו לתצהיר עדותו של משיב 2 וכנספחים לכתב התביעה שהגיש לבית-הדין האזורי לעבודה. העותרים הגישו לבית-הדין האזורי בקשה להורות על הוצאת תצהירו של משיב 2 והגשתו של תצהיר עדות חדש, ממנו יושמט כל אזכור למשא ומתן לפשרה שהתנהל בין הצדדים. בקשה זו נדחתה, ובעקבות כך הוגש ערעור לבית-הדין הארצי, שקבע ברוב דעות, כי המזכרים יישארו בתיק התביעה, וכי עם סיום הדיון ייתן בית-הדין האזורי את דעתו לאינטרס גילוי האמת ולחיסיון המסמכים, נוכח מגמת המעבר מקבילות למשקל בדיני ראיות. עוד נקבע, כי ראיות

</div>

2

שהוחלפו בין הצדדים במסגרת משא ומתן קבילות הן, אלא אם כן נאמר במפורש שזה ייעודן, ואף במקרה אחרון זה קיימים חריגים בהם ייחשבו הראיות כקבילות.

2. כנגד החלטה אחרונה זו הוגשה העתירה הנוכחית, ובמסגרתה מבקשים העותרים ליתן צו על תנאי בו יחויבו המשיבים לנמק מדוע לא יבוטל פסק דינו של בית-הדין הארצי לעבודה, בו על פי הנטען, נקבעה הלכה חדשה, שגם יושמה באופן שגוי. לטענתם, בפסק-הדין נקבע לראשונה כי מסמכים שהוצגו לצורכי משא ומתן יהיו קבילים, על אף שהצדדים למשא ומתן קבעו אחרת. זאת, חרף העובדה כי קיומו של משא ומתן לפשרה הינו עניין וולונטארי, וכי בהעדר הגנה הולמת, לא תהיה נכונות של צדדים המנהלים משא ומתן לפשרה לחשוף את מלוא החומר שברשותם, וכך תסוכל אפשרות מימושה של הפשרה. כמו כן, משיגים העותרים כנגד קביעתו של בית-הדין האזורי, לפיה התנגדותם להגשת הראיות החסויות הובעה באיחור. קביעה זו נתמכה בהלכה הנוהגת לפיה אם בעל דין אינו מתנגד לפסילתה של ראיה, הופכת היא לכשרה לכל דבר ועניין. לטענת העותרים, עסקינן במסמכים שאינם קבילים כלל, ולפיכך, המועד הרלוונטי להתנגדות הוא מועד הגשתה של הראיה בפועל, היינו, עם תחילת חקירתו הנגדית של משיב 2. מכאן, לשיטתם, לא זו בלבד שלא איחרו בהתנגדותם, אלא אף הקדימו את זמנה. עוד מטעימים העותרים, כי מקרה זה בא בכלל המקרים בהם יתערב בית-המשפט הגבוה לצדק בהחלטותיו של בית-הדין הארצי לעבודה, נוכח חדשנות הסוגיה בה עסקינן, והשלכותיה מרחיקות הלכת.

3. בתגובתו לעתירה, מבקש משיב 2 לדחותה על הסף, מאחר ופסק-הדין נשוא העתירה הינו ערעור על החלטת ביניים של בית-הדין האזורי לעבודה, והוא בעל אופי דיוני מובהק, שאינו מצדיק את התערבותו של בית-משפט זה. לטענתו, לא נקבעה בפסק-הדין של בית-הדין הארצי הלכה חדשה כלשהי, מאחר ואף במצב המשפטי הקיים ייתכנו מקרים בהם יוכרו מסמכים כקבילים, אף שהוכנו לצורכי משא ומתן. עוד טוען משיב 2, כי העותרים מנועים מלהעלות את טענת החיסיון, מאחר שלא עשו זאת במסגרתם של הליכים משפטיים רבים שהתנהלו ביניהם במהלך השנים. עוד יוער, כי לטענת משיב 2, יסודה של עתירה זו ברצון העותר להוכיח במסגרתה של תביעה אחרת שהוגשה על ידו בארצות-הברית, כי מדינת ישראל, בשל התמשכות ההליכים המשפטיים בה, הינה פורום בלתי נאות לבירורה של התביעה. לפיכך, טוען משיב זה, הוגשה עתירה זו ממניעים זרים ופסולים.

4. דין העתירה להידחות. בית משפט זה אינו יושב כערכאת ערעור על הכרעותיו של בית-הדין הארצי לעבודה. התערבותו מצטמצמת למקרים בהם נפלה בפסק-הדין

3

טעות משפטית מהותית, וכשנסיבות העניין מורות כי הצדק מחייב זאת (ראו בג"ץ 525/84 חטיב נ' בית הדין הארצי לעבודה, פ"ד מ(1) 673; בג"ץ 8111/96 הסתדרות העובדים החדשה נ' התעשייה האווירית בע"מ, פ"ד נח(6), 481). הדברים נכונים ביתר שאת נוכח העובדה כי מדובר בעתירה המכוונת כנגד החלטת ביניים בעלת אופי דיוני, אשר לובנה בפני שתי ערכאות, ואשר הדיון בהליך העיקרי עודנו תלוי ועומד (ראו בג"ץ 7331/03 כנעני נ' בית הדין הארצי לעבודה, לא פורסם; בג"ץ 9746/05 שדה נ' אוניברסיטת בן גוריון, לא פורסם; בג"ץ 9211/05 וינברג נ' בית הדין האזורי לעבודה בתל אביב, לא פורסם).

נוכח כל אלה, לא מצאתי כי הוכחה עילה להתערבותו של בית משפט זה, ומכאן החלטתי לדחות את העתירה על הסף.

ש ו פ ט

השופטת ע' ארבל:

אני מסכימה.

ש ו פ ת ת

השופט א' רובינשטיין:

מסכים אני לפסק דינו של חברי השופט לוי. אוסיף רק, כי השאלה שעליה נתגלעה המחלוקת בבית הדין הארצי לעבודה – קרי, מעמדם הראייתי של מסמכים שהוחלפו במהלך מו"מ – היא בעיני שאלה נכבדה; אלא שהמקרה והנסיבות, וכמובן משעסקינן בהחלטת ביניים, אינם מתאימים להידרש אליה, בגדרי ההתערבות בפסקי דינו של בית הדין הארצי לעבודה. כשלעצמי מקובלת עלי מקדמת דנא המגמה הבסיסית של המעבר מגדרי קבילות לגדרי משקל (אך ראו בהקשר הפלילי ע"פ 5121/98 ישבשכרוב נ' התובע הצבאי הראשי (טרם פורסם) (פסקאות 48-49 לחוות דעתה של השופטת בייניש)); אלא שדומה כי גבולותיה עודם בצריך עיון, מעבר להכרעת כל מקרה לגופו. כאמור, מצטרף אני לפסק הדין.

ש ו פ ט

4

הוחלט כאמור בפסק-דינו של השופט א' א' לוי.

ניתן היום, י"ז באייר תשס"ו (15.5.2006).

ש ו פ ט                    ש ו פ ט ת                    ש ו פ ט

העותק כפוף לשינויי עריכה וניסוח. 06025420_O08.doc /שב
מרכז מידע, טל' 02-6593666 ; אתר אינטרנט, www.court.gov.il