UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| SHELDON G. ADELSON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 04-cv-10357-RCL |
| MOSHE HANANEL, | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
FOR LEAVE TO FURTHER SUPPLEMENT THE RECORD**

MAYER, BROWN, ROWE & MAW, LLP
Andrew H. Schapiro
Philip Allen Lacovara
1675 Broadway
New York, New York 10019
(212) 506-2500

Franklin H. Levy
470 Atlantic Avenue
Boston, MA 02110
(617) 289-9200

Attorneys for Plaintiff Sheldon G. Adelson

Plaintiff Sheldon Adelson ("Adelson") submits this Memorandum in response to Defendant Moshe Hananel's Motion for Leave to Further Supplement Record With Israeli Supreme Court Dismissal of Adelson's Appeal. Though Adelson does not oppose the motion, he presents two points for the Court to consider in determining the relevance of Hananel's proffered evidence.

Adelson has not argued that the Israeli courts would never rule on this particular appeal or that the case would never move forward. And Hananel has not disputed that this *interlocutory appeal relating to the admissibility of certain documents*, which went to the National Labor Court and then the Supreme Court of Israel, took more than three years to resolve. The ultimate decision was to postpone decision on this issue until after the trial court has heard the other evidence. Meanwhile, the trial court still has not set a date for a pre-trial hearing on Hananel's claims, some of which date to 2001.

Most importantly, even when the Israeli court ultimately proceeds to trial, the claim at issue in this Court – whether Hananel is entitled to a 12% share in any Adelson project worldwide – will *not be addressed*. That is because Hananel's complaint, which defines the scope of the Israeli litigation, is expressly limited to his claim to shares in a development in Macau, China. See 2003 Israeli Complaint at § 3.7 ("This Complaint concerns the Plaintiff's right to options and shares *in the Macau casino venture*.") (emphasis added). And even to the extent that the Israeli court does address Hananel's claim to the Macau venture, it will be tangled up in other issues related to the parties' employment relationship, inevitably complicating and lengthening the Israeli proceedings.

## CONCLUSION

Plaintiff respectfully requests that this Court take these points into consideration in ruling on the motion.

May 24, 2006

                Respectfully submitted,

                /s/ Andrew H. Schapiro
                Andrew H. Schapiro
                Philip Allen Lacovara
                MAYER, BROWN, ROWE & MAW, LLP
                1675 Broadway
                New York, New York  10019
                (212) 506-2500

                Franklin H. Levy
                470 Atlantic Avenue
                Boston, MA  02110
                (617) 289-9200
                Attorneys for Plaintiff Sheldon G. Adelson

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 24, 2006.

                /s/ Andrew H. Schapiro
                Andrew H. Schapiro