UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SHELDON G. ADELSON,                    :

Plaintiff,                             :

v.                                     :    Civil Action No. 04-cv-10357-RCL

MOSHE HANANEL,                         :

Defendants.                            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS FIRST AMENDED COMPLAINT**

MAYER, BROWN, ROWE & MAW, LLP
Andrew H. Schapiro
Philip Allen Lacovara
1675 Broadway
New York, New York 10019
(212) 506-2500

Franklin H. Levy
470 Atlantic Avenue
Boston, MA 02110
(617) 289-9200

Attorneys for Plaintiff Sheldon G. Adelson

Plaintiff Sheldon Adelson ("Adelson") submits this Memorandum in opposition to Defendant Moshe Hananel's Motion to Dismiss the Amended Complaint.

## I.  The Amendment Is Entirely Proper

Hananel in places seems to argue that there is something improper about the amendment, but he requests no relief in that regard.  The governing law is straightforward.  Federal Rule of Civil Procedure 15(a) states that "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."  In this case, no responsive pleading has been served.[1]  Thus, Adelson may amend his complaint as a matter of course.  Any argument that Adelson needs "justification for this amendment" (Hananel Br. 6) is frivolous.

The amendment is also entirely consistent with "[t]he function of Rule 15(a), *** [which] is to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint or answer."  WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 1473 (1990).  The amendment simply clarifies that plaintiff seeks declaratory relief as to business ventures in any country in the world, including a particular venture in Hungary that began just eight days before the amended complaint was filed.

## II.  The Motion To Dismiss The Amended Complaint Should Be Denied

Hananel concedes that this case, from the moment it was filed, has always been about Adelson's ***worldwide*** activities.  *Id.* at 5-6.  The Israeli action, by contrast, has ***never*** involved a claim to options in international projects beyond Macau.[2]  To obscure this point, Hananel persists in making assertions about the record in Israel that are flatly contradicted by his own filings there, apparently expecting this Court to be ignorant of those proceedings.  As Adelson has

---

[1]      A motion to dismiss is, of course, not a responsive pleading.  See *Lowden* v. *William M. Mercer, Inc.*, 903 F. Supp. 212, 216 (D. Mass. 1995).

[2]      The Israeli litigation also encompasses various other claims and counter-claims related to Hananel's employment with IPI, including a demand for options in IPI itself.

previously pointed out, Hananel's 2003 complaint in Israel requested relief only as to Macau.[3]
See 2003 Israeli Complaint at § 3.7 ("This Complaint concerns the Plaintiff's right to options and
shares *in the Macau casino venture*.") (emphasis added); id. at § 9.1 (requesting "[d]eclar[ation]
that the Plaintiff is entitled to receive 12% of the shares *to the Macau venture*") (emphasis
added).  Hananel described the "Subject Matter of the [Israeli] Complaint," in full, as follows:

> ***This Complaint concerns*** the Defendants' undertaking to give the
> Plaintiff stock options in a casino venture in ***the Macau region of
> the People's Republic of China***, in view of the Plaintiff's
> involvement in the initiation of the project, while he worked for the
> Defendants.  The Defendants have denied their undertaking.
> Hence this Complaint is filed for a declaratory remedy in
> recognition of the right.

2003 Israeli Complaint at § 1 (emphasis added).

As the amendment simply elucidates, Adelson has ventures around the world that are
threatened by Hananel's claims.  The Israeli court has no way of declaring the parties' rights as
to non-Macau developments, because Hananel has not made any request for relief as to any non-
Israeli, non-Macau company.  Thus, this action is uniquely necessary to resolve the entirety of
the parties' dispute, and the Complaint should not be dismissed.

---

[3]     His 2001 complaint also demanded shares in IPI and two Israeli companies.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's motion to dismiss the amended complaint.

May 24, 2006

Respectfully submitted,

/s/ Andrew H. Schapiro
Andrew H. Schapiro
Philip Allen Lacovara
MAYER, BROWN, ROWE & MAW, LLP
1675 Broadway
New York, New York 10019
(212) 506-2500

Franklin H. Levy
470 Atlantic Avenue
Boston, MA 02110
(617) 289-9200
Attorneys for Plaintiff Sheldon G. Adelson

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 24, 2006.

/s/ Andrew H. Schapiro
Andrew H. Schapiro