IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELDON G. ADELSON, ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| v. ) | **04-cv-10357-RCL** |
| ) | |
| MOSHE HANANEL, ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF HANANEL'S
<u>MOTION TO STAY PROCEEDINGS</u>**

Defendant Moshe Hananel ("Hananel") offers this Memorandum in Support of his Motion to Stay Proceedings. Hananel also relies on his 12th Affidavit filed herewith.

Circumstances favoring a stay have radically changed since the commencement of this action in February 2004, because the earlier-filed Consolidated Israeli Action between the same parties, of which this Court has found the present action to be a duplicate, is <u>currently on trial in Israel and scheduled to continue with the last witnesses on Adelson's trial list (Mr. Adelson and his employee Mr. Weidner) on February 29, 2008.</u> If the Israeli court allows additional witnesses, which it has not yet decided, they will be heard in March. *See generally* 12th Hananel Aff.

**Procedural Background**

The relevant background facts and much of the older relevant procedural background is set forth in decisions by Magistrate Judge Sorokin, both of which this Court confirmed (although as Judge Sorokin noted, Hananel disputes many factual assertions by Adelson), and which are attached hereto as Exhibits 1 (Dkt #45, Jurisdiction Recommendation, 10/31/05) and 2 (Dkt #87, Forum Non Conveniens Recommendation, 3/28/06). An update on the Consolidated Israeli

Action is contained in the 12th Affidavit of Hananel filed herewith.  The following is a brief summary of the pending actions:

1. **The present action.**  Plaintiff Sheldon G. Adelson ("Adelson") commenced this action on February 23, 2004.  This Court dismissed his claims for defamation and other torts for lack of personal jurisdiction, without appeal (Exh. 1 at 23-24).  This Court also dismissed Adelson's claim for declaratory judgment concerning Hananel's contract claim for options in Adelson's Macau investment, arising from Hananel's initiation of the investment, on forum non conveniens grounds, Exh. 2, but the Court of Appeals for the First Circuit reversed on December 5, 2007, denied rehearing on January 8, 2008, and issued its mandate on January 11, 2008.  *Adelson v. Hananel*, No. 06-2281, 06-2282 (1st Cir. December 5, 2007).  The First Circuit opinion, however, explicitly recognized that "the interests of the judicial system in achieving efficient resolution militate against Adelson because of the prior suits pending in Israel . . . .."[1]  Hananel now seeks a stay of proceedings pending the outcome of the Consolidated Israeli Action.

2. **The Consolidated Israeli Action, District Labor Court of Tel Aviv-Jaffa [Israel] No. LB 006245/01.**  Hananel commenced a suit against Adelson (and Adelson's wholly owned company IPI) in Israel in 2001 concerning, inter alia, compensation and rights to options due Hananel under his employment contract with Adelson.  Hananel commenced a second suit asserting his Macau claim for rights to options in 2003.  Exh. 2 at 2-3.  The Israeli court consolidated the two suits regarding Hananel's employment agreement in 2004 for reasons of judicial efficiency and the avoidance of duplication of effort and conflicting judgments.  Exh. 1 at 13.  In November 2006 the Israeli court ordered that the case proceed to trial without delay,

---

[1] *Id.* Slip Op. at 16.  Although the First Circuit concluded the quoted sentence by saying "the district court properly concluded that this factor alone was insufficient to tip the constitutional balance on the facts of this case" the facts have radically altered in favor of a stay because of the ongoing trial in Israel.

2

Dkt. #38 in *Adelson v. Hananel*; No. 06-1590, D-Nev., translation by Adelson, Exh. 3 hereto, page 6 of 6 ¶ 5. Trial in this Consolidated Israeli Action has commenced, eight proof examination hearings have been completed, examination of the last witnesses on Adelson's trial list is scheduled for February 28 and 29, any additional witnesses if allowed by the court will be heard in March 2008, and post-trial briefing and a decision will follow. 12th Hananel Aff. ¶¶ 3, 8-19. Numerous witnesses, the great majority Israeli (Hananel: thirteen Israelis; Adelson: six Israelis, four Americans (Adelson and his employees Weidner and Roberts, and ex-employee Ma), and two Macau residents), have testified or are scheduled to testify on the Macau claim to which the present action is addressed, and which will be adjudicated (along with other claims and issues arising from Hananel's employment by Adelson, such as his employment before December, 1995) by the Israeli court. 12th Hananel Aff. ¶¶ 4-5. *See* Exh. 2 at 10 (Israeli action has, in addition to the identical Macau claims, additional claims based on the same facts and involving the same parties).[2]

3.  **Hananel's previous motion for stay.** In June, 2004, simultaneously with his motions to dismiss for lack of jurisdiction and to dismiss for forum non conveniens, Hananel filed a motion to stay proceedings pending the outcome of the Consolidated Israeli Action. Dkt. #10. This Court denied the motion for stay in an electronic Order on December 1, 2004, before the recognition by this Court that the present action was duplicative of the Israeli action (Exhs. 1 & 2) and before the commencement of trial in Israel.

4.  **Relevant testimony at ongoing Israeli trial.** Hananel is preparing a formal submission to this Court of recent important testimony in Israel by <u>Adelson's</u> witnesses,

---

[2] Adelson also commenced an action against Hananel in Israel in 2002, withdrawing it on the eve of trial in 2006, and re-filing it in the United States at the same time (*IPI v. Hananel,*, No. 06-117088-RCL). Judge Sorokin has recommended dismissal of this action on multiple forum non conveniens grounds distinct from those in the present action, Dkt. #37, and the Court's action on the recommendation is pending.

including, for example, the testimony of Adelson's legal counsel and affiant Paul G. Roberts, Esq., who has supplied affidavits in the present action, that Hananel was supposed to be employed according to Israeli law.

**Argument**

**I. THIS PROCEEDING SHOULD BE STAYED PENDING FINAL JUDGMENT IN THE ISRAELI TRIAL.**

Federal courts have the inherent power to stay an action based on the pendency of a related proceeding in a foreign jurisdiction. *Goldhammer v. Dunkin' Donuts, Inc.*, 59 F. Supp. 2d 248, 251 (D. Mass. 1999), citing *Boushel v. Toro Co.*, 985 F.2d 40, 409-10 (8th Cir. 1993). A court, in its sound discretion, may stay any case pending before it in an exercise of its power to "control its own docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Cannavo v. Enter. Messaging Servs.*, 982 F. Supp. 54, 59 (D. Mass. 1997). See *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.,* 549 U.S. ____, 127 S.Ct. 1184, 1192 (March 5, 2007) (*forum non conveniens* dismissal was appropriate "when considerations of convenience, fairness, and judicial economy so warrant") (emphasis added) and *Id.* at 1194 (explaining that "considerations . . . of judicial economy" included dismissal based on the existence of prior pending foreign litigation which the plaintiff was trying to duplicate, stating "[j]udicial economy is disserved by continuing litigation in [Pennsylvania] given the proceedings long launched in China"); s*ee also Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) (courts should consider "wise judicial administration . . . . conservation of judicial resources, and comprehensive disposition of litigation"). It is therefore not a novel proposition that a stay will most likely be granted in situations likely to conserve judicial and party time, resources and energy. *Diomed, Inc. v. Total Vein Solutions, LLC*, 298 F. Supp. 2d 385, 387 (D. Mass. 2007), citing *Uniroyal,*

4

*Inc. v. Sperberg*, 63 F.R.D. 55, 60 (S.D.N.Y. 1973); *Boushel*, 985 F.2d at 409 (granting stay in interests of judicial economy and international comity).  *See also Pritzker v. Yari*, 42 F.3d 53, 64 (1st Cir. 1994) (policy of avoiding duplicative actions); *Linkco, Inc. v. Nichimen Corp.*, 164 F. Supp. 3d 203, 213 (D. Mass. 2001) (Saris, J.) (choice of forum entitled to less weight when filed after parallel litigation); *MLC (Bermuda) Ltd. v. Credit Suisse First Boston Corp.*, 46 F. Supp. 2d 249, 254 (S.D.N.Y. 1999) (dismissal of duplicative actions on forum non conveniens grounds).

In determining whether to grant a stay because of duplicative litigation in a foreign forum, federal trial courts have identified six relevant factors to consider:  (1) similarity of parties and issues involved in the foreign litigation; (2) the promotion of judicial efficiency; (3) adequacy of the relief available in the alternative forum; (4) issues of fairness to and convenience of the parties, counsel, and witnesses; (5) the possibility of prejudice to any of the parties; and (6) the temporal sequence of the filing of the actions.  *Goldhammer*, 59 F. Supp. 2d at 251-53; *Boushel,* 985 F.2d at 410, n. 2 (staying federal action in favor of Quebec action); *Efco Corp. v. Aluma Sys.*, *USA, Inc.*, 983 F. Supp. 816, 824 (S.D. Iowa 1997) (staying federal action in favor of Belgian litigation); *Caspian Invs., Ltd. v. Vicom Holdings, Ltd.*, 770 F. Supp. 880, 884 (S.D.N.Y. 1991) (dismissing federal action pending Irish action).  Application of these six factors to the present case heavily favors a stay of proceedings.

    **A.**    **THE PARTIES ARE IDENTICAL AND THE ISSUES IN THE PRESENT ACTION ARE INCLUDED IN THE CONSOLIDATED ISRAELI ACTION NOW IN TRIAL.**

This first factor weighs strongly in favor of a stay.  This Court has found it undisputed that the Consolidated Israeli Action is between the same parties on identical issues.

> <u>Both parties agree that the very dispute before this Court</u>, i.e. whether Defendant is entitled to 12% of Plaintiff's share of a casino development in Macau (or, stated more generally, whether Defendant is entitled to 12% of any business investment to which he referred Plaintiff during the course of

>   Defendant's employ at one of Plaintiff's companies[)], <u>is also pending before
>   Israeli courts, in the form of a 2003 action filed by Hananel against Adelson.</u>

Exh. 2 at 2 (emphasis added).[3]  "[T]he very issue Adelson brings to this court is already pending before the Court in Israel, in the form of the 2003 action brought by Hananel." *Id.* at 10.  As noted above, p. 2 & n.1, the First Circuit acknowledged these identities.  Slip op. at 16.

### B.    PROMOTION OF JUDICIAL EFFICIENCY STRONGLY FAVORS A STAY

Judicial efficiency (recently confirmed by the Supreme Court (as "judicial economy") to include the avoidance of duplicative proceedings in a foreign country, *Sinochem, supra,* at 1192, 1194), is a "key factor" for consideration when determining whether to issue a stay. *Goldhammer,* 59 F. Supp. 2d 254.  Because the Consolidated Israeli Action is currently on trial and involves many witnesses (mostly Israeli, but including Adelson himself and remote witnesses from Macau), "allowing this case to go forward in tandem with the [foreign] case 'would consume a great amount of judicial, administrative, and party resources.'"  *Goldhammer,* 59 F. Supp. 2d at 254 (quoting *Efco Corp.*, *supra,* 983 F. Supp. at 824.)  The trial commenced in the Israeli action on November 13, 2007 and hearing dates have been set, with the last date set for February 29, 2008, with the possibility, if the court allows, of additional hearing in March.  12th Hananel Aff. ¶¶ 3-4.  The court has taken evidence and has heard numerous arguments, including eight proof hearings of cross examinations of Hananel's witnesses (all Israelis in addition to himself) and, on January 17, 21 and 24, 2008, the cross examination of Adelson's witnesses (six Israelis, four Americans and two residents of Macau) took place.  *Id.* ¶¶ 8-19.  To relitigate the matter before this Court would be duplicative of the Israeli court's efforts, burdensome for witnesses to repeat their testimony in a distant forum (even if they were willing

---

[3]    Part of Hananel's claim is the option to invest 12% of Adelson's original investment and to receive a 12% share.

6

and available, which is doubtful), and it would require considerable additional expense and time because many of the witness affidavits and their exhibits are in Hebrew (while the Israeli court has accepted many documents in English without requiring translation). The possibility of conflicting judgments arises. Accordingly, the goal of a prompt and efficient resolution favors Israel.

### C.    FULL RELIEF IS AVAILABLE IN THE ISRAELI FORUM

This Court has found, Exh. 2 at 3-4, and the First Circuit has confirmed based on Adelson's failure to dispute it, Slip op. at 18, that Israel is an adequate forum to resolve Adelson's claim, and that jurisdiction over Hananel exists there because he is an Israeli citizen and resident. This factor fully favors a stay.

### D.    CONVENIENCE OF THE PARTIES, COUNSEL AND WITNESSES FAVORS A STAY.

This Court has held that the convenience of parties and witnesses is in some respects in equilibrium (disputed by Hananel). Exh. 3 at 8. The balance of convenience, however, has substantially altered in favor of Israel since the record on which the First Circuit ruled, because the parties and witnesses (most of them Israeli) are actively engaged in the Israeli trial.

Moreover, it is particularly unfair to Hananel, whose witnesses are not his employees or in a business relationship. Adelson has five witnesses who are his employees, and he will not face the problem of having them appear to testify again in a distant country. Hananel will face a situation where all or almost all of his witnesses will not be available for him in the United States due to their unwillingness to testify or re-testify here, and the extraordinary additional expense that will be required. Adelson can rely on his vast financial superiority, and the fact that Hananel's resources have been severely strained as a result of the multiple duplicative litigations brought by Adelson against him in both Israel and the United States. Hananel will be unfairly

7

deprived of the ability to bring to this Court his full evidence, including all his Israeli witnesses and documents in Hebrew. This unfairness is compounded by Hananel's legal blindness and medical conditions including diabetes which require him to rely on family members for assistance in the current ongoing Israeli proceeding. If he is forced to engage simultaneously in the multiple litigations commenced by Adelson, the fairness of both the Israeli and United States proceedings will be harmed.

As noted above, Hananel is preparing a formal submission of the recent Israeli testimony of Adelson's legal advisor at the time Adelson alleges the contract was made (and affiant in the present action), Mr. Roberts, concerning the understanding that the employment agreement was governed by Israeli law. *See* Exh. 2 at 10, n. 5 (Adelson argued in opposition to motions to dismiss that Massachusetts law would apply). Such testimony would be relevant to the concern for judicial efficiency and the convenience of the parties in favor of a stay (and confirms Adelson's Sept. 29, 2002 affidavit in Israel to the same effect).

There has been no activity relating to the merits in Massachusetts. Furthermore, although the Israeli court has ordered the translation of those English affidavits which were offered in lieu of direct testimony into Hebrew, it has not ordered the translation of other affidavits or of hundreds of documents in English submitted by both parties to the bilingual Israeli court, while the parties would be forced here to translate thousands of documents in Hebrew which both parties have submitted in Israel. 12th Hananel Aff. ¶ 20.

Most of the witnesses relied on by both parties are located in Israel. 12th Hananel Aff. ¶ 4.

### E.   POSSIBILITY OF PREJUDICE TO ANY OF THE PARTIES

There is no indication that Adelson will be prejudiced or treated unjustly if the current Israeli trial proceedings, which address all of the issues in the present action and more, reach

completion. The possibility of any prejudice to Adelson from a stay pending the outcome of the Israeli proceedings is effectively negated by his own full participation in the Consolidated Israeli Action since 2001 without ever filing a motion claiming inconvenience or lack of personal jurisdiction. Moreover, procedural differences between the two countries do not preclude this Court from granting Hananel's Motion to Stay. *Goldhammer*, *supra* at 254-55 (granting a stay in the federal court even though there were serious differences in discovery rules between the two countries); *Sangiovanni Hernandez v. de Aviacion*, 556 F.2d 611, 614 (1st Cir. 1977) (allowing a motion to dismiss despite the fact that the minor involved did not receive the level of protection in the foreign state that would have been required under the law of Puerto Rico).

### F.    TEMPORAL SEQUENCE OF THE FILING OF THE ACTIONS

The temporal priority of the Consolidated Israeli Action, filed in 2001 and including the Macau claim filed in December 2003, before the filing of the present action on February 24, 2004, heavily favors a stay of the federal action. *See Goldhammer,* 59 F. Supp. 2d at 255 (earlier foreign case "proceeding towards trial" which "heavily favors a stay"). Under the principles of comity, priority is generally given to the suit first filed. *Caspian*, 770 F. Supp. at 885, citing *Ronar, Inc. v. Wallace*, 649 F. Supp. 310, 318 (S.D.N.Y. 1986) (an action should be dismissed or stayed when a prior action has been filed in a foreign country among similar parties, particularly when the foreign action has progressed beyond an initial stage).

Furthermore, the President of the Israeli Labor Court in which the current trial is proceeding, has ordered expedited resolution of the action, Exh. 3 at 6, and the parties are now comprehensively engaged in trial in Israel, to be followed promptly by post-trial briefing and decision. Adelson and Hananel, parties in the Israeli action, of which the present case is duplicative, have developed their cases fully, conducted extensive discovery and are now wholly committed to participating in the ongoing Israeli trial now nearing completion. *See Caspian*, 770

9

F. Supp. at 995 (finding that a stay is warranted when the equivalent of a complaint and answer have been filed, extensive discovery conducted and trial was imminent); *Brinco,* 552 F. Supp. at 1241-42 (deferring to foreign proceedings which had "progressed beyond 'incipiency'" through filing of answer).

## Conclusion

For the foregoing reasons, Hananel respectfully requests that his Motion to Stay Proceedings until after final judgment in the Consolidated Israeli Action be allowed.

                                                               Respectfully submitted,

                                                               Moshe Hananel,
                                                               By his attorneys,

                                                               Lawrence G. Green, BBO #209060
                                                               James A.G. Hamilton, BBO #218760
                                                               BURNS & LEVINSON LLP
                                                               125 Summer Street
                                                               Boston, MA 02110
January 28, 2008                                         (617) 345-3000

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 28, 2008.

                                                               /s/ James A.G. Hamilton

J:\Docs\31216\00002\01210942.DOC