# EXHIBIT 3

**LEGAL TRANSLATIONS LTD**

26/1 YIRMIYAHU ST.
RAMAT HASHARON, ISRAEL 47298
www.translaw.co.il

TELEPHONE +972-3-5492701
FACSIMILE +972-3-5498730
office@translaw.co.il

November 18, 2006

## Certificate of Accuracy

This is to certify that the attached translation from Hebrew into English is an accurate representation of the document received by me. This document is designated as:

### Decision in M.L.A. 000688/06

A copy of the Hebrew original is attached hereto as Annex A. A copy of the English translation is attached hereto as Annex B.

I, the undersigned, Naomi Shenkar, do hereby declare that I am fluent in both Hebrew and English, that I am a qualified attorney in Israel, specializing in legal translations, and that to the best of my professional knowledge, the accompanying text is a true, full and accurate translation of the specified document.

נעמי שנקר, עו"ד
רישיון מס' 19472

_Naomi Shenkar_
Signature and stamp of
Naomi Shenkar, Advocate (Israel)

בית הדין הארצי לעבודה

| | ברע/000688/06 | |
|---|---|---|
| | | |

משה חננאל                                      המבקש

-

שלדון ג' אדלסון                                 המשיב

לפני : הנשיא סטיב אדלר

החלטה

1. בקשת רשות הערעור שלפני עניינה בהחלטת בית הדין האזורי בתל-אביב מיום 14.8.2006 (השופט שמואל טננבוים; בשא 8166/05 עב 6245/01) בה נדחתה בקשתו של המבקש למתן צו חוסם שיאסור על המשיב לנקוט בהליכים משפטיים כנגדו מחוץ לגבולות מדינת ישראל.

2. המבקש הועסק על ידי חברת אינטרפייס פרטנרס אינטרנשיונל לימיטד, חברת חוץ שכתובתה בדלוואר ארצות הברית, נמצאת בשליטת המשיב ורשומה בישראל (להלן: החברה). לאחר הפסקת העסקתו בחברה ביום 10.5.2000, הגיש המבקש בבית הדין האזורי בתל-אביב שתי תביעות כנגד חברת אינטרפייס וכנגד המשיב, שהדיון בהן אוחד (עב 6245/01). התביעות תלויות ועומדות בפני בית הדין האזורי. חברת אינטרפייס הגישה בשנת 2002 תביעה כנגד המבקש בבית הדין האזורי בתל-אביב (עב 9015/02). התביעה נמחקה לבקשת החברה ביום 13.7.2006, תוך שהחברה חוייבה בהוצאות המבקש. ביום 23.2.2004 הגיש המשיב כנגד המבקש תביעה בבית המשפט בבוסטון מסציוסטס, ארצות הברית (Federal District Court, District of Massachusetts). במסגרת תביעה זו, עותר המשיב לחייב את המבקש בפיצוי בסך 10 מליון דולר. כפי הנראה, בשלב זה סולקה על הסף תביעתו של המשיב בארצות הברית, בין היתר, מטעמים של "פורום לא נאותי". ערעורו של המשיב תלוי ועומד בעניין זה בבית משפט פדרלי לערעורים בארצות הברית. על פי האמור בבקשה, ביום 12.7.2006, הגישה החברה תביעה נוספת כנגד המבקש בבית משפט של מדינת מסציוסטס בארצות הברית, תביעה שלטענת המבקש זהה לזו שנמחקה לבקשת החברה בישראל.

המבקש פנה לבית הדין האזורי ביום 6.10.2005 בבקשה למתן "צו חוסם" שיורה למשיב להפסיק כל הליך שהוא נוקט כנגדו מחוץ לגבולות המדינה ולהימנע מפתיחת הליכים נוספים בחו"ל. בית הדין האזורי דחה את הבקשה למתן "צו חוסם" ועל כך בקשת רשות הערעור שלפני.

3. בתמצית טען המבקש בבית הדין האזורי ובפנינו, כי הגשת ההליכים בארצות הברית על ידי המשיב נועדה ל"יהתיש" את המבקש, כלשונו, ולגרום לו הוצאות משפטיות כבדות ומדובר בתביעות קנטרניות.

4. נתתי דעתי לבקשת רשות הערעור, לתשובת המשיב לבקשה ולטיעוני המבקש בבקשה "למחיקת התשובה לבקשת רשות הערעור", ואני מחליט שלא להיעתר לבקשה.

5. התנאים למתן "צו חוסם" הותוו לראשונה על ידי בית המשפט העליון בפסק דינו ברע"א 714/96 **פריסקל נ' אורנשטיין**, פ"ד מט(5) 759. שם נקבע, כי הסמכות ליתן צו שימנע מבעל דין להתדיין במדינה אחרת מקורה בסמכות הכללית שבס**עיף 75 לחוק בתי המשפט [נוסח משולב], התשמ"ד-1984** ובסמכותו הטבועה של בית המשפט ליתן כל סעד. באותו עניין נפסק, כי *"נקודת המוצא להפעלת שיקול הדעת* [בבקשה למתן צו חוסם - ס.א.], *המקובלת על הכל, היא, כי יש להימנע ככל שניתן מלחסום בפני אדם גישה לבית משפט וכי יש לנהוג במתן צו כזה משנה זהירות ולייחדו למקרים קיצוניים וחריגים בלבד"*. בית הדין האזורי דחה את הבקשה למתן צו חוסם כנגד המשיב, תוך שהנחה עצמו בהלכה הפסוקה ובא, בין היתר, למסקנות אלה:

ההליכים המתנהלים בין הצדדים בארץ אינם מחווים, כשלעצמם, עילה למתן צו חוסם. טענותיו של המבקש בדבר מצבו הכלכלי אף בהן אין די על מנת להיעתר לבקשה. בית הדין האזורי ציין עוד, כי לא שוכנע שהתביעה בארצות הברית הוגשה על ידי המשיב בכוונה רעה או שמדובר בתביעה קנטרנית. בנסיבות אלה ונוכח ממצאיו של בית הדין האזורי, איני סבור כי יש מקום לקיים דיון בערעור על החלטתו שלא להיעתר לבקשה למתן צו חוסם כנגד המשיב, באופן שיפגע בזכות הגישה שלו לערכאות.

5. הבקשה נדחית, אין צו להוצאות.

בית הדין האזורי יעשה לסיום ההליכים בהקדם האפשרי, נוכח התמשכותם עד כה.

ניתנה בהעדר הצדדים היום כ"ה בחשון התשס"ז (16.11.2006) ותשלח לצדדים.


סטיב אדלר, נשיא

The National Labor Court

M.L.A. 000688/06

**Moshe Hananel**                              The Petitioner

-

**Sheldon G. Adelson**                         The Respondent

**Before: Chief Justice Steve Adler**

## Decision

1. The Motion before me, for leave to appeal, concerns the Decision of the Tel Aviv District Labor Court dated August 14, 2006 (Justice Shmuel Tenenbaum; Motion 8166/05, Labor Case 6245/01), which denied the Petitioner's motion for an antisuit injunction prohibiting the Respondent from taking legal action against him outside the State of Israel.

2. The Petitioner was employed by Interface Partners International Limited, a foreign company of Delaware in the United States, which is controlled by the Respondent and registered in Israel (the "**Company**"). After termination of his employment with the Company on May 10, 2000, the Petitioner filed two claims at the Tel Aviv District Labor Court against Interface and against the Respondent, the hearing of which was consolidated (Labor Case 6245/01). The claims are pending before the District Labor Court. In 2002, Interface filed a claim against the Petitioner at the Tel Aviv District Labor Court (Labor Case 9015/02). The Complaint was dismissed without prejudice at the Company request on July 13, 2006, the Company being charged with the Petitioner's expenses.

   On February 23, 2004, the Respondent filed a claim against the Petitioner in the United States, in Boston, with the Federal District Court, District of Massachusetts. In this claim, the Respondent is seeking to charge the Petitioner with damages in the sum of $10 million. At this stage, the Respondent's claim in the United States has probably been summarily dismissed, *inter alia*, on grounds of *forum non conveniens*. The Respondent's appeal on this matter is pending before the Federal Court of Appeals in the United States. As stated in the Motion, on July 12, 2006 the Company filed another claim against the Petitioner with the Court of the State of Massachusetts in the United States, which claim, according to the Petitioner, is identical to the one that was dismissed without prejudice at the Company's request in Israel.

   The Petitioner moved the District Labor Court on October 6, 2005 seeking an "antisuit injunction", which would order the Respondent to discontinue any proceeding he was taking against him outside of Israel, and to refrain from instituting further action overseas. The District Labor Court dismissed the

motion for an "antisuit injunction" with prejudice, hence the motion before me for leave to appeal.

3. In essence, the Petitioner claimed before the District Labor Court and before us, that the Respondent's filing of the proceedings in the United States was intended to "wear down" the Petitioner, in his words, and cause him to incur heavy legal expenses, and that the claims are vexatious.

4. I have considered the Motion for Leave to Appeal, the Respondent's Answer to the Motion and the Petitioner's arguments in the Motion for "Striking Out of the Answer to the Motion for Leave to Appeal", and I am deciding not to grant the Motion.

5. The conditions for issuance of an "antisuit injunction" were first laid down by the Supreme Court in its judgment in L.C.A. 714/96 **Friskel v. Orenstein**, PDI 49(5) 759. It was ruled there that the authority to issue an order barring a litigant from litigating in another state, derives from the general authority in **Section 75 of the Courts Law [Consolidated Version], 5744-1984**, and from the Court's inherent authority to render any remedy. In the same case it was ruled that *"the starting point for exercising the discretion* [in a motion for an antisuit injunction -- S.A.], *which is universally accepted, is that it is necessary to avoid, as much as possible, barring a person's access to the courts, and that it is necessary to treat such an order with extra caution, and use it only in extreme and irregular cases"*.

The District Labor Court dismissed the Motion for an Antisuit Injunction against the Respondent with prejudice, while guiding itself by the case law and reaching, *inter alia*, the following conclusions:

The proceedings being conducted between the parties in Israel do not, in themselves, constitute grounds for issuance of an antisuit injunction. Nor are the Petitioner's claims regarding his economic condition sufficient for the motion to be granted. The District Labor Court further noted that it was not convinced that the claim in the United States had been filed by the Respondent with bad intent or that the claim was vexatious. Under these circumstances, and in view of the District Labor Court's findings, I do not believe there is any room to hold a hearing in the appeal from its Decision not to grant the Motion for an Antisuit Injunction against the Respondent, in a manner that will prejudice his right of access to the courts.

5. [sic] The Motion is dismissed with prejudice, with no costs.

The District Labor Court shall act to conclude the proceedings as early as possible, in view of their protraction to date.

**Issued in the absence of the parties today, Heshvan 25, 5767 (November 16, 2006) and will be sent to the parties.**

Steve Adler, Chief Justice