IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELDON G. ADELSON,<br>Plaintiff, | Civil Action No. |
| v. | 04-cv-10357-RCL |
| MOSHE HANANEL,<br>Defendant. | |

## TWELFTH AFFIDAVIT OF MOSHE HANANEL IN SUPPORT OF MOTION FOR STAY OF PROCEEDINGS

I, Moshe Hananel, depose and say:

1. I am the Defendant in the above action. I state the following facts of my own personal knowledge, except where stated to be on information and belief, and, as to such facts, I believe them to be true.

2. In my previous affidavits and filings I have informed the Court of the progress of the consolidated Israeli action between myself and plaintiff Sheldon Adelson ("Adelson") and Adelson's wholly-owned, Israel-registered company Interface Partners International, Ltd. ("IPI"), which was commenced in August 2001 ("Consolidated Israeli Action"). *See* 7th Affidavit of Hananel, Dkt. # 89.

3. On May 3, 2007, trial of this action was set for October, later changed to November. Also on May 3, 2007 the court decided that each party would choose from his witness list eight witnesses in addition to the Plaintiff and Defendant. Other pre-trial hearings took place on October 21 and Nov. 6, 2007; the hearing of witnesses commenced on November 13, 2007; <u>eight proof hearings have been completed</u>, and further hearing dates have been set

through February, 2008. as specifically set forth below. The court has stated additional witnesses, if allowed by the court, will be heard in March 2008.

4.   As stated in more detail below, the witnesses proffered by both parties are <u>mostly Israeli</u> (Hananel: thirteen Israelis; Adelson: six Israelis (three of them his employees, one his brother-in-law, and two his current or former Israeli lawyers), four Americans (Adelson and his employees Weidner and Roberts, and ex-employee Ma), and two Macau residents). Adelson withdrew one of his Israeli witnesses, Farbstein, on the day he was scheduled to testify, and waived cross-examination of <u>six</u> of my Israeli witnesses. These Israeli witnesses on my behalf (Blankstein, Elhadad, Greenwald, Cohen, Wahaba and Itach) have given affidavits in lieu of direct testimony testifying, inter alia, to my employment by Adelson in 1995 before December, which the Israeli court will determine, and which is an issue in the final determination of jurisdiction by a United States court, and to my involvement in obtaining casino opportunities for Adelson, as well as to many other issues regarding my employment and my Macau claim. These circumstances confirm that the issues are much more conveniently tried in Israel.

5.   As stated in more detail below, the Israeli court has been presented with, and is considering, thousands of documents, mostly in Hebrew, and has not required that any documents in English be translated. It has not required that all affidavits in English be translated, but only those offered in lieu of direct testimony. This circumstance confirms that the Israeli court, having bilingual capacity, is significantly more convenient for trial.

6.   A witness on Adelson's behalf, Paul G. Roberts, Esq., has testified that Israeli law was supposed to employed in Israel according to the Israeli law. I expect to make a more formal presentation of this testimony, as set forth in the official Court Protocol (the only official record of the proceedings), soon. This circumstance confirms my need for Israeli witnesses for jurisdictional and other issues.

7. The following significant events and testimony have occurred and are planned with respect to the ongoing trial in the Consolidated Israeli Action:

8. **Court Pre Hearing- Oct 21, 2007- Judge Itach (excerpts).**

- It was agreed that Mr. Adelson and Mr. Weidner will be examined on Feb. 28, 2008 from 9:00 a.m. to 7:00 p.m. on Feb. 29, 2008 from 8:30 a.m. until 1:00 p.m. It was agreed that the hearing date of Jan. 24, 2008 is not allocated to either side, but this date will remain available.

- Adelson's lawyer asked to add 3 additional witnesses (all Israelis).

- Hananel's lawyer will advise the Court if he succeeds in making contact with the witness, Shon Ben Menachem, to know if he will appear to testify on Dec. 20, 2007 as he was ordered.

**Decision by the Court (excerpts):**

1. Regarding the 2001 claim, each side will give its reply concerning the Defendants' request for additional witnesses according to the agreed schedule (Plaintiff -Hananel within 48 hours; Defendants-within 48 hours).

2. The Plaintiff will submit a notice to the court concerning the witness Shon Ben Menachem within 7 days.

9. **Court Pre-Hearing- Nov 6, 2007- Judge Itach (excerpts).**

-- The Parties agreed to the Defendants request to have the Israeli witnesses Farbstein, Zamir and Schori testify.

-- The Plaintiff will be entitled to the testimony of 3 additional witnesses- Alhadad, Itach and Greenwald.

-- Miro will give an additional affidavit and Blankstein will give an affidavit within 21 days.

**Decision (2 pages)-in summary:**

1. Instructions regarding the technical arrangements concerning the remote video testimony: If any disputes and/or problems and/or questions arise on this matter, the parties will address the court. A date has been reserved for the testimony on January 21, 2008 from 9:00 a.m. to 3:00 p.m.

2. The Plaintiff will submit to the court an Amended Affidavit concerning document disclosure before Nov. 11, 2007.

3. If the Plaintiff decides to ask for an order instructing the Defendant to submit an Amended Document Disclosure Affidavit, Plaintiff may submit such a request within 7 days. A reply will be made within 3 days.

4. The number of witnesses on each side was agreed upon by attorneys for both sides. The Plaintiff will advise the date on which Mrs. Kerner (instead of the witness Shon Ben Menachem) and the additional three witnesses will testify before Nov. 13, 2007.

5. The parties agreed to the submission of the affidavits of Mr. Miro and Mr. Blankstein.

10. **1st Proof Examination [trial] of Mr. Moshe Hananel, Nov. 13, 2007. Judge Itach, Public Representatives Miler & Halevi.**

    **Protocol of the Court (the only official Court record) Pages 1-38. Defendants' exhibits D-1-28.**

    Franklin G. Levy, Esq., counsel to Adelson in the Massachusetts action, was present with a simultaneous interpreter.

11. **2d Proof Examination of Mr. Moshe Hananel, second day, Nov. 28, 2007. Judge Itach, Public Representatives Miler & Halevi.**

    **Protocol pages 39-57. Defendants' exhibits D-29-47.**

    Franklin G. Levy, Esq., counsel to Adelson in the Massachusetts action, was present with a simultaneous interpreter.

12. **3d Proof Examination of Mr. Oded Efrat, Dec. 3, 2007.
    Judge Itach, Public Representatives Miler & Halevi.**

    **Protocol pages 58-72. Plaintiff's exhibits P-1-32; Defendants' exhibits D-48.**

13. **4th Proof Examination – Mr. David Miro, Dec. 10, 2007
    Judge Itach, Public Representatives Miler & Halevi.**

    **Protocol pages 73-86. Defendants' exhibits D-49-56.**

14. **5th Proof Examination – Mr. Arieh Lees Dec. 20, 2007
    Judge Itach, Public Representatives Miler & Halevi.**

>Protocol pages 87-95. Plaintiff's exhibit P-33.

>**Proof Examination – Mr. Arik Koubi, Dec. 20, 2007**
>   Judge Itach, Public Representatives Miler & Halevi.

>Protocol pages 95-114. Plaintiff's exhibit P-34.

Mr. Adelson was present in court at this hearing the whole day and had a simultaneous interpreter.

15. 6th **Proof Examination Jan. 17, 2008**
    Judge Itach, Public Representatives Miler & Halevi.

   Mrs. Galit Kerner (Israeli passport)-Protocol pages 115-116. Defendants' exhibits D-58

   Mr. Yarkoni – Israeli Aviation expert of Hananel. -Protocol pages 116-119. Defendants' exhibits D-59-60

   <u>Adelson's witnesses</u>- Jan. 17, 2008 -Judge Itach, Public Representatives Miler & Halevi- Protocol pages 119-158.

   Mr. Matthew Ma (USA passport) (former employee of Adelson)- Protocol Pages 119-130.

   Mr. Doron Bitan (Israeli passport) (Adelson employee)- Protocol pages 131-143.

   Mr. Paul G. Roberts (USA passport) (Adelson employee)- Protocol pages 143-158. Plaintiff's exhibits P-35-44 (concerning exhibits 36-37 it' must be shown that they were included in the documents submitted to the Court. The parties should advise the Court).

16. 7th **Proof Examination –Jan. 21, 2008**- Remote <u>Video Conference from Macau</u> of Adelson's witnesses -- Judge Itach, Public Representatives Miler & Halevi. Protocol pages 159-168.

   Mr. Louis Sou-(Portuguese passport-Macau)

   Mr. Jorge Manuel Faria da Costa Oliveira -( Macau passport-Macau)-

   Plaintiff's exhibits P-45-46

17.     8th **Proof Examination -Jan. 24' 2008 -Judge Itach, Public Representatives Miler & Halevi.** <u>**All of these witnesses were Israelis.**</u>

    **Adv. [Lawyer] Yaacob Neeman- Protocol pages 169-172. Defendants' exhibits D-61A-C. Plaintiff's exhibits P-47-48.**

    **Adv. Daniel Chin- Protocol pages 172-178. Plaintiff's exhibit P-49-52.**

    **Mrs. Miriam Schori (Adelson employee)- Protocol pages 179-185. Plaintiff's exhibit. P-53-57.**

    **Mr. Yehuda Zamir (Adelson employee)- Protocol pages 185-192. Plaintiff's exhibit P-58-63.**

    **Mr. David Farbstein-withdrawn by Adelson on the day of hearing. His affidavits were excluded from the Court Records and considered as not submitted. Defendants were fined 3000 shekels by the Court. Protocol page 193.**

18.     9th **Proof Examination – scheduled for February 28, 2008, :**

    Adelson witnesses **Mr. William Weidner (Adelson employee) and/or Mr. Adelson.**

19.     10th **Proof Hearing --scheduled for Feb. 29', 2008 - Mr. Adelson and/or Mr. William Weidner (half day).**

20.     **Translation issues.** The parties had submitted thousands of pages of motions, affidavits and exhibits, mostly in Hebrew with some in English, regarding the Macau claim and the employment agreement. The court has not required <u>any</u> of the motions or exhibits in English to be translated into Hebrew. Adelson has been asked to translate only his witnesses' affidavits (including his own) in lieu of direct testimony, and has not been asked to translate other affidavits (not in lieu of direct testimony) submitted in English. The court did not refuse (as would have happened in the United States, for lack of translation) submission of any affidavits or documents/exhibits because they were in English. When translation was requested (in the case of affidavits in lieu of direct testimony), Adelson was given substantial time, such as three months

to do it, with all motions being continued meanwhile. Many affidavits, including the last two of Hananel's (concerning Macau) of 23 pages submitted in December 2006 and of 16 pages submitted in May 2007, the affidavits of Hananel's other witnesses, Adelson's Israeli witnesses' affidavits, many of the several hundred exhibits submitted by both sides as part of their direct testimony, and the Israeli Court Protocol (the only official record) with many of the trial exhibits and exhibits to be submitted in the remaining examination, <u>are in Hebrew</u>. Adelson has been allowed to have a simultaneous translator in court when he wants and he did so while he attended the court on Dec 20, 2007 and when his USA lawyer, Mr. Franklin Levy attended the court on Nov. 13, 2007 and Nov. 28, 2007. There was a translator (provided by Adelson) in court for the English testimony and the Judge supervised the Court Protocol.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to my personal knowledge, this __th day of January, 2008.

_____
Moshe Hananel

**Certificate of Service**
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 28, 2008.

/s/ James A.G. Hamilton

to do it, with all motions being continued meanwhile. Many affidavits, including the last two of Hananel's (concerning Macau) of 23 pages submitted in December 2006 and of 16 pages submitted in May 2007, the affidavits of Hananel's other witnesses, Adelson's Israeli witnesses' affidavits, many of the several hundred exhibits submitted by both sides as part of their direct testimony, and the Israeli Court Protocol (the only official record) with many of the trial exhibits and exhibits to be submitted in the remaining examination, <u>are in Hebrew</u>. Adelson has been allowed to have a simultaneous translator in court when he wants and he did so while he attended the court on Dec 20, 2007 and when his USA lawyer, Mr. Franklin Levy attended the court on Nov. 13, 2007 and Nov. 28, 2007. There was a translator (provided by Adelson) in court for the English testimony and the Judge supervised the Court Protocol.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to my personal knowledge, this 28th day of January, 2008.

/s/ Moshe Hananel

**Certificate of Service**
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 28, 2008.

/s/ James A.G. Hamilton

Jan 24 08 03:48p    Hananel    9725533704    p.1