UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELDON G. ADELSON,<br><br>        Plaintiff,<br><br>    v.<br><br>MOSHE HANANEL,<br><br>        Defendant. | **Civil Action No. 04-cv-10357-RCL**<br>**(Sorokin, U.S.M.J.)**<br><br>**ECF Case** |

**PLAINTIFF'S OPPOSITION TO**
**HANANEL'S MOTION TO SUPPLEMENT THE RECORD**

    In the latest of a flurry of motions filed with the express intention of preventing this case from moving forward, Hananel moves to supplement the record with a selection of trial testimony from the Israeli case.  His basis for doing so is a claim that the testimony is relevant to Hananel's motions to dismiss for lack of jurisdiction and *forum non conveniens*, the two topics that have occupied this Court and the First Circuit since this action was commenced in February 2004.  This motion should be denied.

    First, and most importantly, the evidence is not relevant to any open issue in this case.  All Hananel contends is that the testimony would have been relevant to his rejected motions to dismiss.  As he does not now renew those motions, the testimony would provide no basis for the Court to act.  It would be improper to pile irrelevant evidence into an already enormous record.

    Second, the testimony does not bear the weight Hananel places on it.  Though Adelson reserves the right to contest the interpretation of this evidence more fully if Hananel ever offers it in support of a motion, the problem, in a nutshell, is that the witness merely stated that Hananel's employment would be governed by Israeli law.  As an employee who was supposed to be employed in Israel, Hananel was of course entitled to certain rights under Israeli labor law, such

as vacation time and severance pay. Adelson has never argued that Massachusetts law governed that aspect of the parties' relationship. This case, however, relates solely to an alleged finder's fee, not the numerous other claims at issue in Israel. The fact that certain provisions of Israeli labor law apply to Hananel's employment in Israel has nothing to do with the choice-of-law governing the finder's fee, allegedly established by a contract that this Court has found (Dkt. #78 at 9) was formed in Massachusetts. That testimony certainly provides no basis for reconsidering motions that have been subject to four years of discovery, briefing, and appeal.

It also bears notice that Hananel has requested a stay of proceedings. Hananel's idea of "judicial efficiency" is apparently that the Israeli action will proceed, while Adelson and this Court remain mired in motion practice related to everything but the merits of the case. The notion that Hananel can continue to submit evidence and endlessly revisit past motions is obviously incompatible with his position that this action should be stayed indefinitely.

February 20, 2008

             Respectfully submitted,

             /s/ Andrew H. Schapiro_____
             MAYER BROWN LLP
             Andrew H. Schapiro
             Christopher J. Houpt
             1675 Broadway
             New York, New York 10019
             (212) 506-2500

             *Attorneys for Plaintiff*
             *Sheldon G. Adelson*

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Andrew H. Schapiro