IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELDON G. ADELSON, ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| v. ) | **04-cv-10357-RCL** |
| ) | |
| MOSHE HANANEL, ) | |
| Defendant. ) | |

**REPLY MEMORANDUM OF HANANEL IN SUPPORT OF MOTIONS TO STAY AND EXTEND**

Defendant Moshe Hananel ("Hananel") offers this Reply Memorandum in response Plaintiff Sheldon G. Adelson ("Adelson")'s Memorandum in Opposition (Dkt. # 171) ("Opposition"). to Hananel's motions to stay proceedings and extend time to answer, scheduled for hearing on February 29, 2008.

1.  **Hananel has not delayed this proceeding.** Following the filing of this action in February 2004 and Hague Convention service, Hananel filed motions to dismiss for lack of jurisdiction and forum non conveniens in June, 2004. In January 2005, the Court determined that consideration of the forum non conveniens motion must await determination of jurisdiction, and also granted Adelson's motion for jurisdictional discovery. This Court, Sorokin, U.S.M.J., heard the jurisdiction motion in July, 2005 and recommended denial in October, 2005. The District Court adopted the recommendation on November 29, 2006. Hananel re-filed his forum non conveniens motion on December 15, 2005, and it was heard in January 2006 and recommended for allowance on March 28, 2006. The District Court adopted the recommendation in July, 2006. Adelson appealed, and the First Circuit heard oral arguments in June 2007 and issued its decision in December 2007. There were non-controversial requests for extension by both sides. Hananel submits that he did not act in other than a reasonably timely manner, especially considering

Adelson's commencement of two additional litigations against him in Massachusetts and Nevada during this period and the intensive preparation for trial in Israel.

2. **The First Circuit opinion does not preclude a stay.** The First Circuit opinion endorsed the balancing of factors and the discretion of the district court, all of which can enter this Court's consideration of a stay. If a stay is granted, this Court will retain jurisdiction. The First Circuit's opinion depended solely on its statement that concurrent foreign proceedings should not be given weight in a forum non conveniens calculus for purposes of dismissal. Moreover, neither the First Circuit nor this Court (when denying a stay in 2004) was faced with the actual trial of the key issue in the case, Hananel's entitlement to options in investments he initiated, including the Macau project, or with the repudiation under oath by Adelson's legal counsel Mr. Roberts of an argument made by litigation counsel throughout the present case (and other U.S. cases), that a law other than that of Israel should apply to the employment relationship between Adelson and Hananel.

Adelson's Opposition at 4-5 is not correct in dismissing as mere dicta the Supreme Court's endorsement of prior pending actions as grounds for forum non conveniens dismissal in *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.,* 549 U.S. ____, 127 S.Ct. 1184, 1192 (March 5, 2007). The question resolved by the *Sinochem* Court was to affirm the district court's decision to grant forum non conveniens dismissal before determining jurisdiction, but the reasoning supporting this resolution <u>required</u> an analysis of forum non conveniens factors to conclude that jurisdictional proceedings would be a waste of time when strong factors of convenience, explicitly including prior pending duplicate foreign litigation, were present.

3. **None of Adelson's authorities control.** None of the authorities Adelson cites dispute the appropriateness of a stay when the proceeding of which the present one is a duplicate is engaged in trial and facing judgment in an adequate forum with the full participation of all

litigants, as in the present case. In addition, the contradiction by Mr. Roberts in Israel, confirming the application of Israeli law, of the vehement position of Adelson's counsel in the present case presents an additional extraordinary circumstance.[1] Moreover, Adelson himself and his chief deputy, Las Vegas Sands Inc. CEO William Weidner, will testify this month in Israel on Macau and other core issues.

4. **Adelson's claim of differences between the Israeli Consolidated Action and his present claim fails.** Adelson has never, and does not now, demonstrate the existence of a case or controversy concerning any specific investments other than Macau and the Israeli investments included, together with other claims, in the Israeli Consolidated Action now on trial. No subject matter jurisdiction exists over Adelson's speculation; meanwhile, as Adelson himself admitted under oath at his deposition, the present action was for the "fundamental purpose" of duplicating the Israeli trial of the Macau claim in Massachusetts. *See* Adelson deposition transcript, February 15, 2005, at 88: 20-22 (Dkt # 46).

## Conclusion

Adelson's claims in the present action, together with others, are being tried in Israel as part of the prior pending (since 2001) Consolidated Israeli Action. A stay is required to prevent manifest injustice to litigants and witnesses, and to avoid waste of judicial resources. The Court should grant Hananel's Motion to Stay (and the concomitant Motion to Extend).

                                              MOSHE HANANEL
                                              By His Attorneys,

Dated: February 22, 2008               /s/ James A. G. Hamilton
                                              James A. G. Hamilton (MA Bar # 218760)
                                              BURNS & L;EVINSON LLP
                                              125 Summer Street
                                              Boston, MA 02110
                                              617-345-3000

---

[1] Mr. Roberts testified on January 17, 2008. Hananel's motion to supplement was filed on February 6, 2008, and Adelson may reply before the hearing on the motion to stay, now scheduled for February 29, 2008.

## Certificate of Service

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 22, 2008.

                                                /s/ James A.G. Hamilton

J:\Docs\31216\00001\01220158.DOC