IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELDON G. ADELSON,<br>Plaintiff,<br><br>v.<br><br>MOSHE HANANEL,<br>Defendant. | Civil Action No.<br><br>**04-cv-10357-RCL** |

## ANSWER OF MOSHE HANANEL

### Introduction

Defendant Moshe Hananel ("Hananel"), by way of introduction, notes that Adelson has long accepted the jurisdiction and convenience of the Israeli court and the application of Israeli law to the dispute underlying Adelson's present action, namely, whether the employment contract under Israeli law and regulations between Plaintiff Sheldon G. Adelson ("Adelson") and Hananel entitles Hananel, *inter alia,* to options in Adelson's Macau, China project as a result of Hananel's initiation of the project. After years of pre-trial preparation by Adelson, Hananel, and the Israeli court, trial of this dispute is currently ongoing in Israel ("Consolidated Israeli Action"), and Adelson and Hananel have both testified in Israel, as have many other witnesses, mostly Israeli, presented by both sides.

Hananel answers the Complaint as follows:

### Answer

1.  Hananel denies that Adelson personally conducted business at an office in Needham, Massachusetts at any time relevant to the claims in this action or in the Israeli Consolidated Action, and states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

2. Admitted, and Hananel further states that he is a citizen only of Israel and has been all his life.

3. Hananel denies the averments in the first, third and fifth sentence. of this paragraph. In response to the second sentence, Hananel states that the dispute between himself and Adelson concerning his employment agreement with Adelson is one of the subjects of the Consolidated Israeli Action now on trial in Israel and denies the remaining averments of this sentence. In response to the fourth sentence, Hananel states that the controversy concerning his employment agreement with Adelson, one of the subjects of the Consolidated Israeli Action now on trial in Israel, states a claim for rights likely to exceed one million dollars.

4. In response to this paragraph, Hananel states that Adelson has had and still has a residence, an office, businesses, and litigations in Israel, and admits the remaining allegations of this paragraph.

5. In response to this paragraph, Hananel states that Adelson has had and still has a residence, an office, businesses, and litigations in Israel, and states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

6. In response to this paragraph, Hananel states that he became acquainted with Adelson in the late 1980's. Hananel denies the remaining averments of this paragraph.

7. In response to this paragraph, Hananel states that Galilee Tours engaged in many additional kinds of business other than those listed, including primarily other tourist operations worldwide, and admits the averments of this paragraph.

8. Denied.

9. Admitted.

10. In response to this paragraph, Hananel states that in the period up to October 1995 Adelson informed him of Adelson's many business interests, including his business interests in Israel, and denies the remaining averments of this paragraph.

11. In response to this paragraph, Hananel states that Interface/IPI established an office in Ramat Gan, Israel, and denies that IPI's business was limited to the description in this paragraph. Hananel states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

12. In response to this paragraph, Hananel states that Adelson informed him in person in Israel in August 1995 that Adelson's brother-in-law was leaving the IPI office in Israel. Hananel states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

13. Denied.

14. In response to this paragraph, Hananel states that he and Adelson made an employment contract in Israel October 1995 under Israeli law and regulations, which is fully described by Hananel in his pleadings and affidavits in the Israeli litigation between Adelson and Hananel. Adelson and his counsel Paul Roberts have both testified under oath at the trial of the Israeli proceeding that the employment contract was governed by Israeli law. Hananel specifically denies that any meetings concerning this employment contract took place in the United States, and denies the remaining averments of this paragraph.

15. In response to this paragraph, Hananel states that he commenced employment in Israel in October and November 1995, that his job description was not limited as described in this paragraph; that he was employed under Israeli law and regulations from October 1995 to May 2000 by Adelson to identify opportunities, including casino opportunities, and investments, in Israel and in other countries (not including the United States); that in this role Hananel worked

for Adelson and the Israeli-registered office of IPI concerning opportunities and investments in Israel in a variety of fields (not limited to the field of high technology), and acted as Adelson's right-hand-man in Adelson's businesses and personal business affairs in Israel. Adelson and his counsel Paul Roberts have both testified under oath at the trial of the Israeli proceeding that the employment contract was governed by Israeli law. Adelson has also testified in Israel that there was no control from Massachusetts over the financial aspects of the Israeli branch of IPI managed by Hananel. Hananel specifically denies that any meetings concerning this employment contract took place in the United States, and denies the remaining averments of this paragraph.

16. In response to this paragraph, Hananel states that he and Adelson made an employment contract in October 1995 under Israeli law and regulations in person in Israel, which is fully described by Hananel in his pleadings and affidavits in the consolidated Israeli litigation between Adelson and Hananel now on trial in Israel. Adelson and his counsel Paul Roberts have both testified under oath at the trial of the Israeli proceeding that the employment contract was governed by Israeli law. Hananel denies the remaining averments of this paragraph.

17. Denied.

18. Denied.

19. Denied.

20. In response to this paragraph, Hananel says that the pleadings and affidavits in the Consolidated Israeli Action speak for themselves, and that in early 2002 he informed Adelson that he would hold Adelson to the terms of the employment contract under Israeli law and regulations concerning Hananel's initiation of the Macau project as stated in the Consolidated Israeli Action now on trial in Israel. Hananel denies the remaining averments of this paragraph.

21. In response to this paragraph, Hananel states that he was responsible for initiating Adelson's investigation of Macau as a site for tourist ventures, including a casino and hotel

casino, as set forth in the pleadings and affidavits of the Consolidated Israeli Action now on trial in Israel. Hananel states that Adelson's investigation of tourist ventures including casino and hotel casino sites and opportunities in countries other than China/Macau was also initiated by Hananel pursuant to the employment agreement between Adelson and Hananel, as set forth in affidavits and other documents in the Consolidated Israeli Action now on trial in Israel. Hananel states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

22. In response to this paragraph, Hananel states that he was responsible for initiating Adelson's investigation of Macau as a site for tourist ventures including a casino and hotel casino, as set forth in the pleadings and affidavits of the Consolidated Israeli Action now on trial in Israel. Hananel states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

23. In response to this paragraph, Hananel states that he was responsible for initiating Adelson's investigation of Macau as a site for tourist ventures including a casino and hotel casino, as set forth in the pleadings and affidavits of the Consolidated Israeli Action now on trial in Israel. Hananel states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

24. In response to this paragraph, Hananel states that he was responsible for initiating Adelson's investigation of Macau as a site for tourist ventures including a casino and hotel casino, that Adelson concealed from Hananel Adelson's efforts in Macau resulting from Hananel's initiation, and that Adelson's counsel wrote Hananel in July 2002 denying Adelson's activities in Macau, all as set forth in the pleadings and affidavits of the Consolidated Israeli Action now on trial in Israel. Hananel denies the remaining averments in this paragraph.

25. In response to this paragraph, Hananel states that his claims are set forth in the pleadings and affidavits of the Consolidated Israeli Action now on trial in Israel and speak for themselves, that Adelson concealed from Hananel Adelson's efforts in Macau resulting from Hananel's initiation, and that Adelson's counsel wrote Hananel in July 2002 denying Adelson's activities in Macau, all as set forth in said pleadings and affidavits. Hananel denies the remaining averments in this paragraph.

26. In response to this paragraph, Hananel states that his claims are set forth in the pleadings and affidavits of the Consolidated Israeli Action now on trial in Israel, which speak for themselves. Hananel states that he gave notice to Adelson in February 2002 demanding his options in the Macau project before Adelson made substantial investments in the project. Hananel denies the remaining averments in this paragraph.

27. In response to this paragraph, Hananel states (a) that the pleadings and affidavits of the consolidated Israeli action now on trial in Israel speak for themselves; (b) that he caused a press release limited to a description of his claims in the Israeli action to be issued in Israel; (c) that he apprised the Macau authorities and the Goldman Sachs Israel office of the existence of his claim filed in the Consolidated Israeli Action now on trial in Israel, and (d) he only remembers speaking to one reporter from the Las Vegas press, at the beginning of 2004 by telephone from Israel after the reporter initiated the call. Hananel denies the remaining averments in this paragraph.

28. Denied.

29. Denied.

30. Denied.

### Answer to Count 1 – Declaratory Judgment

31. Defendant repeats his responses to paragraphs 1-30.

32..  In response to this paragraph, Hananel states that Adelson has long accepted the jurisdiction and convenience of the Israeli court and the application of Israeli law to the dispute underlying Adelson's present action, namely, whether the employment contract under Israeli law and regulations between Adelson and Hananel entitles Hananel, *inter alia,* to options in Adelson's Macau, China project as a result of Hananel's initiation of the project. After years of pre-trial preparation by Adelson, Hananel, and the Israeli court, trial of this dispute is currently ongoing in Israel in the Consolidated Israeli Action, and Adelson and Hananel have both testified in Israel, as have many other witnesses, mostly Israeli, presented by both sides. Hananel denies the remaining averments of this paragraph.

33..  In response to this paragraph, Hananel states that Adelson has long accepted the jurisdiction and convenience of the Israeli court and the application of Israeli law to the dispute underlying Adelson's present action, namely, whether the employment contract under Israeli law and regulations between Adelson and Hananel entitles Hananel, *inter alia,* to options in Adelson's Macau, China project and the Israeli high-tech companies IMDSoft and Denex as a result of Hananel's initiation of the projects. After years of pre-trial preparation by Adelson, Hananel, and the Israeli court, trial of this dispute is currently ongoing in Israel in the Consolidated Israeli Action, and Adelson and Hananel have both testified in Israel, as have many other witnesses, mostly Israeli, presented by both sides. Hananel denies the remaining averments of this paragraph.

34.  In response to this paragraph, Hananel states that it is not an averment but a request for relief. In further response, Hananel states that Adelson has long accepted the jurisdiction and convenience of the Israeli court and the application of Israeli law to the dispute underlying Adelson's present action, namely, whether the employment contract under Israeli law and regulations between Adelson and Hananel entitles Hananel, *inter alia,* to options in

Adelson's Macau, China project and the Israeli high-tech companies IMDSoft and Denex as a result of Hananel's initiation of the projects. After years of pre-trial preparation by Adelson, Hananel, and the Israeli court, trial of this dispute is currently ongoing in Israel in the Consolidated Israeli Action, and Adelson and Hananel have both testified in Israel, as have many other witnesses, mostly Israeli, as the majority of witnesses presented by Adelson, and all of those presented by Hananel, have been Israelis.

### Counts II, III, and IV

These counts were dismissed by the Court for lack of jurisdiction and Adelson did not object to or otherwise appeal the dismissal.

### AFFIRMATIVE DEFENSES TO COMPLAINT

#### First Affirmative Defense

35. This Court lacks jurisdiction over the person of Hananel.

#### Second Affirmative Defense

36. Venue is improper.

#### Third Affirmative Defense

37. The Complaint fails to state a claim on which relief can be granted.

#### Fourth Affirmative Defense

38. Any amounts claimed in the Complaint are set off or exceeded by the amounts of claims of Hananel against IPI and Adelson pending in the Consolidated Israeli Action now on trial in Israel.

#### Fifth Affirmative Defense

39. Adelson, by his actions, conduct and omissions, has waived any right to recovery.

#### Sixth Affirmative Defense

40. Adelson has failed to mitigate its damages despite a duty to do so.

#### Seventh Affirmative Defense

41. Recovery is barred or reduced by the conduct of Adelson.

### Eighth Affirmative Defense

42. The claims in the Complaint are barred by statute of limitations.

### Ninth Affirmative Defense

43. The claims in the Complaint are barred by the fraud of Adelson.

### Tenth Affirmative Defense

44. Under the terms of the parties' agreements, Adelson is not entitled to recovery.

### Eleventh Affirmative Defense

45. The claims in the Complaint are barred by laches.

### Twelfth Affirmative Defense

46. Adelson's claims are barred by the doctrine of estoppel.

### Thirteenth Affirmative Defense

47. Adelson's claims are barred by the doctrine of waiver.

### Fourteenth Affirmative Defense

48. Adelson's claims are barred and Hananel is entitled to an award of costs and attorneys' fees based on Adelson's admission in the Complaint that the underlying contract claim is the subject of the Consolidated Israeli Action now on trial in Israel.

### Fifteenth Affirmative Defense

49. Hananel reserves the right to assert affirmative defenses that may become known during the course of discovery.

WHEREFORE, Hananel respectfully requests that the Court:

    a.    dismiss Adelson's Complaint with prejudice,

    b.    award Hananel his reasonable costs and attorneys' fees; and

    c.    grant such other relief as it may deem just and appropriate.

MOSHE HANANEL
By His Attorneys,

Dated: March 10, 2008

/s/ James A. G. Hamilton
James A. G. Hamilton (MA Bar # 218760)
Lawrence G. Green (MA Bar # 209060)
BURNS & L;EVINSON LLP
125 Summer Street
Boston, MA 02110
617-345-3000

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 10, 2008.

/s/ James A. G. Hamilton

J:\Docs\31216\00001\01224860.DOC