IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHELDON G. ADELSON,<br>Plaintiff,<br><br>v.<br><br>MOSHE HANANEL,<br>Defendant. | Civil Action No.<br><br>04-cv-10357-RCL |

### RESPONSE OF MOSHE HANANEL TO SCHEDULING ORDER RE VOLUNTARY WITNESSES

Defendant Moshe Hananel ("Hananel") makes the following response to the Court's Scheduling Order of April 14, 2008 (Dkt. # 185), paragraph 4, requiring Hananel to identify witnesses from his disclosure list whom Hananel reasonably expects to be available for trial either in Boston or by video hookup without subpoena. Paragraph 4 also requires "a description of the relevance and materiality of each such witness's testimony."

Hananel points out that Adelson's Complaint and many of Adelson's filings in this action contain many false statements concerning the formation of the employment contract between Hananel and Adelson, the terms of the contract, Hananel's performance of the contract by his efforts on the Macau and other projects. Hananel will need to rebut these false statements with witnesses and documents. In further response to the Court's instruction to explain the relevance and materiality of the witnesses, Hananel attaches hereto as Exhibit 1 a translation of his Affidavit dated December 17, 2006, filed in the Consolidated Israeli Action. This Affidavit constitutes an outline of his Macau claim at issue in the present case, as well as in the Consolidated Israeli Action, and also demonstrates the relevance and materiality of the testimony of witnesses identified by Hananel herein, because it shows the inseparability of the events,

documents, and witnesses to the formation of the employment agreement in Israel, Adelson's conduct over the employment years of 1995-2000 in recognizing and exploiting Hananel's efforts to find investments and develop casinos throughout the world outside the United States, and the options Adelson contracted to pay Hananel for these efforts, among other relevant evidence.[1]

Hananel's Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) identified 33 witnesses. To the best of his ability, Hananel identifies the following witnesses as reasonably expected to be available for trial of this action either in Boston or by video hookup, and describes their expected testimony, using the same numbering as in his Initial Disclosure (Dkt. # 184) , i.e. omitted numbers from the list below represent non-voluntary witnesses from Hananel's Initial disclosures for which letters rogatory are necessary.

3.   Mrs. Miriam Cohen

Adelson's contracting with Hananel in Israel in 1995, material to jurisdiction. Hananel's work for Adelson from 1995-end of 1998, material to refuting Complaint ¶¶ 19, and supporting key terms of Hananel's employment, including finding investments for Adelson including casino investments in Israel and elsewhere outside the United States, Hananel's work for Adelson personally, and other matters. See Dkt. # 128-1 p. 9-15 (Israeli affidavit).

4.   Alex Grinwald

Hananel's work for Adelson from May 1997- March 1999, material to refuting Complaint ¶¶ 19, and supporting key terms of Hananel's employment, including finding investments for Adelson including casino investments in Israel and elsewhere outside the United States, and other matters. See Dkt. # 128-2 p. 12 (Israeli affidavit).

5.   Max Blankstein

---

[1] Hananel's additional affidavit concerning his Macau claim, referring to Adelson's affidavit and the affidavits of Adelson's witnesses, was submitted to the Israeli court on May 13, 2007. It has not yet been translated into English.

Hananel's work with Adelson on casino development and other matters (including before December 1995), material to jurisdiction, and supporting key terms of Hananel's employment, including finding investments for Adelson including casino investments in Israel and elsewhere outside the United States, and other matters. . *See* Dkt. # 56 Exh. 4 (affidavit).

9.  Miro David

Hananel's work with Adelson on investments, including casino development, Hananel's initiation of Macau project, material to the terms of employment, the Macau claim, and other matters. .Also gave affidavits in the Israeli cases. *See* Dkt. # 128-1 p. 19-20; his other affidavit concerning the Macau claim is in Hebrew and has not yet been translated.

11. Galit Kerner

Hananel's work for IPI, Galilee and Adelson, material to the terms of employment and Hananel's performance. *See* Dkt. # 128-1 p. 16-18 (Israeli affidavit).

 

Respectfully submitted,

MOSHE HANANEL
By His Attorney,

/s/ Lawrence G. Green
Lawrence G. Green (MA Bar # 209060)
BURNS & L;EVINSON LLP
125 Summer Street
Boston, MA 02110
617-345-3000

Dated: May 15, 2008

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 15, 2008.
/s/ Lawrence G. Green