IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHELDON G. ADELSON,<br>Plaintiff,<br><br>v.<br><br>MOSHE HANANEL,<br>Defendant. | )<br>)<br>)   Civil Action No.<br>)<br>)   **04-cv-10357-RCL**<br>)<br>)<br>)<br>) |

**HANANEL'S MOTION FOR LETTERS ROGATORY IN RESPONSE TO
SCHEDULING ORDER RE TRIAL DEPOSITIONS OF WITNESSES**

Defendant Moshe Hananel ("Hananel"), in response to the Court's Scheduling Order of April 14, 2008 (Dkt. # 185), paragraph 5, requiring Hananel to "file all motions (for example seeking letters rogatory) in order to conduct trial depositions of witnesses, other than the 'voluntary' witnesses discussed in paragraph 4," moves the Court to issue the Letters Rogatory attached hereto for the following witnesses.  Hananel is informed and believes that these witnesses cannot be compelled to testify at trial in the United States and only through a deposition can the witness's testimony likely be obtained.

Hananel states that, with the Court's permission, upon the issuance of letters rogatory, he will contact the Israeli witnesses to determine if they will agree to appear by video hookup at trial, and, if satisfied with their agreement, Hananel will offer them that opportunity in lieu of a trial deposition.[1]

In further response to the Court's instruction to explain the relevance and materiality of the witnesses, Hananel attaches hereto as Exhibit 1 a translation of his Affidavit dated December 17, 2006, filed in the Consolidated Israeli Action.  This Affidavit constitutes an outline of his

- 2 -

Macau claim at issue in the present case, as well as in the Consolidated Israeli Action, and also demonstrates the relevance and materiality of the testimony of witnesses identified by Hananel herein, because it shows the inseparability of the events, documents, and witnesses to the formation of the employment agreement in Israel, Adelson's conduct over the employment years of 1995-2000 in recognizing and exploiting Hananel's efforts to find investments and develop casinos throughout the world outside the United States, and the options Adelson contracted to pay Hananel for these efforts, among other relevant evidence.

**LIST OF FOREIGN WITNESSES AS TO WHOM LETTERS ROGATORY ARE REQUESTED AND STATEMENT OF MATERIALITY AND RELEVANCE OF TESTIMONY.**

Hananel's Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) identified 33 witnesses. To the best of his ability, Hananel identifies the following witnesses as reasonably expected to require letters rogatory, and describes their expected testimony, using the same numbering as in his Initial Disclosures (Dkt. # 184), i.e. omitted numbers from the list below represent voluntary witnesses from Hananel's Initial disclosures for which letters rogatory are unnecessary.

1.  <u>Huggatt Elhadad</u> - Israel

Adelson's contracting with Hananel in Israel in 1995, material to jurisdiction. Hananel's work for Adelson from 1995, material to refuting Complaint ¶¶ 19, and supporting key terms of Hananel's employment, including finding investments for Adelson including casino investments in Israel and elsewhere outside the United States, and other matters. *See* Dkt. # 128-1 p. 2 (Israeli affidavit). Hananel attaches hereto a Request for International Judicial Assistance for Huggatt Elhadad as Exhibit 2.

---

[1] Hananel notes that some of the listed witnesses have testified at the trial of the Consolidated Israeli Action in Israel, including by affidavit of direct testimony and cross-examination.

2.  <u>Majali Wahaba</u> - Israel

Hananel's work with Adelson on casino development and other matters. *See* Dkt. # 128-1 p. 4 (Israeli affidavit). Now he is a Deputy Minister of Foreign Affairs. Hananel attaches hereto a Request for International Judicial Assistance for Majali Wahaba as Exhibit 3.

6.  <u>Itach David</u> - Israel

Hananel's work with Adelson (including before December 1995). *See* Dkt. # 56 Exh. 4 (affidavit). Hananel attaches hereto a Request for International Judicial Assistance for Itach David as Exhibit 4.

7.  <u>Oded Efrat</u> – Israel

Mr. Efrat was an IPI employee during the relevant period, and was involved in investments including casino projects and visits to Israel by members of the Nevada Gaming Control Board. His testimony is material to key terms of Hananel's employment, including finding investments for Adelson including casino investments in Israel and elsewhere outside the United States, and other matters. He testified and was cross-examined at trial in the Consolidated Israeli Action. Hananel attaches hereto a Request for International Judicial Assistance for Oded Efrat as Exhibit 5.

8.  <u>Lees Arieh</u> - Israel

Mr. Lees identified projects in the Macau-Zhuhai region of China, and met with Hananel and Adelson before Adelson's first trip to Macau in 1999. His testimony is material to Hananel's initiation of the Macau project and other matters. He gave an affidavit and was cross-examined in the Consolidated Israeli Action. Hananel attaches hereto a Request for International Judicial Assistance for Lees Arieh as Exhibit 6.

10. <u>Koubi Ariel</u> (Arik) - Canada

Mr. Koubi was with Adelson on Adelson's March 2000 visit to Macau. His testimony is material to Hananel's initiation of the Macau project and other matters. He testified and was cross-examined at trial in the Consolidated Israeli Action. Hananel attaches hereto a Request for International Judicial Assistance for Koubi Ariel as Exhibit 7.

12. Dan Tichon – Israel.

Mr. Tichon, a former Speaker of the Knesset, has knowledge of Adelson's involvement in casino projects and Hananel's work with Adelson on casino development and investments and other matters. Hananel attaches hereto a Request for International Judicial Assistance for Dan Tichon as Exhibit 8.

13. Avi Hefetz – Israel

Mr. Heifetz worked for Adelson and IPI on investment projects during the relevant period, including the Africa Israel potential investment and the Eilat casino project, all material to proof of Hananel's work with Adelson on casino development and other matters. *See* Dkt. # 56 Exh. 4 (affidavit). Hananel attaches hereto a Request for International Judicial Assistance for Avi Hefetz as Exhibit 9.

14. Dermod Dwyer - Ireland

Mr. Dwyer has knowledge of Hananel's work with Adelson on casino development and other matters. Hananel attaches hereto a Request for International Judicial Assistance for Dermod Dwyer as Exhibit 10.

15. Kittie Chan – China (Macau)

Mrs. Chan had conversations and meetings with Mr. Adelson and/or his employees or representatives, including in Macau, concerning the Macau project, during the relevant period. Hananel attaches hereto a Request for International Judicial Assistance for Kittie Chan as Exhibit 11.

16.     Melnick Moshe - Israel

Mr. Melnick worked for Interface (later IPI) before Hananel, and has knowledge of Adelson investments in Israel and Hananel's role and work for Adelson and other matters. Hananel attaches hereto a Request for International Judicial Assistance for Melnick Moshe as Exhibit 12.

17.     Richard Suen – China (Hong Kong)

Mr. Suen, who has brought a claim against Adelson to trial in Las Vegas, NV state court arising from Macau casino project (trial beginning April 15, 2008), had extensive dealings with Adelson confirming Adelson's early interest in Macau, as initiated by Hananel, and other matters. Hananel attaches hereto a Request for International Judicial Assistance for Richard Suen as Exhibit 13.


**As noted by Hananel in his Initial Disclosure, the following witnesses have been described by Adelson in the Consolidated Israeli Action as having relevant, material knowledge of the issue of the Macau claim in this case. Hananel does not vouch for their testimony at this time, but reserves the right to seek letters rogatory for trial depositions after Adelson's responses to written discovery.**

18.     Atty. Jorge Neto Valente – China (Macau).

19.     Edmund Ho-Chief Executive of Macau SAR- China (Macau)

23.     Dan Raviv – Israel  Gave affidavit in Consolidated Israeli Action re Macau claim.

24.     Atty. Daniel Chynn – Israel Gave affidavit and was cross-examined in Consolidated Israeli Action re Macau claim.

25.     Doron Bitan – Israel.  Gave affidavit and was cross-examined in Consolidated Israeli Action re Macau claim.

28.     Dr. Jorge Manuel Faria da Costa Oliveira – China (Macau).  Gave affidavit and was cross-examined in Consolidated Israeli Action re Macau claim.

- 6 -

30. <u>David Farbstein</u> – Israel.  Gave affidavit in Consolidated Israeli Action re Macau claim.

31. <u>Ivy Yip</u> – China (Hong Kong).  Gave affidavit in Consolidated Israeli Action re Macau claim.

WHEREFORE, the Court should order the issuance of Letters Rogatory in the form attached hereto for the above witnesses 1, 2, 6-8, 10, 12-17, and permit Hananel to move for letters rogatory as to the remaining mentioned witnesses and others following Adelson's responses to written discovery.

Respectfully submitted,

MOSHE HANANEL,
By His Attorney,

<u>/s/ Lawrence G. Green</u>
Lawrence G. Green (MA Bar # 209060)
BURNS & L;EVINSON LLP
125 Summer Street
Boston, MA 02110
Dated: May 15, 2008                                    617-345-3000

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 15, 2008.
<u>/s/ Lawrence G. Green</u>