IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHELDON G. ADELSON, ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| v. ) | **04-cv-10357-RCL** |
| ) | |
| MOSHE HANANEL, ) | |
| Defendant. ) | |

### MEMORANDUM IN SUPPORT OF THE MOTION OF HANANEL TO RECONSIDER THE COURT ORDER OF JUNE 10, 2008

NOW COMES the Defendant Moshe Hananel ("Hananel"), and submits Defendant's Motion to Reconsider the Court Order of June 10, 2008. Hananel was about to file a Reply Memorandum in response to Plaintiff Sheldon G. Adelson ("Adelson")'s Opposition (Dkt. # 188) ("Opposition") to Hananel's Motion for Letters Rogatory ("Motion") when the June 10, 2008 Order was issued. Hananel moves for reconsideration for the following reasons:

**1.    Adelson Has Not Shown that Depositions of Hananel's Proposed Witnesses Exceed the Broad Scope of the Federal Rules of Civil Procedure.**

Rule 28(b)(2) of the Federal Rules of Civil Procedure provides that a deposition may be taken in a foreign country pursuant to a letter rogatory which may be issued "on appropriate terms after an application and notice of it." Like any other discoverable matter, letters rogatory are subject to a broad relevance standard. Under the liberal discovery provisions of the Federal Rules, a party may inquire through deposition as to matters whose admissibility is not immediately apparent, as long as the inquiry is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(a), 26(b)(1). Here, the issue of Adelson's conduct in recognizing and exploiting Hananel's efforts to find investments and develop casinos throughout the world, and the options Adelson contracted to pay Hananel for these efforts, is significant to

the resolution of this litigation. Each witness identified in Hananel's Motion has personal knowledge concerning Hananel's work with Adelson, including casino development and not limited to high-technology projects as claimed by Adelson, or the course of dealing between the parties. Adelson has not shown why the witness depositions, which are reasonably calculated to lead to the discovery of admissible evidence, are beyond the scope of the Federal Rules of Civil Procedure.

This Court should grant Hananel's Motion because (1) the proposed witnesses have information relevant to the issues in the present case; and (2) Adelson has not shown that depositions of Hananel's proposed witnesses range so far afield as to exceed the scope of the Federal Rules of Civil Procedure. *DBMS Consultants LTD v. Computer Associates Int'l, Inc.*, 131 F.R.D. 367, 368 (D. Mass. 1990). Adelson argues the witnesses' proffered testimony is irrelevant to the present litigation because the witnesses "have nothing to offer on any material disputed issue of fact." Contrary to plaintiff's assertion, relevance does not turn on whether the witnesses can offer material on a disputed issue of fact, even they also do that; rather, the proffered testimony is relevant if it is reasonably calculated to lead to the discovery of admissible evidence.

After Hananel furnished the Israeli court with a list of witnesses, Adelson's attorney approached many of Hananel's witnesses and asked them to give affidavits on his behalf. Adelson also attempted to keep certain witnesses, some of whom are listed as proposed witnesses in the present action, from testifying in the Israeli action.[1] By approaching Hananel's witnesses, Adelson has demonstrated an awareness of the witnesses' relevance despite arguing to

---

[1] Koubi Ariel described to the Israeli Court that he was approached by Adelson's lawyer after he was subpoenaed by Hananel to testify and that he felt threatened by Adelson. *See* Dkt. #189-4 p.15-16.

2

the contrary in his Opposition. Letters rogatory are particularly important so to avoid any further pressure or intimidation of Hananel's witnesses by Adelson

**2.     Adelson Has Failed to Offer a Good Reason to Deny Hananel's Motion.**

It is the opposing party's burden to proffer some good reason for a court to deny an application for letters rogatory. *DBMS Consultants LTD v. Computer Associates Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990) citing *Zassenhaus v. Evening Star Newspaper Co.*, 131 U.S. App. D.C. 384 (D.C. Cir. 1968); *Wright & Miller*, 8 Federal Practice and Procedure § 2083 (3d ed. 2008). Adelson has failed to offer one good reason to deny Hananel's Motion. Adelson argues that letters rogatory should not issue because they are not necessary and because there could be alternative methods of securing the proposed witnesses' testimony. Adelson's arguments are misplaced. First, Rule 28(b) does not require letters rogatory to be necessary prior to a court's issuance. In fact, prior to a 1963 amendment, Rule 28(b) stated that "[a] commission or letters rogatory shall be issued only when necessary and convenient, on application and notice…." The amendment deleted the words "only when necessary or convenient" from that sentence. Thus, necessity is no longer a prerequisite for the issuance of letters rogatory. Moreover, it seems clear that the discretion the courts formerly had in deciding whether to issue a letter rogatory has been considerably reduced. *Wright & Miller*, 8 Federal Practice and Procedure § 2083 (3d ed. 2008).

Second, Adelson has asked this Court to deny Hananel's Motion because Hananel has not explained why less onerous procedures would be inadequate. Adelson's argument is inconsistent with the plain language of Rule 28(b). Rule 28(b) states that a letter of request may be issued on appropriate terms after an application and <u>without a showing that taking the deposition in another manner is impracticable or inconvenient</u>. Accordingly, Hananel is under no obligation to identify and explain, as Adelson contends, why alternative discovery methods are inadequate.

Courts will ordinarily not weigh the evidence to be elicited by deposition and will not determine whether the witness will be able to give the anticipated testimony. *Wright & Miller*, 8 Federal Practice and Procedure § 2083 (3d ed. 2008).  Notwithstanding this point, Adelson repeatedly attempts to discredit each witness's purported testimony in an effort to convince this Court that the testimony is not credible.  According to Massachusetts case law, the credibility of each witness and the weight of the evidence to be elicited are irrelevant in determining whether the court should issue letters rogatory. *DBMS Consultants LTD v. Computer Associates Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990).  Accordingly, Adelson's reliance on the fact that some of the witnesses have submitted affidavits in the Israeli Consolidated Action, and the content therein, is not indicative of the extent of each witness's knowledge and most importantly, not relevant for purposes of determining whether letters rogatory shall issue.

This Court has inherent authority to issue letters rogatory. *DBMS Consultants LTD v. Computer Associates Int'l, Inc.*, 131 F.R.D. 367, 368 (D. Mass. 1990) citing *United States v. Reagan*, 453 F.2d 165, 172 (6th Cir. 1971), cert. denied, 406 U.S. 946 (1972).  Hananel has demonstrated that each witness's purported testimony is well within the liberal interpretation of what constitutes relevant information and he has, according to the plain terms of Rule 28, properly applied for the letters rogatory.  Adelson, on the other hand, has not proffered some good reason to deny Hananel's application for letters rogatory and thus, Hananel's Motion shall be allowed.

Hananal again identifies the following witnesses as reasonably expected to require letters rogatory, and describes their expected testimony.  Generally, Hananel states that none of the proposed witnesses is an employee or relative of Hananel or otherwise under his control and he

4

cannot be sure that any of the enumerated witnesses below will come to the United States voluntarily.  *See* Sorokin Report, IPI page 18, ¶ 2 (Dkt. # 66).

    1.    <u>Huggatt Elhadad</u> – Israel

Information relevant to Hananel's work for Adelson from 1995, which is material to refuting Complaint ¶ 19, and supporting key terms of Hananel's employment, including finding investments for Adelson including casino investments in Israel and elsewhere outside the United States, and other matters.  *See* Dkt. # 128-1 p. 2 (Israeli affidavit).

    2.    <u>Majali Wahaba</u> - Israel

Information relevant to the scope of Hananel's work with Adelson on casino investment and development and other matters.  *See* Dkt. # 128-1 p. 4 (Israeli affidavit).
A letter rogatory may be required by virtue of Mr. Wahaba position as deputy of the Israeli Foreign Ministry.

    6.    <u>Itach David</u> - Israel

Information relevant Hananel's work with Adelson (including before December 1995). *See* Dkt. # 56 Exh. 4 (affidavit).  This witness's testimony will demonstrate the broad scope of Hananel's services performed prior to December 1995 to rebut Adelson's attempts to minimize Hananel's activity.

    7.    <u>Oded Efrat</u> – Israel

Mr. Efrat was an IPI employee during the relevant period, and was involved in investments including casino projects and visits to Israel by members of the Nevada Gaming Control Board.  His testimony is relevant to key terms of Hananel's employment, including finding investments for Adelson including casino investments in Israel and elsewhere outside the United States, and other matters.  After refusing to communicate with Hananel or give an

affidavit in the Israeli Consolidated Action, Hananel was forced to subpoena this witness to testify on the scope of Hananel's responsibilities and activities while working for Adelson.

    8.    <u>Lees Arieh</u> - Israel

Information relevant regarding Hananel's initial discovery of Macau region as a potential location upon which Adelson should invest.  This witness met with Hananel and Adelson before Adelson's first trip to Macau in 1999 and his testimony is relevant to Hananel's initiation of the Macau project and other matters.  Adelson's lawyer approached this witness and asked him to testify on their behalf.  The Israeli court decided that Lees Arieh will serve as Hananel's witness.  By that conduct, Adelson demonstrated his awareness of this witness's relevance to the dispute.

    10.    <u>Koubi Ariel</u> (Arik)  - Canada

Information relevant regarding Adelson's March 2000 visit to Macau.  His testimony is relevant to Hananel's initiation of the Macau project and other matters.  Adelson's attorney and employees contacted Koubi Ariel, and Ariel's father, to stop him from testifying.  Mr. Koubi had to be subpoenaed in the Israeli action.

    12.    <u>Dan Tichon</u> – Israel.

Information relevant to Adelson's involvement on casino projects and Hananel's work with Adelson on casino development and investments and other matters.  Testimony is relevant to further identify the scope of Hananel's employment generally, but more specifically to rebut Adelson's claim that Hananel was hired to locate investments in only high-tech fields.[2]

    13.    <u>Avi Hefetz</u> – Israel

---

[2] Mr. Tichon, ex-speaker of the Kneset (Israeli parliament) and a friend of Hananel's, attended the Israeli trial to support Hananel. The Israeli Courts do not allow a witness to be in the courtroom prior to testifying and therefore Hananel agreed to take Mr. Tichon's affidavit in lieu of his testimony in order to preserve Mr. Tichon's right to attend the trial. Hananel did not voluntary waive Mr. Tichon's testimony as Adelson now contends.

Mr. Hefetz worked for Adelson and IPI on investment projects during the relevant period, including the Africa Israel potential investment and the Eilat casino project, and has information relevant to Hananel's work with Adelson on casino development and other matters. *See* Dkt. # 56 Exh. 4 (affidavit).[3]

    14.    <u>Dermod Dwyer</u> - Ireland

Information relevant to Hananel's involvement in casino development internationally. Mr. Dwyer is a friend of Hananel's, but Mr. Dwyer did not come to Israel and may not come to the United State.

    15.    <u>Kittie Chan</u> – China (Macau, Hong Kong)

Information relevant to the Hananel's initiation of the Macau claim. Mrs. Chan had conversations and meetings with Mr. Adelson and/or his employees or representatives, including and concerning the Macau project, during the relevant period. Kittie Chan was employed by Adelson or one of his companies and has likely signed a confidentiality agreement.

    16.    <u>Melnick Moshe</u> - Israel

Mr. Melnick worked for Interface (later IPI) before Hananel, and has knowledge of Adelson investments in Israel and Hananel's role and work for Adelson and other matters. Mr. Melnick brought a claim against Adelson in Israel on employee-employer relations despite being good friends with Adelson's brother in law in Israel.

    17.    <u>Richard Suen</u> – China (Hong Kong)

---

[3] Israeli court procedure allowed Hananel only eight testifying witnesses at certain stages of the litigation and Hananel was therefore forced to narrow his list of witnesses. Hananel was forced to remove Hefetz as a witness. The court later allowed some witnesses who submitted affidavits to testify. Mr. Hefetz expressed reluctance to appear before both the Israeli and American courts.

Mr. Suen, who has brought a claim against Adelson to trial in Las Vegas, NV state court arising from Macau casino project.[4]  Mr. Suen had extensive dealings with Adelson confirming Adelson's early interest in Macau, as initiated by Hananel, and other matters.

Adelson suggests in his Opposition that even if the witnesses' testimony is deemed to be relevant, "it is not worth the effort required to secure the testimony by letters rogatory." Adelson's opinion with regard to what evidence is worth pursuing, with all due respect, has absolutely no bearing on Hananel's right to defend himself, including the right to engage in discovery and obtain relevant material to the extent allowed by the Federal Rules of Civil Procedure, necessitated by Adelson's initiation of this lawsuit.

### Conclusion

Adelson asserts that it is Hananel's burden to show that letters rogatory are necessary and to demonstrate witness unavailability prior to their issuance.  Hananel is required to meet no such burden.  Adelson, as the party opposing Hananel's Motion, has the burden of furnishing this Court with some good reason to deny Hananel's application for letters rogatory.  Adelson has failed to meet his burden and Hananel's Motion must be granted.  For all the foregoing reasons, this Court should allow Hananel's Motion for Letters Rogatory.

Respectfully submitted,

MOSHE HANANEL,
By His Attorney,

/s/ Lawrence G. Green
Lawrence G. Green (MA Bar # 209060)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
617-345-3000

Dated: June 11, 2008

---

[4] The jury in the Nevada state court action recently awarded Mr. Suen $43.8 million for helping Adelson's casino company win a lucrative gaming license in Macau.

**Certificate of Service**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 11, 2008.

                                             /s/ Lawrence G. Green