UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELDON G. ADELSON,<br><br>               Plaintiff,<br><br>v.<br><br>MOSHE HANANEL,<br><br>               Defendant. | **Civil Action No. 04-cv-10357-RCL**<br>**(Sorokin, U.S.M.J.)**<br><br>ECF Case |

**PLAINTIFF'S OPPOSITION TO**
**HANANEL'S MOTION FOR RECONSIDERATION**

On June 10, after all briefs permitted by the Local Rules had been submitted, this Court denied in part and held in abeyance in part Hananel's Motion for Issuance of Letters Rogatory (Dkt. 187). On June 11, Hananel filed a motion to reconsider (Dkt. 191). Adelson's opposition to that motion is due today, June 25. But on June 24, without giving Adelson the opportunity to respond, this Court granted the motion. Local Rule 7.1(b)(2), "Submission of Opposition to a Motion," provides that "[a] party opposing a motion, shall file an opposition to the motion within fourteen (14) days after service of the motion." Needless to say, Hananel's motion was not unopposed. Thus, it was improper for the Court to grant the motion to reconsider without waiting for Adelson's response.

The June 24 Order was particularly inappropriate because the so-called "motion to reconsider" sought to apply a legal standard completely different from that raised in the original motion and anticipated by this Court's April 14 scheduling order. The scheduling order allowed Hananel to seek letters rogatory for "trial depositions." See Dkt. 185. Likewise, Hananel's motion requested letters rogatory to conduct "trial deposition[s]." Dkt. 187 at 1. Now, Hananel argues that the motion should be granted if "the proffered testimony is . . . reasonably calculated

to lead to the discovery of admissible evidence." Dkt. 192 at 2. Hananel thus appears to be seeking not trial depositions, but discovery depositions. If that is the case, he is bound by Local Rule 26.1(c), which limits each side to ten depositions. (Hananel has requested letters as to twelve witnesses and presumably will seek to depose Adelson and Paul Roberts as well.)

In addition, Hananel's new motion gets the legal standard wrong. The only case he cites as authority for the proposition that a party is entitled to letters rogatory on demand is *DBMS Consultants Ltd. v. Computer Associates International, Inc.*, 131 F.R.D. 367 (D. Mass. 1990). In that case, the court denied the motion for letters rogatory, even though it concluded that the witnesses had discoverable information. *Id.* at 370. The court held that "the expense in money and time of deposing" witnesses overseas was adequate reason to refuse letters rogatory, at least until the movant had attempted a deposition on written questions under Rule 31 and demonstrated the inadequacy of that method. *Id.* at 370; see also *B & L Drilling Elecs. v. Totco*, 87 F.R.D. 543, 545 (W. D. Okla. 1978) ("However, in view of the burden and expense oral depositions in Alberta, Canada would place upon the Plaintiff, the Court concludes that the Defendant should first try to obtain the information it seeks from the witnesses in question by the taking of their depositions on written questions under Rule 31"). Here, Hananel apparently has not even asked the witnesses whether they would cooperate voluntarily, let alone attempted written questioning.

Hananel also ignores the Court's overriding power to control discovery. "[I]t is clear that although Rule 28, Fed.R.Civ.P., does provide that '[a] commission or a letter of request shall be issued on application and notice and on terms that are just and appropriate,' the Rule does not divest a Court of all discretion in the matter." *Horvath v. Deutsche Lufthansa, AG*, No. 02 Civ. 3269(PKC), 2004 WL 241671, at *3 (S.D.N.Y. Feb. 9, 2004) (denying request where the court

2

has "been called upon to balance the value to the trier of fact of a written response to deposition questions (subject to a written cross-examination) against the prejudice to plaintiffs resulting from a delay in allowing this very uncertain process to go forward") (second alteration in original) (citing *In re Bankers Trust Co.*, 775 F.2d 545 (3d Cir. 1985)). Under Rule 26(b)(2),

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule *shall* be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the proposed discovery in resolving the issues.

(Emphasis added.) Specifically, the Rule empowers the Court to deny discovery requests that would cause needless delay. As Judge Lindsay has ruled,

> ***The fact that the back-up tapes are believed to contain relevant documents does not end the inquiry.*** Federal Rule of Civil Procedure 26 was specifically drafted to allow the District Court control over the scope and extent of discovery in light of the burden and cost of such discovery. As stated in the 1993 Advisory Committee note to Rule 26, Section b: "The information explosion of recent decades has greatly increased both the potential cost of wide-ranging discovery and ***the potential for discovery to be used as an instrument for delay*** or oppression . . . The revisions in Rule 26(b)(2) are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery.

*Cognex Corp. v. Electro Scientific Indus., Inc.*, No. Civ.A. 01CV10287RCL, 2002 WL 32309413 (D. Mass. July 2, 2002).

Hananel's request is a textbook example of a discovery effort "used as an instrument for delay," as to which boilerplate about parties' ability to request letters rogatory is inapplicable. In this case, Hananel has done everything possible to stop this case from proceeding to trial. He first tried to move the case to Israel, then attempted to stay it indefinitely, and then proposed a

3

pre-trial schedule in which summary judgment briefing would not end until October 29, 2009. Dkt. 180. Hananel has made no secret of the fact that his strategy is to delay this case until a judgment is reached in the Israeli proceedings. It was for that reason that the Court ordered briefing on Hananel's anticipated request for letters rogatory. The Court recognized that a request for extensive foreign discovery would deserve special scrutiny, given the procedural history of the case, Hananel's expressed desire to delay trial until after the Israeli judgment, and its own finding that the case is "essentially a swearing match" between Adelson and Hananel. Dkt. 135, at 5.

Hananel's motion for reconsideration does nothing to suggest that such discovery is warranted. He does not deny that most of the witnesses cooperated with him voluntarily in the Israeli trial; that those witnesses submitted affidavits, presumably containing all of their knowledge that Hananel believed relevant to the Macau claim; or that most of those affidavits, which are in the record in this case and which we urge the Court to review, say ***nothing relevant to this case***. He merely repeats vague descriptions of the witnesses' expected testimony (though now only five witnesses are expected to testify to "other matters").

In light of the extreme delay his request would cause, it is not enough for Hananel simply to assert, for example, that Majali Wahaba has "[i]nformation relevant to the scope of Hananel's work with Adelson on casino investment and development and other matters." Dkt. 192, at 5. It is undisputed that the only information Wahaba has relates to a casino project in Eilat, Israel, and Hananel's work on that project is neither material to this case nor in dispute. Nor is it sufficient to assert that "he cannot be sure" (Dkt. 192, at 4-5) that Ariel Kouby would not come voluntarily from Canada to Massachusetts, when he previously traveled to Israel to testify on Hananel's behalf. The only plausible explanation for Hananel's insistence on "the complicated, dilatory

4

and expensive system of letters rogatory"[1] is that he seeks delay, an explanation that requires this Court to exercise its discretion under Rule 26(b)(2) to limit discovery.

Hananel's assertion that the witnesses may have relevant discoverable material, even if their testimony is not admissible, also cannot be accepted without at least a representation that Hananel has not had the opportunity to interview these witnesses in Israel. Given that almost all of them submitted affidavits on Hananel's behalf, it is unreasonable to assume, without some further showing, that they have relevant information that Hananel does not already know. Hananel's extensive familiarity with these witnesses' testimony from the Israel case is also a further reason why his vacuous descriptions of their expected testimony are a strong indication that they have nothing relevant to say.

Finally, Hananel makes a number of serious accusations of misconduct, including a charge of witness intimidation. Dkt. 192, at 2-3. These charges are irrelevant to the motion, but we invite the Court to review "Dkt. 189-4 p. 15-16" to see whether it supports Hananel's accusation that Ariel Kouby "felt threatened by Adelson." Dkt. 192, at 2. In fact, Kouby testified the exact opposite:

> Q.    After you had already told the Plaintiff [Hananel] that you would testify for him in the trial didn't you feel threatened to go and talk to the Second Defendant [Adelson]? Weren't you afraid?
>
> A.    I wasn't afraid of talking to him.

Dkt. 189-4, at 8 (page number 113). When Hananel claimed that Adelson had intimidated Kouby, the Israeli court found that Hananel's motion was brought in bad faith. In addition, as noted in our original opposition, the Israeli court condemned *Hananel* for calling Kouby as a

---

[1] *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court*, 482 U.S. 522, 531 (1987) (quoting Sec. of State's Letter to President re: Hague Convention).

5

witness without first seeking an affidavit, in violation of a court order, and then misrepresenting that fact to the court. Dkt. 189-4, at 13 (page number 118).

## CONCLUSION

For all of the foregoing reasons, the Court should reaffirm its ruling denying Hananel's motion for letters rogatory.

June 25, 2008

                              Respectfully submitted,

                              /s/ Andrew H. Schapiro
                              MAYER BROWN LLP
                              Andrew H. Schapiro
                              Christopher J. Houpt
                              1675 Broadway
                              New York, New York  10019
                              (212) 506-2500

                              *Attorneys for Plaintiff*
                              *Sheldon G. Adelson*

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                              /s/ Andrew H. Schapiro

6