**Lawrence G. Green**
(Massachusetts BBO #209060)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
Telephone: 617-345-3000
Facsimile: 617-345-3299
E-mail: lgreen@burnslev.com

Attorneys for Defendant Moshe Hananel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELDON G. ADELSON,<br>Plaintiff,<br><br>v.<br><br>MOSHE HANANEL,<br>Defendant. | Civil Action No.<br>**04-CV-10357-RCL** |

**SUPPLEMENTAL FILING BY DEFENDANT MOSHE HANANEL IN RESPONSE TO COURT ORDER OF JUNE 25, 2008**

Pursuant to the Order of this Court dated June 25, 2008, and in response to the "Supplemental Request for Issuance of Letters Rogatory" filed by the Plaintiff, Sheldon G. Adelson ("Plaintiff" or "Adelson") dated June 26, 2008, the Defendant, Moshe Hananel ("Defendant" or "Hananel") makes this supplemental filing.

Introductory Statement

In its Order of June 25, 2008, this Court made it very clear that the Plaintiff was to limit what was being requested in the letters rogatory "to the[telephone] numbers that show a demonstrable link to the defamation claims that have asserted and not every phone call

that the Defendant and his family have made to the area codes listed." Instead of complying with the precise instruction of this Court, the Plaintiff and his counsel have taken it upon themselves to make a filing that unfortunately demonstrates their continued true intent to vex and harass the Defendant and other third parties. In particular, instead of providing specific telephone numbers within the United States for media with a nexus to the defamation claims, the Plaintiff and his counsel have stated that they want telephone records for all numbers in the United States called by the Defendant, his family members and employees.

It is now over two and one-half years since this litigation has been filed, with the Plaintiff and his counsel having engaged professionals to pursue a worldwide investigation of allegedly defamatory statements made by the Defendant. All that they have been able to identify is one allegedly defamatory statement[1] that allegedly appeared in one Las Vegas newspaper. The Plaintiff and his counsel well know, as this Court should understand, that there are no more allegedly defamatory statements to uncover, and all that they are doing here is to vex and harass.

## Discussion

1. Orly Katav

The Defendant denies that Orly Katav has been responsible for any defamatory statements regarding the Plaintiff, and indeed, the only press release that the Plaintiff has cited clearly does not support any claim of defamation. Nevertheless, the Defendant does

---

[1] Hearing on Motion, March 11,2008 page 13 lines 9-11:" MR SINGER: The defamatory statement specifically that Adelson, a powerful billionaire, sought to take advantage of a blind man in business."

not object to the issuance of letters rogatory to Orly Katav, [2]without waiver of any rights that she might assert under Israeli law, so long as the timeframe of the request is limited. The present request is unlimited in its timeframe. Mrs. Katav has been a witness in the Israeli case and may well be a witness in the 2006 Massachusetts case that Adelson has filed against Hananel. Accordingly, Hananel has a great concern that the present effort is intended to harass Mrs. Katav. Accordingly, the scope of the subjects and the time frame of this request should be "surgical" and limited to the period from mid-December 2003 to the first week of February 2004 only, the period Katav worked for Hananel.

2. Telephone records to be produced by Orange, Bezeq and Zahav

As a preliminary matter and for purposes of full disclosure, Hananel notes that in addition to the telephone numbers listed in Adelson's request, there are three additional numbers in question:

(i) 054878575: this cell phone number is registered in the name of Moshe Hananel
(ii) 067888567: this cell phone number is registered in the name of Moshe Hananel
(iii) 025344164: this number has been registered under the names of Moshe and Tirza Hananel and has been used by both of them, family members and employees.

As to these additional numbers, Hananel incorporates his previous objections, including the objection based on privacy, as set forth in his filing with the Court dated June 23, 2008, and also his objections articulated in this filing and further reserves his right to assert objections in the Israeli proceeding addressing the letters rogatory.

As a second preliminary matter, Hananel takes issue with the requested time frame

[2] The Plaintiff and his counsel have failed to inform the Court that Mrs. Katav actually served as a publicist for the Plaintiff and his companies in Israel during the period 1994 to 2000.

of November 23, 2003 until August 18, 2004. There has been no representation on behalf of Adelson as to the significance of either of these end dates or why this entire interval is needed. The dates that should run from mid-February 2004, when the one allegedly defamatory statement that the Plaintiff have been able to identify over one and one-half years since this litigation has been filed and more than four and one-half years after the alleged defamatory in the publication took place. The only reason that can be for the wide time scope requested by Adelson is fishing for information regarding the Israeli Macau claim (submitted by Hananel on December 17, 2003) and the Massachusetts 2004 Complaint (submitted by Adelson on February 23, 2004) regarding witnesses, attorneys and other people that Hananel and his family had discussed with, much of which is privileged and all of which has nothing to do with this case.

A. Numbers located in the United States

Adelson and his counsel have made no effort whatsoever to limit their request to particular media outlets in the United States that have a "demonstrable link" with the defamation allegations in these proceedings. Instead, by requesting "numbers located in the United States (international country calling code +1), including but not limited to the State of Nevada (area code 702 and 775)", it is clear that Adelson and his counsel are doing nothing more than to continue to vex and harass. As set forth in his original filing, Hananel and his family members and employees could have made or made numerous calls into the United States, including to their attorneys and to witnesses to the various litigations, and there is no basis whatsoever to permit Adelson and his counsel free rein to follow up with all of the parties that would be identified from the phone records.

Once again, this Court's Order of June 25, 2008 was very clear and consistent with

previous instructions by the Court. Adelson was given the opportunity to comply and has not done so. The request for all United States phone information should, therefore, be flatly denied.

B. Yaakov Neeman and personnel of the Herzog, Fox & Neeman law firm

Strikingly, Adelson and his counsel have failed to inform the Court that Yaakov Neeman ("Neeman") and personnel of the Herzog, Fox & Neeman law firm were previously representing Moshe Hananel and also represented Adelson's companies and Adelson himself. Moreover, Adelson has failed to inform this Court that Neeman is actually a close friend of his. Neeman is also someone who has given testimony on behalf of Adelson in Israel. Neeman and members of his firm have no doubt already spoken at length to Adelson and his counsel about what facts, if any, they have to support a defamation claim. From the initial disclosure made by Adelson, it is apparent they have come up with absolutely nothing from these persons; otherwise, they would have referenced alleged defamatory statements made by Hananel to them in either the pleadings or the initial disclosure. In short, there is no need for letters rogatory to issue for phone calls to these persons. Therefore this request should be denied.

C. Goldman Sachs

Hananel believes that Adelson has once again failed to demonstrate any nexus between Goldman Sachs and any defamatory statement, again contrary to the Order of this Court dated June 25, 2008. Goldman Sachs members and management of this firm, have no doubt, due to their close financial relationship with Adelson and his companies, spoken at length to Adelson and his counsel about what facts, if any, they have to support a defamation claim. From the initial disclosure made by Adelson, it is apparent they have

come up with absolutely nothing from these persons; otherwise, they would have referenced alleged defamatory statements made by Hananel to them in either the pleadings or the initial disclosure. In short, there is no need for letters rogatory to issue for phone calls to these persons. Therefore this request should be denied.

D. Macau

Once again, Adelson has failed to demonstrate any nexus between Pinto and other personal of the newspaper "Ponto Final" in Macau and any defamatory statement, again contrary to the Order of this Court dated June 25, 2008. Moreover, this portion of the request is troublesome, because although it literally is worded to make reference to Ricardo Pinto or any other personnel of newspaper Pinto Final in Macau, the request could be misinterpreted to relate to any calls into Macau (country calling code +853). In fact, Hananel made calls into Macau during the time period requested in connection with speaking to persons knowledgeable of his underlying claims against Adelson, the subject of his filing in Israel on December 17, 2003. Adelson should not be able to discover with whom Hananel spoke. The persons in Macau may be witnesses in the Massachusetts 2004 proceeding, and they should not be subject to approaches and potential reprisals by Adelson. As set forth in Hananel's filing of June 23, 2008, Adelson has a history of interfering with witnesses. Accordingly, this portion of the request should be denied or must be strictly limited to Ricardo Pinto and other personnel of the newspaper Ponte Final, so as not to be misconstrued to read all calls into Macau and also restricted in the time scope from January until February 2004.

Conclusion

For the foregoing reasons and for the reasons set forth in his submission dated June

23, 2008, Hananel respectfully requests that this Court substantially narrow the scope of the requested letters rogatory in the manner described above.

MOSHE HANANEL

By His Attorney,

Dated: July 1, 2008

/s/ Lawrence G. Green
Lawrence G. Green (MA Bar # 209060)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
617-345-3000

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 1, 2008.

/s/ Lawrence G. Green

J:\Docs\31216\00002\01259841.DOC