UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELDON G. ADELSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MOSHE HANANEL,<br><br>　　　　　Defendant. | **Civil Action No. 04-cv-10357-RCL**<br>**(Sorokin, U.S.M.J.)**<br><br>**ECF Case** |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

　　　　The deadline for completion of all discovery except for certain trial depositions in this matter is August 15, 2008. Dkt. #185. That deadline was set by the Court on April 15. To date, defendant has conducted no discovery. As of last week, defendant had promulgated no document requests and noticed no depositions, aside from requesting letters rogatory to foreign witnesses whose negligible relevance to the present claims has been demonstrated by their testimony in Israel. On August 7, however – approximately one week before the close of discovery – counsel for defendant emailed a purported deposition notice, seeking to depose Sheldon Adelson on August 15, 2008. On Monday, August 11, plaintiff's counsel notified defense counsel that Mr. Adelson would be unavailable on the 15th and requested a meet-and-confer. The parties met and conferred by phone on August 14, without agreement.

　　　　Federal Rule of Civil Procedure 30(b)(1) requires that a party provide "reasonable notice" for a deposition. That requirement is not satisfied here. Defendant has had since April to notice Mr. Adelson's deposition. As defendant surely knows, Mr. Adelson is an extremely busy chief executive whose schedule is blocked out far in advance. His schedule is full through and well beyond August 15. It is manifestly unreasonable to provide six business days' notice for a

deposition under these circumstances. Accordingly, Mr. Adelson should be excused from any obligation to attend an August 15 deposition and this Court should issue a protective order to that effect. See *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005) (ten days' notice unreasonable where "depositions are to occur virtually hours before the discovery cut-off" and schedules of deponents and lawyers "would be unable to accommodate the belatedly filed notices"); *Al-Kidd v. Gonzales*, No. CV:05-093-S-EJL-MHW, 2008 WL 2788418, at *5 (D. Idaho July 17, 2008) (five days' notice not reasonable for deposition to be held two days before discovery cutoff); *Peterson v. Union Pac. R. Co.*, No. 06-CV-3084, 2007 WL 2701268, at *2 (C.D. Ill. Aug. 23, 2007) (four business days' notice for deposition on the last day of discovery not reasonable); *In re Stratosphere Corp. Secs. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999) (six days' notice not reasonable).

Moreover, Federal Rule 30(a)(2)(B) states that "[a] party must obtain leave of court" before noticing a deposition when "the person to be examined already has been deposed in the case." Adelson has already been deposed in this case by Hananel's counsel, on February 15, 2005. Defendant's notice is therefore facially invalid. See *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192 (1st Cir. 2001) ("Because this second Rule 30(b)(6) subpoena was issued to GEAE without leave of the court, it was invalid."; affirming Judge Lindsay).

It has always been plaintiff's position that no further discovery is needed, given that this case is essentially a "swearing contest" between two witnesses. The issues in dispute have been the subject of discovery and testimony in Israel, and both Mr. Adelson and Mr. Hananel have

already given lengthy, substantive depositions in this very case.[1]  Plaintiff has not sought any additional discovery from defendant.

There is absolutely no excuse for defendant's delay in noticing the deposition.  See *Widhelm v. Wal-Mart Stores, Inc.*, 162 F.R.D. 591, 593 (D. Neb. 1995) ("Courts consistently hold that parties are not entitled to relief from progression order deadlines when the parties have been lax in the conduct of discovery. . . .  Adherence to reasonable deadlines is therefore critical to maintaining integrity in court proceedings.").  Indeed, it is difficult to avoid the conclusion that this is simply an effort to harass Mr. Adelson and/or to further delay the progress of this case.  Plaintiff therefore will oppose any request by defendant to extend the discovery deadline.  See *Washburn v. Lavoie*, 437 F.3d 84, 93 (D.C. Cir. 2006) (affirming denial of motion to compel where movant "did not file this motion until two weeks before the February 27, 2004 discovery deadline" and "could have sought his deposition and investigated any information he learned from the deposition well before discovery was set to close") (quoting Magistrate Judge's Report); *Bethea v. Comcast*, 218 F.R.D. 328, 331-32 (D.D.C. 2003) ("It is illogical to deduce that plaintiff would be permitted to file a motion to compel so late in the discovery process that it might not even be fully briefed before the discovery period closed or that, even if I had ruled without waiting for a reply, I could not have ruled until the very day discovery ended."); *MedFirst Corp. v. Cmty. Health Plan of the Rockies, Inc.*, 143 Fed. App'x 146, at *6 (11th Cir. 2005) (affirming denial of joint motion to extend discovery where parties had not noticed depositions until "a few weeks prior to the July 28, 2004 deadline"); *Widhelm*, 162 F.R.D. at 593 (denying plaintiff's request for extension where deposition was not noticed until last weekday before defense counsel's vacation, five business days before close of discovery).

---

[1]  Although the ostensible topic was jurisdiction, Adelson's full-day deposition also ranged over the merits.

## CONCLUSION

For all of the reasons stated above, the Court should grant Plaintiff's Motion for a Protective Order.

August 14, 2008

                                       Respectfully submitted,

                                       /s/ Andrew H. Schapiro_____
                                       MAYER BROWN LLP
                                       Andrew H. Schapiro
                                       Christopher J. Houpt
                                       1675 Broadway
                                       New York, New York 10019
                                       (212) 506-2500

                                       *Attorneys for Plaintiff*
                                       *Sheldon G. Adelson*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                       /s/ Andrew H. Schapiro_____
                                       Andrew H. Schapiro