IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELDON G. ADELSON,<br>Plaintiff,<br><br>v.<br><br>MOSHE HANANEL,<br>Defendant. | Civil Action No.<br><br>**04-cv-10357-RCL** |

Plaintiff SHELDON G. ADELSON ("Plaintiff") and Defendant MOSHE HANANEL ("Defendant") submit this Joint Status Report regarding trial depositions pursuant to this Court's April 14, 2008 Order (Dkt. #185):

Plaintiff states that he has not sought to take any trial depositions.

Defendant states the following:

1.  The Court signed Hananel's Requests for Judicial Assistance ("Requests") on or about June 30, 2008 for the following individuals:

    a.  Huggatt Elhadad, Israel;

    b.  Majali Wahabi, Israel;

    c.  Itach David, Israel;

    d.  Oded Efrat, Israel;

    e.  Lees Arieh, Israel;

    f.  Koubi Ariel, Canada

    g.  Dan Tichon, Israel

    h.  Avi Hefetz, Israel

    i.  Dermod Dwyer, Ireland

   j.  Kittie Chan, Macau

  2.  The Defendant diligently attempted to obtain the necessary paperwork from the Court to effectuate service of the Requests, including an Apostille and certified copies of the Order allowing Defendant's Motion for Letters Rogatory, each stamped with the Court's seal. The Court personnel, noting that this was an international service-related issue, directed the Defendant to the United States Marshals Service. The U.S. Marshals Service told counsel for the Defendant that it had subcontracted service-related work to a Seattle company called Process Forwarding International. The Seattle-based company ultimately referred the Defendant to Legal Language Services ("LLS"), an International Support Firm specializing in outbound service issues.

  3.  On or about July 14, 2008, the Defendant's counsel contacted LLS wherein she was told that the Requests that Defendant had submitted to this Court to sign would not be acknowledged in all of the requested countries and suggested the Defendant resubmit its Request using the Model Letter of Request as provided by the Hague Convention.

  4.  Accordingly, the Defendants submitted Revised Letters of Request using the Hague Convention's model letter on July 25, 2008. The Court allowed the Revised Requests for on or about July 30, 2008.

  5.  On August 5, 2008, the Defendant sent the Revised Requests and accompanying paperwork to the central authorities in Israel, China, Hong Kong and Canada. On August 7, 2008, the Defendant sent a revised Request and accompanying paperwork to the central authority in Macau.

6. Despite its continued efforts, the Defendant has not been able to obtain a complete address for Mr. Dermod Dwyer in Ireland and therefore has not been able to serve the central authority in Ireland with the Revised Request.

7. Pursuant to the Requests Defendant's counsel, Lawrence Green, Esq., shall receive a copy of each executed Request.

8. To date, Defendant's counsel has not received copies of any executed Requests. While The Hague Convention on Taking Evidence requires countries to execute service on their citizens "expeditiously," the general estimate of six months to a year to execute the request can be expected. *Hague Convention on Taking Evidence*, Article 9; see also Ristau, Sec. 5-2-2(3), p. 192 (1995, Supp.); Born & Westin, 312 and Moore's Federal Practice, 3d, Sec. 28.12[7].

9. The Defendant has acted reasonably and diligently to obtain and transmit the necessary paperwork to the requested countries who, in turn, will effectuate service on their citizens.

DATED: September 10, 2008

                                   Attorneys for Plaintiff SHELDON G. ADELSON
                                   **MAYER BROWN LLP**

                                   By:    /s/ Andrew H. Schapiro
                                             Andrew H. Schapiro
                                             Christopher J. Houpt

                                   Attorney for Defendant MOSHE HANANEL
                                   **BURNS & LEVINSON LLOP**

                                   By:    /s/ Lawrence G. Green
                                             Lawrence G. Green